COLLATERAL,CONFLICT–FD,INTAPP,MAGAPP,PBrecused,SMrecused

# U.S. District Court
# District of New Hampshire (Concord)
# CRIMINAL DOCKET FOR CASE #: <u>1:21–cr–00041–JL</u>–1

Case title: USA v. Freeman et al                    Date Filed: 03/15/2021

Assigned to: Judge Joseph N.
Laplante

**<u>Defendant (1)</u>**

**Ian Freeman**                    represented by    **Mark L. Sisti**
*formerly known as*                                 Sisti Law Offices
Ian Bernard                                         387 Dover Rd
                                                    Chichester, NH 03258
                                                    603 224–4220
                                                    Email: info@sistilawoffices.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*
                                                    *Designation: Retained*

                                                    **Richard Guerriero**
                                                    Lothstein Guerriero
                                                    39 Central Sq, Ste 202
                                                    Keene, NH 03431
                                                    603 352–5000
                                                    Email: richard@nhdefender.com
                                                    *ATTORNEY TO BE NOTICED*

**<u>Pending Counts</u>**                          **<u>Disposition</u>**

18 U.S.C. §§ 371, 1960(a) and
(b)(1)(B) – Conspiracy to Operate
Unlicensed Money Transmitting
Business
(1s)

18 U.S.C. §§ 1960(a) and
(b)(1)(B) and (C) – Operation of
Unlicensed Money Transmitting
Business
(2s)

18 U.S.C. §§ 1343, 1344, 1349 –
Conspiracy to Commit Wire
Fraud and Bank Fraud
(4s)

18 U.S.C. §§ 1343 – Wire Fraud
(5s–20s)

18 U.S.C. § 1956(a)(3)(B) –
Money Laundering
(21s)

18 U.S.C. § 1957 – Money
Laundering
(22s–27s)

18 U.S.C. § 1956(h) – Conspiracy
to Commit Money Laundering
(28s)

26 U.S.C. § 7201 – Attempt to
Evade or Defeat Tax
(29s–32s)

18 U.S.C. § 225 – Continuing
Financial Crimes Enterprise
(33s)

**Highest Offense Level
(Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18 U.S.C. §§ 371, 1960(a) and (b)(1)(B) – Conspiracy to Operate Unlicensed Money Transmitting Business (1) | Superseding Indictment filed 4/25/2022. |
| 18 U.S.C. §§ 1960(a) and (b)(1)(B) and (C) – Operation of Unlicensed Money Transmitting Business (2) | Superseding Indictment filed 4/25/2022. |
| 18 U.S.C. §§ 1343, 1349 – Conspiracy to Commit Wire Fraud (4) | Superseding Indictment filed 4/25/2022. |
| 18 U.S.C. § 1343– Wire Fraud (5–7) | Superseding Indictment filed 4/25/2022. |
| 18 U.S.C. § 1343– Wire Fraud (10) | Superseding Indictment filed 4/25/2022. |
| 18 U.S.C. § 1343– Wire Fraud (14–15) | Superseding Indictment filed 4/25/2022. |
| 18 U.S.C. § 225 – Continuing Financial Crimes Enterprise (19) | |

18 U.S.C. § 1956(a)(3)(B) –
Money Laundering
(20)

**Highest Offense Level**
**(Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

| USA | | represented by | **Georgiana MacDonald** |
|---|---|---|---|

represented by **Georgiana MacDonald**
US Attorney's Office (NH)
James C Cleveland Federal Bldg
53 Pleasant St, 4th Flr
Concord, NH 03301
603 230–2582
Email: georgiana.macdonald@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Seth R. Aframe**
US Attorney's Office (NH)
James C Cleveland Federal Bldg
53 Pleasant St, 4th Flr
Concord, NH 03301
603 230–2532
Email: seth.aframe@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**John J Kennedy**
DOJ–USAO
53 Pleasant Street
Ste 4th Floor
Concord, NH 03301
603–225–1552
Email: john.kennedy2@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Michael T. McCormack**
US Attorney's Office (NH)
James C Cleveland Federal Bldg
53 Pleasant St, 4th Flr
Concord, NH 03301

603 225–1552
Email: michael.mccormack2@usdoj.gov

| Date Filed | # | Docket Text |
|---|---|---|
| 03/15/2021 | 1 | **INDICTMENT as to Ian Freeman (1) count(s) 1, 2, 4, 5–7, 10, 14–15, 19, 20, with Notice of Forfeiture, Colleen Fordham (2) count(s) 1, 4, 11–13, Renee Spinella (3) count(s) 1, 4, 8, 10, Andrew Spinella (4) count(s) 1, 4, 9, FNU Nobody (5) count(s) 1, 4, 16–18, Aria DiMezzo (6) count(s) 1, 3.** *Original document available in clerks office.* **(cmp)** Modified on 3/16/2021 to : UNSEAL (bt). Modified on 3/18/2021 to add Notice of Forfeiture text (jb). (Entered: 03/16/2021) |
| 03/15/2021 | 3 | MOTION to Seal Case at Level II until defendant is taken into custody by USA as to Ian Freeman, Colleen Fordham, Renee Spinella, Andrew Spinella, FNU Nobody, Aria DiMezzo. (cmp) (Entered: 03/16/2021) |
| 03/15/2021 | | **ENDORSED ORDER granting 3 Motion to Seal Case at Level II as to Ian Freeman (1), Colleen Fordham (2), Renee Spinella (3), Andrew Spinella (4), FNU Nobody (5), Aria DiMezzo (6).** *Text of Order: Granted.* **So Ordered by Magistrate Judge Andrea K. Johnstone. (cmp)** (Entered: 03/16/2021) |
| 03/15/2021 | 4 | Praecipe for Warrant by USA as to Ian Freeman. (cmp) (Entered: 03/16/2021) |
| 03/15/2021 | | Arrest Warrant Issued as to Ian Freeman, Colleen Fordham, Renee Spinella, Andrew Spinella, FNU Nobody, Aria DiMezzo. Original warrant and copies to US Marshal and US Probation.(cmp) (Entered: 03/16/2021) |
| 03/16/2021 | | Arrest of Ian Freeman. (bt) (Entered: 03/16/2021) |
| 03/16/2021 | | Case unsealed as to Ian Freeman, Colleen Fordham, Renee Spinella, Andrew Spinella, FNU Nobody, Aria DiMezzo. NOTICE to Attorneys of Record: The case has been unsealed. All defendants are in custody. All future pleadings shall be filed in accordance with this district's Administrative Procedures for Electronic Case Filing. (bt) (Entered: 03/16/2021) |
| 03/16/2021 | | NOTICE OF HEARING as to Ian Freeman. Initial Appearance/Arraignment via video conference set for 3/16/2021 04:30 PM before Magistrate Judge Andrea K. Johnstone. (bt) (Entered: 03/16/2021) |
| 03/16/2021 | 10 | **PUBLIC ACCESS FINDINGS as to Ian Freeman. So Ordered by Magistrate Judge Andrea K. Johnstone. (bt)** (Entered: 03/16/2021) |
| 03/16/2021 | | ORAL: Consent to Video/Telephonic Conference and Waiver of Right to Appear in Person for Initial Appearance Fed. R. Crim. P. 5, Arraignment Fed. R. Crim. P. 10, as to Ian Freeman. (bt) (Entered: 03/17/2021) |
| 03/16/2021 | | **ENDORSED ORDER approving: ORAL Consent to Video/Telephonic Conference Waiver to Appear in Person.** *Text of Order: Approved* **So Ordered by Magistrate Judge Andrea K. Johnstone. (bt)** (Entered: 03/17/2021) |
| 03/16/2021 | | Minute Entry for proceedings held before Magistrate Judge Andrea K. Johnstone: INITIAL APPEARANCE and ARRAIGNMENT via video conference as to Ian Freeman (1) Count 1,2,4,5–7,10,14–15,19,20 held on 3/16/2021. Defendant consented to a hearing by video and waived an in–court hearing. Defendant advised of rights & charges, waived reading of indictment, and pled not guilty. Prosecutor's Brady disclosure obligations confirmed. Upon motion of the government defendant is |

| | | |
|---|---|---|
| | | temporarily detained pending detention hearing on 3/19/2021. Trial Date: 5/4/2021, 7–10 Days. Case is assigned to the Complex Case Track. (Court Reporter: Brenda Hancock) (Govt Atty: Georgiana MacDonald) (Defts Atty: Mark Sisti) (USP: Eric Gray)(Total Hearing Time: 14 Minutes) (bt) (Entered: 03/17/2021) |
| 03/16/2021 | | **ENDORSED ORDER As to Ian Freeman: Pursuant to FRCrP 5. In compliance with the Due Process Protections Act, the court issues the following Order: Consistent with Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, the United States is ordered to disclose all exculpatory information, in a timely manner, to the defendant. This information includes, but is not limited to, evidence that is material and is favorable to the accused. The failure to discharge this obligation may result in consequences, including the reversal of any conviction, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings and/or sanctions by the court. So Ordered by Magistrate Judge Andrea K. Johnstone. (bt)** (Entered: 03/17/2021) |
| 03/16/2021 | 27 | **ORDER OF TEMPORARY DETENTION as to Ian Freeman. Detention Hearing via video conference set for 3/19/2021 03:00 PM before Magistrate Judge Andrea K. Johnstone. So Ordered by Magistrate Judge Andrea K. Johnstone. (bt)** (Entered: 03/17/2021) |
| 03/19/2021 | 32 | Consent to Video/Telephonic Conference & Waiver of Right to Appear in Person by Ian Freeman (Sisti, Mark) (Entered: 03/19/2021) |
| 03/19/2021 | 33 | **PUBLIC ACCESS FINDINGS as to Ian Freeman. So Ordered by Magistrate Judge Andrea K. Johnstone. (kad)** (Entered: 03/19/2021) |
| 03/19/2021 | 34 | Arrest Warrant Returned Executed on 3/16/2021 as to Ian Freeman.(jb) (Entered: 03/19/2021) |
| 03/19/2021 | | Minute Entry for proceedings held before Magistrate Judge Andrea K. Johnstone: DETENTION HEARING via Video as to Ian Freeman held on 3/19/2021. The defendant consented to a hearing by video and waived an in–court hearing. Detention hearing held. The court took the matter under advisement. (Court Reporter: Brenda Hancock) (Govt Atty: Georgiana MacDonald, Seth Aframe) (Defts Atty: Mark Sisti) (USP: Karin Hess)(Total Hearing Time: 1 hr. 4 min.) (kad) (Entered: 03/19/2021) |
| 03/23/2021 | | TRIAL NOTICE: Jury Selection/Trial set for two week period beginning 5/4/2021 at 09:30 AM before Judge Joseph N. Laplante. Final Pretrial Conference set for 4/26/2021 09:00 AM before Judge Joseph N. Laplante. JERS Statement due 4/26/2021.Any motion to continue shall be filed 1 week before the Final Pretrial Conference or the Final Pretrial will be held as scheduled. In addition to various filing deadlines contained in the local rules, the parties shall also file any in limine motions no later than 10 days prior to the Final Pretrial Conference. Objections to motions in limine shall be filed no later than 3 days prior to the final pretrial conference.(cmp) (Entered: 03/23/2021) |
| 03/23/2021 | | NOTICE OF HEARING as to Ian Freeman. In Chambers Conference via Video (Counsel Only) set for 3/24/2021 11:00 AM before Magistrate Judge Andrea K. Johnstone. (kad) (Entered: 03/23/2021) |
| 03/24/2021 | | Minute Entry for proceedings held before Magistrate Judge Andrea K. Johnstone: In Chambers Conference via Video (counsel only) as to Ian Freeman held on 3/24/2021. (Court Reporter: Brenda Hancock) (Govt Atty: Georgiana MacDonald, Seth Aframe) (Defts Atty: Mark Sisti)(Total Hearing Time: 6 min.) (kad) (Entered: 03/24/2021) |

| | | |
|---|---|---|
| 03/24/2021 | | **ENDORSED ORDER re Trial Status. This case is scheduled for trial in May, 2021. On or before 4/5/2021, counsel shall file either a motion to continue or, if the case is ready to proceed to trial as scheduled, a Joint Trial Status Report. Counsel shall meet and confer, and defense counsel shall confer with the defendant, prior to making any submission pursuant to this order. The information provided in the Joint Trial Status Report will be used to assign this case priority on the May trial list. So Ordered by Judge Joseph N. Laplante. (jb)** (Entered: 03/24/2021) |
| 03/24/2021 | | NOTICE OF HEARING as to Ian Freeman, Colleen Fordham, Renee Spinella, Andrew Spinella, Nobody, Aria DiMezzo. In Chambers Video–Conference (re: Complex Criminal Case) set for 4/2/2021 at 03:30 PM before Judge Joseph N. Laplante. (cmp) (Entered: 03/24/2021) |
| 03/29/2021 | 40 | **ORDER OF DETENTION PENDING TRIAL as to Ian Freeman. So Ordered by Magistrate Judge Andrea K. Johnstone. (jb)** (Entered: 03/29/2021) |
| 03/31/2021 | 41 | NOTICE OF ATTORNEY APPEARANCE John J Kennedy appearing for USA. Attorney John J Kennedy added to party USA(pty:pla).(Kennedy, John) (Entered: 03/31/2021) |
| 04/05/2021 | | RESCHEDULING NOTICE OF HEARING as to Ian Freeman, Colleen Fordham, Renee Spinella, Andrew Spinella, Nobody, Aria DiMezzo. In Chambers Scheduling Conference (re: Complex Criminal case)(Counsel only) set for 4/8/2021 at 03:00 PM before Judge Joseph N. Laplante. (cmp) (Entered: 04/05/2021) |
| 04/07/2021 | 45 | FILED IN ERROR. REPLACED BY DOC 46 – APPEAL OF MAGISTRATE JUDGE DECISION in Misdemeanor case to District Court by Ian Freeman (Filing fee $ 39, receipt number ANHDC–2100701.) (Sisti, Mark) Modified on 4/8/2021 to add: FILED IN ERROR. REPLACED BY DOC 46 (cmp). (Entered: 04/07/2021) |
| 04/08/2021 | | NOTICE of ECF Filing Error re: 45 Appeal of Magistrate Judge Decision (Misdemeanor) to District Court filed by Ian Freeman. Filer used wrong event. Filer shall refile using the *Motion event and ask for appropriate releif, i.e. (to Revoke Detention Order)* and enter in docket text: *Replaces document no. 45*. If the filing party has any questions concerning this notice, please contact the judge's case manager at 603–225–1488. (cmp) (Entered: 04/08/2021) |
| 04/08/2021 | 46 | MOTION Motion to Revoke Magistrate Judge Detention Order re 40 Order of Detention by Ian Freeman. **HEARING REQUESTED.**Follow up on Objection on 4/22/2021. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Sisti, Mark) (Entered: 04/08/2021) |
| 04/08/2021 | 47 | MOTION Motion for Refund of Filing Fee by Ian Freeman.Follow up on Objection on 4/22/2021. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Sisti, Mark) (Entered: 04/08/2021) |
| 04/08/2021 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: In Chambers Conference as to Ian Freeman, Colleen Fordham, Renee Spinella, Andrew Spinella, Nobody, Aria DiMezzo held on 4/8/2021 (Govt Atty: Seth Aframe, AUSA, Georgiana MacDonald, AUSA, John Kennedy, AUSA) (Defts Atty: Mark Sisti, Esq., Matthew Stachowske, Esq., Kirsten Wilson, Esq., John Newman, Esq., Patrick Richard, Esq., Richard Guerriero, Esq.)(Total Hearing Time: 20 minutes)(CJA Time: 30 minutes). Further In Chambers Conference re: Complex criminal case to be set in 60 days. (cmp) (Entered: 04/08/2021) |

| 04/08/2021 | | NOTICE OF HEARING as to Ian Freeman, Colleen Fordham, Renee Spinella, Andrew Spinella, Nobody, Aria DiMezzo. Further In Chambers Video–Conference (Counsel only) re: Complex Criminal Case (pursuant to LCrR 10.2) set for 6/8/2021 at 04:00 PM before Judge Joseph N. Laplante. (cmp) (Entered: 04/08/2021) |
| --- | --- | --- |
| 04/21/2021 | 48 | Assented to MOTION to Continue Trial 6 Months (Waiver of Speedy Trial to be filed conventionally)by USA as to Ian Freeman, Colleen Fordham, Renee Spinella, Andrew Spinella, Nobody, Aria DiMezzo. (MacDonald, Georgiana) (Entered: 04/21/2021) |
| 04/22/2021 | 49 | OBJECTION by USA as to Ian Freeman re 46 MOTION Motion to Revoke Magistrate Judge Detention Order re 40 Order of Detention . (Attachments: # 1 Exhibit)(MacDonald, Georgiana) (Entered: 04/22/2021) |
| 04/22/2021 | | **ENDORSED ORDER granting 48 Motion to Continue Trial in the interest of justice as to Ian Freeman (1), Colleen Fordham (2), Renee Spinella (3), Andrew Spinella (4), Nobody (5), Aria DiMezzo (6).** *Text of Order: Granted. The court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial, 18 U.S.C. § 3161(h)(7)(B)(iv), for the reasons set forth in the motion.* **So Ordered by Judge Joseph N. Laplante. Final Pretrial Conference reset for 10/26/2021 09:00 AM before Judge Joseph N. Laplante. JERS Statement due 10/26/2021. Jury Selection/Trial set for two week period beginning 11/2/2021 09:30 AM before Judge Joseph N. Laplante. Waiver of Speedy Trial due 5/6/2021. (cmp)** (Entered: 04/23/2021) |
| 04/22/2021 | | **ENDORSED ORDER granting 47 MOTION for Refund of Filing Fee as to Ian Freeman (1).** *Text of Order: Granted.* **So Ordered by Judge Joseph N. Laplante. (cmp)** (Entered: 04/23/2021) |
| 04/22/2021 | | **ENDORSED ORDER re 46 MOTION Motion to Revoke Magistrate Judge Detention Order re 40 Order of Detention as to Ian Freeman (1).** *Text of Order: The Clerk shall schedule a hearing.* **So Ordered by Judge Joseph N. Laplante. (cmp)** (Entered: 04/23/2021) |
| 04/23/2021 | 50 | REPLY TO OBJECTION to Motion by Ian Freeman re 46 MOTION Motion to Revoke Magistrate Judge Detention Order re 40 Order of Detention . (Sisti, Mark) (Entered: 04/23/2021) |
| 04/26/2021 | | NOTICE OF VIDEO–CONFERENCE HEARING ON MOTION as to Ian Freeman re: 46 MOTION to Revoke Magistrate Judge Detention Order re 40 Order of Detention . Video–Conference Motion Hearing set for 5/3/2021 at 01:30 PM before Judge Joseph N. Laplante. (cmp) (Entered: 04/26/2021) |
| 04/26/2021 | 51 | Assented to MOTION for Protective Order by USA as to Ian Freeman, Colleen Fordham, Renee Spinella, Andrew Spinella, Nobody, Aria DiMezzo. (Attachments: # 1 Proposed Order) (MacDonald, Georgiana) (Entered: 04/26/2021) |
| 04/28/2021 | 52 | Waiver of Speedy Trial by Ian Freeman (Sisti, Mark) (Entered: 04/28/2021) |
| 04/29/2021 | | **RESCHEDULING NOTICE OF HEARING ON MOTION** as to Ian Freeman re: 46 MOTION Motion to Revoke Magistrate Judge Detention Order re 40 Order of Detention. Motion Hearing via video–conference set for 5/10/2021 at 02:00 PM before Judge Joseph N. Laplante. (jb) (Entered: 04/29/2021) |
| 04/29/2021 | | |

| | | |
|---|---|---|
| | | **ENDORSED ORDER granting 51 Assented to Motion for Protective Order as to Ian Freeman (1), Colleen Fordham (2), Renee Spinella (3), Andrew Spinella (4), Nobody (5), Aria DiMezzo (6).** *Text of Order: Granted.* **So Ordered by Judge Joseph N. Laplante. (jb)** (Entered: 04/30/2021) |
| 04/29/2021 | 53 | **PROTECTIVE ORDER re documents produced in discovery as to Ian Freeman, Colleen Fordham, Renee Spinella, Andrew Spinella, Nobody, Aria DiMezzo. So Ordered by Judge Joseph N. Laplante. (jb)** (Entered: 04/30/2021) |
| 05/10/2021 | 56 | ADDENDUM (Exhibits) to 46 MOTION Motion to Revoke Magistrate Judge Detention Order re 40 Order of Detention by Ian Freeman. (Main Document, Exhibit 1 – 11.10.17 Letter, Attachments: # 1 Exhibit 2, 11.15.17 bank statement)(cmp) (Entered: 05/11/2021) |
| 05/10/2021 | 57 | ADDENDUM (Exhibit – 7.13.18 Letter)to 49 Objection to Motion by USA as to Ian Freeman. (cmp) (Entered: 05/11/2021) |
| 05/10/2021 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: MOTION HEARING as to Ian Freeman held on 5/10/2021 re 46 MOTION to Revoke Magistrate Judge Detention Order re 40 Order of Detention . Counsel to provide proposed release conditions for the court to review by noon on Thursday 5.13.2021. (Court Reporter: Liza W. Dubois) (Govt Atty: Georgiana Konesky, AUSA, Seth Aframe AUSA) (Defts Atty: Mark Sisti, Esq.) (USP: Karin Hess)(Total Hearing Time: 1 hour 25 minutes) (cmp) (Entered: 05/11/2021) |
| 05/12/2021 | 60 | Government's Response to Request for Proposed Release Conditions by USA as to Ian Freeman (Attachments: # 1 Exhibit NIBT Account Application, # 2 Exhibit Proposed Order Setting Conditions of Release)(Kennedy, John) Modified on 5/13/2021 to remove co–defendant names: (jb). (Entered: 05/12/2021) |
| 05/13/2021 | 61 | RESPONSE to Motion by Ian Freeman re 46 MOTION Motion to Revoke Magistrate Judge Detention Order re 40 Order of Detention *Defendant's Comment on Government's Proposed Release Conditions Pleading.* (Sisti, Mark) (Entered: 05/13/2021) |
| 05/13/2021 | | **ENDORSED ORDER as to Ian Freeman re 60 Government's Response to Request for Proposed Release Conditions.** *Text of Order: Counsel shall confer and jointly coordinate with the court for a reconvened detention review hearing next week. The court will make itself available at a time that works for counsel and the detention facility to conduct a videoconference hearing.* **So Ordered by Judge Joseph N. Laplante. (jb)** (Entered: 05/13/2021) |
| 05/18/2021 | 66 | BILL OF PARTICULARS by USA as to Ian Freeman, Colleen Fordham, Renee Spinella, Andrew Spinella, Nobody, Aria DiMezzo (MacDonald, Georgiana) (Entered: 05/18/2021) |
| 05/18/2021 | | NOTICE OF FURTHER HEARING ON MOTION as to Ian Freeman re: 46 MOTION Motion to Revoke Magistrate Judge Detention Order re 40 Order of Detention . FURTHER Motion Hearing/ Review of Detention status set for 5/20/2021 02:00 PM before Judge Joseph N. Laplante. (cmp) (Entered: 05/18/2021) |
| 05/20/2021 | | **ENDORSED ORDER as to Ian Freeman, Colleen Fordham, Renee Spinella, Andrew Spinella, Nobody, Aria DiMezzo reviewing 66 Bill of Particulars.** *Text of Order: Reviewed.* **So Ordered by Judge Joseph N. Laplante. (jb)** (Entered: 05/20/2021) |

| | | |
|---|---|---|
| 05/20/2021 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: MOTION HEARING as to Ian Freeman held on 5/20/2021 re 46 MOTION to Revoke Magistrate Judge Detention Order re 40 Order of Detention .Order to issue. (Court Reporter: Liza W. Dubois) (Govt Atty: Seth Aframe, AUSA, John Kennedy, AUSA) (Defts Atty: Mark Sisti, Esq.) (USP: Karin Hess)(Total Hearing Time: 21 minutes) (cmp) (Entered: 05/21/2021) |
| 05/21/2021 | | CLERK'S NOTICE – **No Waiver of Speedy Trial Filed. The defendants are directed to file Waivers of Speedy Trial within 10 days of this notice.** Waiver of Speedy Trial due 6/1/2021. (jb) (Entered: 05/21/2021) |
| 05/21/2021 | 67 | **ORDER Setting Conditions of Release as to Ian Freeman. So Ordered by Judge Joseph N. Laplante. (cmp)** (Entered: 05/21/2021) |
| 05/21/2021 | 68 | COLLATERAL ITEM RECEIPT no. 584 as to Ian Freeman for Passport issued to Mark L. Sisti, Esq.(jb) (Entered: 05/21/2021) |
| 05/21/2021 | 69 | COLLATERAL ITEM RECEIPT no. 585 as to Ian Freeman for Passport issued to Mark L. Sisti, Esq.(jb) (Entered: 05/21/2021) |
| 05/21/2021 | | Cash Bond Fee paid: $ 200,000 (Cashier's Check: 208921105), receipt number 14649020474 as to Ian Freeman re Order Setting Conditions of Release. (cmp) (Entered: 05/25/2021) |
| 05/25/2021 | 70 | **AMENDED ORDER Setting Conditions of Release as to Ian Freeman (to include Judge Laplante's hand written notes.) So Ordered by Judge Joseph N. Laplante. (cmp)** (Entered: 05/25/2021) |
| 06/04/2021 | 81 | Re−filed as doc. no. 82 – Motion to Join document #80 by Ian Freeman (Sisti, Mark) Modified on 6/7/2021 to add re−filed text (jb). (Entered: 06/04/2021) |
| 06/07/2021 | | NOTICE of ECF Filing Error re: 81 Motion to Join #81 filed by Ian Freeman. Filer used wrong event. Filer shall refile using the *Motion for Miscellaneous Relief* event and text in relief requested. The filer shall re−file and and enter *Replaces document no. 81* . If the filing party has any questions concerning this notice, please contact the judge's case manager at 603−369−5374.Compliance Deadline set for 6/9/2021. (jb) (Entered: 06/07/2021) |
| 06/07/2021 | 82 | Motion to Join re 80 Motion to Modify Conditions of Release, replaces document 81 by Ian Freeman. Follow up on Objection on 6/21/2021. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Sisti, Mark) Modified on 6/8/2021 to modify text of document title (ko). Modified on 6/8/2021 to add re−filed text (jb). (Entered: 06/07/2021) |
| 06/08/2021 | 83 | Certification re Assent to 82 Motion to Join re 80 Motion to Modify Conditions of Release, replaces document 81 *Certification* by Ian Freeman. (Sisti, Mark) Modified on 6/8/2021 to remove docket text "Assented to MOTION Motion to Join" and add Certification docket text(ko). (Entered: 06/08/2021) |
| 06/08/2021 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: In Chambers Conference as to Ian Freeman, Colleen Fordham, Renee Spinella, Andrew Spinella, Nobody, Aria DiMezzo held on 6/8/2021. Counsel agreed upon a May 2022 trial date. An interim status conference to be set week of 1/17/2022. (Govt Atty: Seth Aframe, John Kennedy) (Defts Atty: Mark L. Sisti, Matthew G. Stachowske, Kirsten B. Wilson, John P. Newman, Christopher Hayden Brown, Patrick J. Richard, Richard Guerriero,)(Total Hearing Time: 10 minutes)(CJA Time: 20 minutes) (ko) (Entered: |

| | | |
|---|---|---|
| | | 06/10/2021) |
| 06/10/2021 | | **ENDORSED ORDER granting 82 Motion to Join re 80 Motion to Modify Conditions of Release, replaces document 81 as to Ian Freeman (1).** *Text of Order: Granted. Motion to join is granted. Counsel advised at last conference that they were attempting a negotiated resolution of the issue raised in the underlying motion.* **So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 06/11/2021) |
| 06/11/2021 | | CLERK'S NOTICE – **No Waiver of Speedy Trial Filed. The defendants Nobody, Colleen Fordham, and Ian Freeman are directed to file a Waiver of Speedy Trial within 10 days of this notice. Waiver of Speedy Trial due 6/21/2021. (ko) (Entered: 06/11/2021)** |
| 06/14/2021 | 86 | RESPONSE to Motion by USA as to Ian Freeman, Aria DiMezzo re 80 MOTION to Modify Conditions of Release . (Kennedy, John) (Entered: 06/14/2021) |
| 06/15/2021 | 87 | Waiver of Speedy Trial by Ian Freeman (Sisti, Mark) (Entered: 06/15/2021) |
| 06/16/2021 | 88 | Assented to MOTION to Continue Trial to May 2022 (Waiver of Speedy Trial to be filed conventionally)by USA as to Ian Freeman, Colleen Fordham, Renee Spinella, Andrew Spinella, Nobody, Aria DiMezzo. (Kennedy, John) (Entered: 06/16/2021) |
| 06/17/2021 | 90 | **ORDER granting 88 Assented to Motion to Continue Trial in the interest of justice as to Ian Freeman (1), Colleen Fordham (2), Renee Spinella (3), Andrew Spinella (4), Nobody (5), Aria DiMezzo (6). So Ordered by Judge Joseph N. Laplante. Final Pretrial Conference reset for 4/26/2022 at 10:00 AM before Judge Joseph N. Laplante. JERS Statement due 4/26/2022. Jury Selection/Trial reset for two week period beginning 5/3/2022 at 09:30 AM before Judge Joseph N. Laplante. Waiver of Speedy Trial due 6/28/2021. (ko)** (Entered: 06/21/2021) |
| 06/21/2021 | | NOTICE OF HEARING as to Ian Freeman, Colleen Fordham, Renee Spinella, Andrew Spinella, Nobody, Aria DiMezzo. Status Conference set for 1/13/2022 at 10:00 AM before Judge Joseph N. Laplante. (ko) (Entered: 06/21/2021) |
| 06/24/2021 | 94 | **ORDER AMENDING CONDITIONS OF RELEASE FOR ARIA DIMEZZO AND IAN FREEMAN as to Ian Freeman, Aria DiMezzo re 89 Assented to MOTION to Modify Conditions of Release** *for Aria DiMezzo and Ian Freeman.* **So Ordered by Magistrate Judge Andrea K. Johnstone. (jb)** (Entered: 06/25/2021) |
| 07/06/2021 | | **ENDORSED ORDER granting 89 Motion to Modify Conditions of Release as to Ian Freeman (1), Aria DiMezzo (6); and denying as moot 80 Motion to Modify Conditions of Release as Ian Freeman (1), Aria DiMezzo (6).** *Text of Order: The motion to modify 89 is granted as further modified.* <u>*See*</u> *Order* <u>**94**</u> *. Accordingly, doc. no. 80 is denied as moot.* **So Ordered by Magistrate Judge Andrea K. Johnstone. (jb)** (Entered: 07/06/2021) |
| 09/09/2021 | 104 | WITHDRAWN. See doc. no. 106 . MOTION to Modify Conditions of Release by Ian Freeman.Follow up on Objection on 9/23/2021. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Sisti, Mark) Modified on 9/30/2021 to add: withdrawn docket text(ko). (Entered: 09/09/2021) |
| 09/20/2021 | 105 | OBJECTION by USA as to Ian Freeman re 104 MOTION to Modify Conditions of Release . (Kennedy, John) (Entered: 09/20/2021) |
| 09/23/2021 | 106 | |

| | | |
|---|---|---|
| | | Assented to MOTION to Withdraw Document 104 MOTION to Modify Conditions of Release by Ian Freeman. (Sisti, Mark) (Entered: 09/23/2021) |
| 09/29/2021 | | **ENDORSED ORDER granting 106 Assented to Motion to Withdraw Document 104 MOTION to Modify Conditions of Release as to Ian Freeman (1). *Text of Order: Granted.* So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 09/30/2021) |
| 10/28/2021 | | NOTICE OF VIDEO STATUS CONFERENCE as to Ian Freeman, Colleen Fordham, Renee Spinella, Andrew Spinella, Nobody, Aria DiMezzo. Status Conference set for 11/22/2021 at 09:00 AM before Judge Joseph N. Laplante. (ko) (Entered: 10/28/2021) |
| 11/22/2021 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: STATUS CONFERENCE via video−conference as to Ian Freeman, Colleen Fordham, Renee Spinella, Andrew Spinella, Nobody, Aria DiMezzo held on 11/22/2021. New trial date November 1, 2022 by agreement of the parties. Speedy trial waivers by 12/20/2021. Litigation schedule to be jointly filed by 12/20/2021. (Govt Atty: Seth R. Aframe, John J. Kennedy) (Defts Atty: Mark L. Sisti, Peter D. Anderson, Kirsten B. Wilson, John P. Newman, Christopher Hayden Brown, Patrick J. Richard, Richard Guerriero)(Total Hearing Time: 23 minutes)(CJA Time: 33 minutes) (jb) (Entered: 11/22/2021) |
| 11/22/2021 | | **RESCHEDULING TRIAL NOTICE:** Jury Selection/Trial reset for two week period beginning 11/1/2022 at 09:30 AM before Judge Joseph N. Laplante. Final Pretrial Conference reset for 10/25/2022 at 10:00 AM before Judge Joseph N. Laplante. JERS Statement due 10/25/2022. Any motion to continue shall be filed 1 week before the Final Pretrial Conference or the Final Pretrial will be held as scheduled. In addition to various filing deadlines contained in the local rules, the parties shall also file any in limine motions no later than 10 days prior to the Final Pretrial Conference. Objections to motions in limine shall be filed no later than 3 days prior to the final pretrial conference.(jb) (Entered: 11/22/2021) |
| 12/09/2021 | 112 | Assented to MOTION to Modify Conditions of Release by Ian Freeman. (Sisti, Mark) (Entered: 12/09/2021) |
| 12/09/2021 | 114 | WAIVER of Speedy Trial by Ian Freeman. (ko) (Entered: 12/10/2021) |
| 12/10/2021 | | **ENDORSED ORDER granting 112 Assented to Motion to Modify Conditions of Release as to Ian Freeman (1). *Text of Order: Granted. Counsel shall jointly arrange with the Probation Officer to prepare a revised OSCOR and submit it to the court for adoption.* So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 12/10/2021) |
| 12/17/2021 | 117 | Assented to MOTION Order Setting Conditions of Release by Ian Freeman. (Sisti, Mark) Modified on 3/3/2022 to add: (OSCOR attached)(ko). (Entered: 12/17/2021) |
| 12/20/2021 | 119 | Assented to MOTION for Trial Schedule by USA as to Ian Freeman, Colleen Fordham, Renee Spinella, Andrew Spinella, Nobody, Aria DiMezzo. (Kennedy, John) (Entered: 12/20/2021) |
| 12/20/2021 | 120 | **ENDORSED ORDER approving 117 Assented to MOTION Order Setting Conditions of Release as to Ian Freeman (1). *Text of Order: Approved.* So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 12/21/2021) |
| 12/21/2021 | | **ENDORSED ORDER granting 119 Assented to MOTION for Trial Schedule as to Ian Freeman (1), Colleen Fordham (2), Renee Spinella (3), Andrew Spinella** |

| | | |
|---|---|---|
| | | **(4), Nobody (5), Aria DiMezzo (6).** *Text of Order: Granted.* **So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 12/22/2021) |
| 02/24/2022 | 130 | Assented to MOTION to Modify Conditions of Release by Ian Freeman. (Sisti, Mark) (Entered: 02/24/2022) |
| 02/25/2022 | | **ENDORSED ORDER granting 130 Assented to Motion to Modify Conditions of Release as to Ian Freeman (1).** *Text of Order: Granted.* **So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 02/25/2022) |
| 04/25/2022 | 139 | **SUPERSEDING INDICTMENT as to Ian Freeman (1) counts 1s, 2s, 4s, 5s–20s, 21s, 22s–27s, 28s, 29s–32s, 33s, Aria DiMezzo (6) counts 1s, 3s, 5s–20s, 22s–27s, with Notice of Forfeiture.** *Original document available in clerks office.* **(jb)** (Entered: 04/26/2022) |
| 04/25/2022 | 141 | Praecipe for Summons by USA as to Ian Freeman. (jb) (Entered: 04/26/2022) |
| 04/26/2022 | 138 | Organizational Victim Statement for See exhibit (organizational victim) by USA as to Ian Freeman, Aria DiMezzo disclosing no parent companies, no merger agreement, and no publicly held corporation owning 10% or more of stock. (Attachments: # 1 Exhibit)(MacDonald, Georgiana) (Entered: 04/26/2022) |
| 04/26/2022 | | Summons Issued as to Ian Freeman. Initial Appearance/Arraignment set for 5/11/2022 at 10:00 AM before Magistrate Judge Andrea K. Johnstone.(jb) (Entered: 04/26/2022) |
| 04/28/2022 | | **NOTICE OF HEARING** as to Ian Freeman, Aria DiMezzo. In Chambers Conference via video–conference set for 4/29/2022 at 11:00 AM before Judge Joseph N. Laplante. (jb) (Entered: 04/28/2022) |
| 04/29/2022 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: In Chambers Conference via video–conference as to Ian Freeman, Aria DiMezzo held on 4/29/2022 (Govt Atty: Georgiana MacDonald) (Defts Atty: Mark L. Sisti, Richard Guerriero)(Total Hearing Time: 3 minutes)(CJA Time: 16 minutes) (jb) (Entered: 04/29/2022) |
| 04/29/2022 | 144 | Summons Returned Executed on 4/28/2022 as to Ian Freeman.(jb) Modified on 4/29/2022 to correct service date (jb). (Entered: 04/29/2022) |
| 05/02/2022 | 146 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Ian Freeman. (ko) (Entered: 05/03/2022) |
| 05/03/2022 | | **ENDORSED ORDER as to Ian Freeman re 146 Waiver of Presence at Arraignment.** *Text of Order: Waiver Approved.* **So Ordered by Magistrate Judge Andrea K. Johnstone. (ko)** (Entered: 05/03/2022) |
| 05/13/2022 | 147 | MOTION to Modify Conditions of Release *MOTION FOR REMOVAL OF TRACKING DEVICE* by Ian Freeman.Follow up on Objection on 5/27/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Sisti, Mark) (Entered: 05/13/2022) |
| 05/18/2022 | 148 | WAIVER OF ANY CONFLICT REGARDING BANKS UTILIZED BY JUDGE LAPLANTE *WAIVER OF ANY CONFLICT REGARDING BANKS UTILIZED BY JUDGE LAPLANTE* by Ian Freeman.Follow up on Objection on 6/1/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Sisti, Mark) Modified on 5/18/2022 to remove: MOTION to Waive from docket text (ko). (Entered: 05/18/2022) |

| | | |
|---|---|---|
| 05/18/2022 | | NOTICE of ECF Filing Error re: 148 MOTION to Waive WAIVER OF ANY CONFLICT REGARDING BANKS UTILIZED BY JUDGE LAPLANTE *WAIVER OF ANY CONFLICT REGARDING BANKS UTILIZED BY JUDGE LAPLANTE* filed by Ian Freeman. Filer used the wrong event. Filer should have used WAIVER OF. NO ACTION REQUIRED – FOR INFORMATIONAL PURPOSES ONLY AND MERELY INTENDED TO EDUCATE ALL PARTIES IN THE CASE. If the filing party has any questions concerning this notice, please contact the judge's case manager at 603–225–1423. (ko) (Entered: 05/18/2022) |
| 05/27/2022 | 151 | OBJECTION by USA as to Ian Freeman re 147 MOTION to Modify Conditions of Release *MOTION FOR REMOVAL OF TRACKING DEVICE* . (MacDonald, Georgiana) (Entered: 05/27/2022) |
| 05/31/2022 | | **ENDORSED ORDER as to Ian Freeman re 147 MOTION to Modify Conditions of Release *MOTION FOR REMOVAL OF TRACKING DEVICE*. Text of Order: While the court is disinclined to grant the relief requested based on the filings, the motion arguably requested a hearing, so the clerk is instructed to schedule one.** So Ordered by Judge Joseph N. Laplante. (ko) (Entered: 06/01/2022) |
| 06/01/2022 | | NOTICE OF HEARING ON MOTION as to Ian Freeman re: 147 MOTION to Modify Conditions of Release *MOTION FOR REMOVAL OF TRACKING DEVICE*. Motion Hearing set for 6/10/2022 at 02:00 PM before Judge Joseph N. Laplante. (ko) (Entered: 06/01/2022) |
| 06/06/2022 | 153 | Assented to MOTION to Continue Hearing on Motion To Remove Tracking Device by Ian Freeman. (Sisti, Mark) (Entered: 06/06/2022) |
| 06/07/2022 | | **ENDORSED ORDER granting re 153 Assented to MOTION to Continue Hearing on Motion To Remove Tracking Device as to Ian Freeman (1). *Text of Order: Granted.* So Ordered by Judge Joseph N. Laplante. Motion Hearing reset for 6/17/2022 at 01:15 PM before Judge Joseph N. Laplante. (ko)** (Entered: 06/07/2022) |
| 06/13/2022 | | RESCHEDULING NOTICE OF HEARING ON MOTION as to Ian Freeman re: 147 MOTION to Modify Conditions of Release *MOTION FOR REMOVAL OF TRACKING DEVICE*. Motion Hearing reset for 6/28/2022 at 03:00 PM (from 6/17/2022) before Judge Joseph N. Laplante. (ko) (Entered: 06/13/2022) |
| 06/28/2022 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: MOTION HEARING as to Ian Freeman held on 6/28/2022 re 147 MOTION to Modify Conditions of Release *MOTION FOR REMOVAL OF TRACKING DEVICE*. Order to issue. (Court Reporter: Susan Bateman) (Govt Atty: Georgiana MacDonald, John Kennedy) (Defts Atty: Mark Sisti) (USP: Scott Davidson)(Total Hearing Time: 35 minutes) (ko) (Entered: 07/01/2022) |
| 07/01/2022 | 160 | Signed Order Setting Conditions of Release by Ian Freeman (Sisti, Mark) (Entered: 07/01/2022) |
| 07/05/2022 | 161 | **ORDER Setting Conditions of Release as to Ian Freeman. So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 07/05/2022) |
| 07/12/2022 | 162 | Assented to MOTION Correct Order Setting Conditions of Release by USA as to Ian Freeman. (Attachments: # 1 Proposed Order) (MacDonald, Georgiana) (Entered: 07/12/2022) |
| 07/12/2022 | | |

| | | |
|---|---|---|
| | | **ORDER granting 162 Assented to MOTION Correct Order Setting Conditions of Release as to Ian Freeman (1).** *The clerk shall schedule a conference (in–court or Zoom, counsel's preference) which the defendant shall attend. Counsel shall confer to provide suitable dates to the Deputy Clerk.* **So Ordered by Judge Joseph N. Laplante. (jb)** (Entered: 07/12/2022) |
| 07/12/2022 | 163 | Order Setting Conditions of Release by Ian Freeman (Sisti, Mark) (Entered: 07/12/2022) |
| 07/12/2022 | 164 | **AMENDED ORDER Setting Conditions of Release as to Ian Freeman. So Ordered by Judge Joseph N. Laplante. (jb)** (Entered: 07/12/2022) |
| 07/12/2022 | | **NOTICE OF HEARING** as to Ian Freeman. Status Conference via video–conference set for 7/15/2022 at 10:00 AM before Judge Joseph N. Laplante. (jb) (Entered: 07/12/2022) |
| 07/15/2022 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: STATUS CONFERENCE via video–conference as to Ian Freeman held on 7/15/2022. (Court Reporter: Susan Bateman) (Govt Atty: Georgiana Konesky, Seth R. Aframe) (Defts Atty: Mark L. Sisti) (USP: Karin Hess)(Total Hearing Time: 10 minutes) (jb) (Entered: 07/15/2022) |
| 07/20/2022 | 168 | Assented to MOTION to Extend Time DEADLINE TO FILE MOTIONS by Ian Freeman. (Sisti, Mark) (Entered: 07/20/2022) |
| 07/21/2022 | | **ENDORSED ORDER granting 168 Assented to Motion to Extend Time Deadline to File Motions as to Ian Freeman (1).** *Text of Order: Granted. Counsel shall file their response(s) by August 24, 2022.* **So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 07/21/2022) |
| 07/29/2022 | 174 | MOTION for Bill of Particulars *and Names of Witnesses* by Ian Freeman.Follow up on Objection on 8/12/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Sisti, Mark) (Entered: 07/29/2022) |
| 07/29/2022 | 175 | REFILED SEE DOC. NO. 181 . NOTICE of Defense – Public Authority Defense by Ian Freeman. (Attachments: # 1 Exhibit Letter from Attorney Seth Hipple)(Sisti, Mark) Modified on 8/1/2022 to add: refiled docket text(ko). (Entered: 07/29/2022) |
| 07/29/2022 | 177 | MOTION for Joinder *MOTION TO JOIN MOTION TO DISMISS FILED BY ARIA DIMEZZO* by Ian Freeman.Follow up on Objection on 8/12/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Sisti, Mark) (Entered: 07/29/2022) |
| 07/29/2022 | 181 | REFILED SEE DOC. NO. 183 . NOTICE of DEFENSE PUBLIC AUTHORITY DEFENSE (Corrected) by Ian Freeman. (Sisti, Mark) Modified on 8/1/2022 to add: refiled docket text(ko). (Entered: 07/29/2022) |
| 07/29/2022 | 182 | MOTION for Joinder *MOTION TO JOIN DAUBERT MOTION* by Ian Freeman.Follow up on Objection on 8/12/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Sisti, Mark) (Entered: 07/29/2022) |
| 07/29/2022 | 183 | NOTICE of PUBLIC AUTHORITY DEFENSE *(Corrected with attachment)* by Ian Freeman. (Attachments: # 1 Exhibit Letter from Attorney Seth Hipple)(Sisti, Mark) (Entered: 07/29/2022) |

| 08/01/2022 | | ACTION REQUIRED – NOTICE Nonconforming Document re <u>177</u> MOTION for Joinder *MOTION TO JOIN MOTION TO DISMISS FILED BY ARIA DIMEZZO* filed by Ian Freeman, <u>182</u> MOTION for Joinder *MOTION TO JOIN DAUBERT MOTION* filed by Ian Freeman. The documents fails to comply with LR 7.1–No statement of concurrence was included. File statement as addendum using the Other Documents/Addendum event and link filing to documents no. 177 & 182. The documents will remain on file. Please note that unless a document curing the defect is filed by the Notice of Compliance Deadline the matter may be referred to a judicial officer for appropriate action. If the filing party has any questions concerning this notice, please contact the judge's case manager at 603–225–1423.Compliance Deadline set for 8/5/2022. (ko) (Entered: 08/01/2022) |
| 08/02/2022 | <u>184</u> | ADDENDUM re: <u>177</u> MOTION for Joinder *MOTION TO JOIN MOTION TO DISMISS FILED BY ARIA DIMEZZO*, <u>182</u> MOTION for Joinder *MOTION TO JOIN DAUBERT MOTION* by Ian Freeman. (Sisti, Mark) (Entered: 08/02/2022) |
| 08/03/2022 | | NOTICE OF HEARING ON MOTIONS as to Ian Freeman, Aria DiMezzo re: <u>174</u> MOTION for Bill of Particulars *and Names of Witnesses*, 176 MOTION to Dismiss *Counts One and Three*, 180 MOTION in Limine re: Daubert Challenge to Forensic Blockchain Analysis. Motion Hearing set for 9/1/2022 at 09:30 AM before Judge Joseph N. Laplante. (ko) (Entered: 08/03/2022) |
| 08/17/2022 | | AMENDED NOTICE OF HEARING ON MOTIONS as to Ian Freeman, Aria DiMezzo re: <u>174</u> MOTION for Bill of Particulars *and Names of Witnesses*, 176 MOTION to Dismiss *Counts One and Three*. Motion Hearing reset for 9/1/2022 at 10:00 AM before Judge Joseph N. Laplante. (ko) (Entered: 08/17/2022) |
| 08/23/2022 | <u>195</u> | OBJECTION by USA as to Ian Freeman, Aria DiMezzo re 183 Notice (Other), 179 Notice (Other) . (MacDonald, Georgiana) (Entered: 08/23/2022) |
| 08/23/2022 | <u>196</u> | MOTION in Limine re: Exclude Evidence of State Law by USA as to Ian Freeman, Aria DiMezzo. **HEARING REQUESTED.**Follow up on Objection on 9/6/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (MacDonald, Georgiana) (Entered: 08/23/2022) |
| 08/23/2022 | | RESCHEDULING NOTICE OF HEARING ON MOTION as to Ian Freeman, Aria DiMezzo re: <u>174</u> MOTION for Bill of Particulars *and Names of Witnesses*, 176 MOTION to Dismiss *Counts One and Three*, <u>196</u> MOTION in Limine re: Exclude Evidence of State Law. Motion Hearing reset for 9/1/2022 at 09:30 AM (from 10:00 AM) before Judge Joseph N. Laplante. (ko) (Entered: 08/23/2022) |
| 08/23/2022 | <u>197</u> | OBJECTION by USA as to Ian Freeman, Aria DiMezzo re 176 MOTION to Dismiss *Counts One and Three by Aria DiMezzo*. (Aframe, Seth) Modified on 8/25/2022 to add: modify link(ko). (Entered: 08/23/2022) |
| 08/23/2022 | <u>198</u> | OBJECTION by USA as to Ian Freeman re <u>174</u> MOTION for Bill of Particulars *and Names of Witnesses* . (Kennedy, John) (Entered: 08/23/2022) |
| 08/25/2022 | | **ENDORSED ORDER granting <u>177</u> Motion to Join Motion to Dismiss filed by Aria DiMezzo; granting <u>182</u> Motion to Join Daubert Motion (1). *Text of Order: Granted.* So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 08/25/2022) |
| 09/01/2022 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: MOTION HEARING as to Ian Freeman, Aria DiMezzo held on 9/1/2022 re 176 MOTION to Dismiss *Counts One and Three*, <u>174</u> MOTION for Bill of Particulars *and Names of* |

| | | |
|---|---|---|
| | | *Witnesses*. Motion to dismiss denied. Motion for Bill of Particulars withdrawn by agreement of counsel. A written order to issue. (Court Reporter: Susan Bateman) (Govt Atty: Georgiana MacDonald, John Kennedy, Seth Aframe) (Defts Atty: Richard Guerriero, Mark Sisti)(Total Hearing Time: 1 hr., 45 minutes)(CJA Time: 2 hrs., 5 minutes) (ko) (Entered: 09/01/2022) |
| 09/14/2022 | 207 | OBJECTION by Ian Freeman re 196 MOTION in Limine re: Exclude Evidence of State Law . (Sisti, Mark) (Entered: 09/14/2022) |
| 09/15/2022 | 209 | Assented to Motion to Extend Time to Object/Respond to 180 Motion In Limine re: Daubert Challenge to Forensic Blockchain Analysis by USA as to Ian Freeman. (MacDonald, Georgiana) Modified on 9/20/2022 to link to correct motion (ko). (Entered: 09/15/2022) |
| 09/19/2022 | | **ENDORSED ORDER granting 209 Assented to Motion to Extend Time to Object/Respond to 180 Motion In Limine re: Daubert Challenge to Forensic Blockchain Analysisas to Ian Freeman (1).** *Text of Order: Granted. A reasonable request after reasonable dealings between counsel.* **So Ordered by Judge Joseph N. Laplante. Follow up on Objection on 9/28/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (ko)** (Entered: 09/20/2022) |
| 09/22/2022 | | **ENDORSED ORDER:** *At the upcoming conference, counsel should be prepared to address the pending motion in limine (Doc. 196).* **So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 09/22/2022) |
| 09/23/2022 | | NOTICE OF VIDEO HEARING as to Ian Freeman. Conference set for 9/28/2022 at 04:30 PM before Judge Joseph N. Laplante. (ko) (Entered: 09/23/2022) |
| 09/26/2022 | | RESCHEDULING NOTICE OF VIDEO HEARING as to Ian Freeman. Conference reset for 9/27/2022 at 02:00 PM (from 9/28/2022) before Judge Joseph N. Laplante. (ko) (Entered: 09/26/2022) |
| 09/27/2022 | 210 | MOTION in Limine re: Preclude Jury Nullification Arguments by USA as to Ian Freeman.Follow up on Objection on 10/11/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit Aug. 23, 2022 Article, # 2 Exhibit Aug. 30, 2022 Article) (Aframe, Seth) (Entered: 09/27/2022) |
| 09/27/2022 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: STATUS CONFERENCE as to Ian Freeman held on 9/27/2022. Counsel to notify the court by 10/12/22 re status of motion hearing. Objection due 10/19/2022. (Govt Atty: Georgiana MacDonald, John Kennedy, Seth Aframe) (Defts Atty: Mark L. Sisti)(Total Hearing Time: 25 minutes) (Compliance Deadline set for 10/12/2022. Follow up on Objection on 10/19/2022.) (ko) (Entered: 09/30/2022) |
| 09/27/2022 | | Oral Assented to MOTION to Continue Trial to 12/6/2022 by Ian Freeman. (ko) (Entered: 09/30/2022) |
| 09/27/2022 | 212 | **ORAL ORDER granting Oral Assented to Motion to Continue Trial in the interest of justice as to Ian Freeman (1). So Ordered by Judge Joseph N. Laplante. Final Pretrial Conference reset for 11/29/2022 at 10:00 AM before Judge Joseph N. Laplante. JERS Statement due 11/29/2022. Jury Selection/Trial reset for two week period beginning 12/6/2022 at 09:30 AM before Judge Joseph N. Laplante. Waiver of Speedy Trial due 10/7/2022. (ko)** (Entered: 09/30/2022) |

| | | |
|---|---|---|
| 09/29/2022 | 211 | BILL OF PARTICULARS by USA as to Ian Freeman, Aria DiMezzo (Kennedy, John) (Entered: 09/29/2022) |
| 09/30/2022 | 213 | NOTICE of Speedy Trial Waiver by Ian Freeman. (Sisti, Mark) (Entered: 09/30/2022) |
| 09/30/2022 | | **ENDORSED ORDER as to Ian Freeman reviewing 211 Bill of Particulars. *Text of Order: Reviewed.* So Ordered by Judge Joseph N. Laplante. (jb)** (Entered: 09/30/2022) |
| 10/06/2022 | 214 | OBJECTION by Ian Freeman re 210 MOTION in Limine re: Preclude Jury Nullification Arguments . (Sisti, Mark) (Entered: 10/06/2022) |
| 10/18/2022 | | **ENDORSED ORDER granting 216 Motion to Extend Time to Object/Respond 180 Motion in Limine re: Daubert Challenge to Forensic Blockchain Analysis to October 26, 2022 as to Ian Freeman (1). *Text of Order: Granted.* So Ordered by Judge Joseph N. Laplante. (Follow up on Objection on 10/26/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).).(ko)** (Entered: 10/19/2022) |
| 10/21/2022 | 217 | REPLY TO OBJECTION to Motion by USA as to Ian Freeman re 196 MOTION in Limine re: Exclude Evidence of State Law . (Attachments: # 1 Exhibit A – Seth Hipple Letter, # 2 Exhibit B – FinCEN Letter)(Aframe, Seth) (Entered: 10/21/2022) |
| 10/24/2022 | | NOTICE OF HEARING as to Ian Freeman. Evidentiary Hearing set for 11/15/2022 at 10:00 AM before Judge Joseph N. Laplante. (ko) (Entered: 10/24/2022) |
| 10/25/2022 | 218 | WITHDRAWN. MOTION for Rule 15(a) Deposition of Mary Hurd by USA as to Ian Freeman.Follow up on Objection on 11/8/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit A – LocalBitcoin Chat, # 2 Exhibit B – FBI 302 Report) (Aframe, Seth) Modified on 11/1/2022 to add: withdrawn to docket text per 11/1/2022 endorsed order (ko). (Entered: 10/25/2022) |
| 10/25/2022 | | **ENDORSED ORDER as to Ian Freeman re 218 MOTION for Rule 15(a) Deposition of Mary Hurd. *Text of Order: Defendant may file an objection to the government's motion for Rule 15(a) deposition (doc. no. 218) on or before 3pm on October 28, 2022. The parties shall confer and work with the deputy clerk to schedule a hearing on this motion next week.* So Ordered by Judge Joseph N. Laplante. (Follow up on Objection on 10/28/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).) (ko)** (Entered: 10/25/2022) |
| 10/26/2022 | 219 | OBJECTION by Ian Freeman re 218 MOTION for Rule 15(a) Deposition of Mary Hurd . (Sisti, Mark) (Entered: 10/26/2022) |
| 10/26/2022 | 220 | OBJECTION by USA as to Ian Freeman, Aria DiMezzo re 180 MOTION in Limine re: Daubert Challenge to Forensic Blockchain Analysis . (Attachments: # 1 Exhibit)(MacDonald, Georgiana) (Entered: 10/26/2022) |
| 10/27/2022 | | NOTICE OF HEARING ON MOTION as to Ian Freeman re: 218 MOTION for Rule 15(a) Deposition of Mary Hurd. Motion Hearing set for 11/3/2022 at 10:00 AM before Judge Joseph N. Laplante. (ko) (Entered: 10/27/2022) |
| 10/31/2022 | 223 | Assented to MOTION to Withdraw Document 218 MOTION for Rule 15(a) Deposition of Mary Hurd by USA as to Ian Freeman. (Aframe, Seth) (Entered: 10/31/2022) |

| 11/01/2022 | | **ENDORSED ORDER granting 223 Assented to Motion to Withdraw Document 218 Motion for Rule 15(a) Deposition of Mary Hurd as to Ian Freeman (1).** *Text of Order: Granted.* **So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 11/01/2022) |
| 11/01/2022 | 225 | SURREPLY/RESPONSE by Ian Freeman re 217 Reply to Objection to Motion, 207 Objection to Motion. (Sisti, Mark) Modified on 11/1/2022 to add: Surreply to docket text (ko). (Entered: 11/01/2022) |
| 11/01/2022 | | NOTICE of ECF Filing Error re: 225 Response by Ian Freeman re 217 Reply to Objection to Motion, 207 Objection to Motion. Filer used the wrong event. Filer should have used Surreply to Reply. NO ACTION REQUIRED – FOR INFORMATIONAL PURPOSES ONLY AND MERELY INTENDED TO EDUCATE ALL PARTIES IN THE CASE. If the filing party has any questions concerning this notice, please contact the judge's case manager at 603–225–1423. (ko) (Entered: 11/01/2022) |
| 11/02/2022 | 226 | FINAL WITNESS LIST by USA as to Ian Freeman.(MacDonald, Georgiana) (Entered: 11/02/2022) |
| 11/03/2022 | | **ENDORSED ORDER as to Ian Freeman re 226 Witness List.** *Text of Order: Reviewed.* **So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 11/04/2022) |
| 11/04/2022 | | RESCHEDULING NOTICE OF HEARING as to Ian Freeman. Final Pretrial Conference reset for 11/23/2022 at 10:00 AM (from 11/29/2022) before Judge Joseph N. Laplante. (ko) (Entered: 11/04/2022) |
| 11/10/2022 | | **ENDORSED ORDER as to Ian Freeman:** *Counsel are advised that although it is this court's practice to provide pretrial rulings on motions in limine, the court will not be in a position to rule on the motions in limine regarding jury nullification (doc. nos. 196 & 210), unless and until it receives a proffer from the defense describing what evidence it intends to present regarding the topics described in the motions (witnesses, expected testimony, exhibits). If defense counsel is not inclined to describe that evidence, the court will not provide a pretrial ruling. If the prosecution has specific witnesses, testimony or exhibits it seeks to exclude, the court may be in a position to provide pretrial rulings thereon. Any such proffers should be provided in advance of Tuesday's hearing, if practicable.* **So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 11/10/2022) |
| 11/14/2022 | 227 | JUROR QUESTIONNAIRES: Access to this document is available to the Court and temporarily available to counsel for USA, Ian Freeman only. Note: This document contains questionnaires available at the time of filing. Any additional questionnaires collected will be provided to counsel of record by electronic supplement prior to jury selection.<br><br>**The retrieval or viewing of these questionnaires constitutes confirmation that you will adhere to L.R. 47.1, which requires that any individual given access to the questionnaires shall not disclose the questionnaires, or information contained therein, to anyone other than the attorneys, their agents, or the parties involved in trial. Violation of this rule may be treated as contempt of court.**(ko) (Entered: 11/14/2022) |
| 11/15/2022 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: EVIDENTIARY HEARING as to Ian Freeman held on 11/28/2022. Witnesses Appearing: Erin Montgomery. (Court Reporter: Liza Dubois) (Govt Atty: Georgiana MacDonald, John |

| | | |
|---|---|---|
| | | Kennedy, Seth Aframe) (Defts Atty: Mark Sisti)(Total Hearing Time: 1 hr., 6 minutes) (ko) Modified on 11/29/2022 to modify date filed (ko). (Entered: 11/28/2022) |
| 11/16/2022 | 228 | AMENDED JUROR QUESTIONNAIRES: Access to this document is available to the Court and temporarily available to counsel for USA, Ian Freeman only. Note: This document contains questionnaires available at the time of filing. Any additional questionnaires collected will be provided to counsel of record by electronic supplement prior to jury selection.<br><br>**The retrieval or viewing of these questionnaires constitutes confirmation that you will adhere to L.R. 47.1, which requires that any individual given access to the questionnaires shall not disclose the questionnaires, or information contained therein, to anyone other than the attorneys, their agents, or the parties involved in trial. Violation of this rule may be treated as contempt of court.**(ko) (Entered: 11/16/2022) |
| 11/17/2022 | 229 | EXCERPT TRANSCRIPT of Proceedings as to Ian Freeman for Evidentiary Hearing held on November 15, 2022. Court Reporter: Liza Dubois, Telephone # 603–225–1442. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password may purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 12/8/2022. Redacted Transcript Follow Up 12/19/2022. Release of Transcript Restriction set for 2/15/2023. (jb) (Entered: 11/17/2022) |
| 11/17/2022 | | **TRIAL REMINDER:** There is an upcoming trial in this case. Any Motion to Continue shall be filed 1 week before the Final Pretrial Conference or the Final Pretrial will be held as scheduled. Motions in limine shall be filed no later than 10 days prior to the Final Pretrial Conference. Objections to motions in limine shall be filed no later than 3 days prior to the Final Pretrial Conference.(jb) (Entered: 11/17/2022) |
| 11/22/2022 | | *ENDORSED ORDER denying in part re 180 MOTION in Limine re: Daubert Challenge to Forensic Blockchain Analysis as to Ian Freeman (1). Text of Order: Denied in part. At the hearing, the defense reduced and limited its challenge to the witness' qualifications under Rule 702, and withdrew the remainder of its challenges. To that extent, the motion is denied for the reasons stated on the record at the hearing. The witness will not be referred to or qualified as an "expert" during the trial, but the witness will be permitted to testify regarding her work and observations.* So Ordered by Judge Joseph N. Laplante. (ko) (Entered: 11/22/2022) |
| 11/22/2022 | | *ENDORSED ORDER granting in part and denying in part re **210** MOTION in Limine re: Preclude Jury Nullification Arguments as to Ian Freeman (1). Text of Order: For the reasons stated at the hearing on the motion, it is granted in part and denied in part. No arguments or references to the concept of jury nullification, by* |

| | | |
|---|---|---|
| | | *name or in substance, will be permitted. As to the proffered evidence, because of the limited and minimal relevance of the evidence, the court will provide limiting instructions, curative instructions, and allow wide latitude on cross examination by the prosecution.* **So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 11/22/2022) |
| 11/22/2022 | | **ENDORSED ORDER granting in part and denying in part re 196 MOTION in Limine re: Exclude Evidence of State Law as to Ian Freeman (1).** *Text of Order: For the reasons stated at the hearing on the motion, it is granted in part and denied in part. Because of the limited and minimal relevance of the evidence, the court will provide limiting instructions, curative instructions, and allow wide latitude on cross examination by the prosecution.* **So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 11/22/2022) |
| 11/23/2022 | | **ENDORSED ORDER terminating 174 Motion for Bill of Particulars as to Ian Freeman (1).** *Text of Order: Resolved by agreement of the parties.* **So Ordered by Judge Joseph N. Laplante. (jb)** (Entered: 11/23/2022) |
| 11/23/2022 | 230 | **Final Pretrial Order. Motions as outlined due by 11/29/2022. Objections due by noon on 12/1/22. Exhibits and Exhibit Lists List due by 11/30/2022. Witness List due by 11/30/2022. Jury Selection/Trial set 12/6/2022 at 09:30 AM before Judge Joseph N. Laplante. So Ordered by Judge Joseph N. Laplante. (Attachments: # 1 Procedure for Marking Exhibits) (jb)** (Entered: 11/23/2022) |
| 11/23/2022 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: FINAL PRETRIAL CONFERENCE as to Ian Freeman held on 11/23/2022. Order to Issued. (Govt Atty: Georgiana MacDonald, Seth R. Aframe, John J. Kennedy) (Defts Atty: Mark L. Sisti)(Total Hearing Time: 27 minutes) (jb) (Entered: 11/23/2022) |
| 11/23/2022 | 231 | MOTION Proposed Voir Dire Questions by USA as to Ian Freeman.Follow up on Objection on 12/7/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (MacDonald, Georgiana) (Entered: 11/23/2022) |
| 11/25/2022 | 232 | Statement Regarding Use of JERS During Trial by USA as to Ian Freeman.(MacDonald, Georgiana) (Entered: 11/25/2022) |
| 11/28/2022 | 233 | MOTION to Exclude Evidence of Bank Fraud/Wire Fraud Evidence at Trial by Ian Freeman.Follow up on Objection on 12/12/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Sisti, Mark) (Entered: 11/28/2022) |
| 11/28/2022 | 234 | Assented to MOTION REMOVE SPYWARE FROM DEFENDANTS ELECTRONIC DEVICES by Ian Freeman. (Sisti, Mark) (Entered: 11/28/2022) |
| 11/29/2022 | | **ENDORSED ORDER granting 234 Assented to MOTION REMOVE SPYWARE FROM DEFENDANTS ELECTRONIC DEVICES as to Ian Freeman (1).** *Text of Order: Granted. The USAO shall coordinate and arrange through any involved supervisory and/or investigatory agencies.* **So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 11/29/2022) |
| 11/29/2022 | 235 | OBJECTION by USA as to Ian Freeman re 233 MOTION to Exclude Evidence of Bank Fraud/Wire Fraud Evidence at Trial . (Aframe, Seth) (Entered: 11/29/2022) |
| 11/29/2022 | 236 | REPLACED BY 242 Amended Motion – Motion for Testimonial Immunity for Renee Spinella by USA as to Ian Freeman (Aframe, Seth) Modified on 11/29/2022 to |

| | | |
|---|---|---|
| | | change event to Motion (jb). Modified on 12/6/2022 to add replaced text (jb). (Entered: 11/29/2022) |
| 11/29/2022 | 237 | Assented to MOTION TO REMOVE COURT–ORDERED ELECTRONIC–MONITORING SOFTWARE FROM DEFENDANTS ELECTRONIC DEVICES re 234 Assented to MOTION REMOVE SPYWARE FROM DEFENDANTS ELECTRONIC DEVICES by Ian Freeman. (Sisti, Mark) (Entered: 11/29/2022) |
| 11/29/2022 | | NOTICE of ECF Filing Error re: 236 MOTION for Testimonial Immunity for Renee Spinella filed by USA. Filer used wrong event. In future, filer shall use the *Motion for Miscellaneous Relief* event and enter in docket text. **NO ACTION REQUIRED – FOR INFORMATIONAL PURPOSES ONLY AND MERELY INTENDED TO EDUCATE ALL PARTIES IN THE CASE.** If the filing party has any questions concerning this notice, please contact the judge's case manager at 603–369–5374. (jb) (Entered: 11/29/2022) |
| 11/29/2022 | | **ENDORSED ORDER granting 237 Assented to MOTION TO REMOVE COURT–ORDERED ELECTRONIC–MONITORING SOFTWARE FROM DEFENDANTS ELECTRONIC DEVICES re 234 Assented to MOTION REMOVE SPYWARE FROM DEFENDANTS ELECTRONIC DEVICES as to Ian Freeman (1). *Text of Order: Granted.* So Ordered by Judge Joseph N. Laplante. (jb)** (Entered: 11/29/2022) |
| 11/29/2022 | | **ENDORSED ORDER as to Ian Freeman re 236 Motion for Testimonial Immunity for Renee Spinella. *Text of Order: The defendant's response, if any shall be filed on or before December 1, 2022. The court notes that in its experience with such formal statutory immunity motions, documentation substantiating the second sentence of the motion is generally filed. The court further notes that if the defendant does not object to the motion, the court deems such documentation unnecessary.* So Ordered by Judge Joseph N. Laplante. (jb)** (Entered: 11/29/2022) |
| 11/30/2022 | 239 | **ORDER denying 233 MOTION to Exclude Evidence of Bank Fraud/Wire Fraud Evidence at Trial as to Ian Freeman (1). So Ordered by Judge Joseph N. Laplante. (jb)** (Entered: 11/30/2022) |
| 11/30/2022 | 240 | JURY SELECTION LIST: Access to this document is available to the Court and temporarily available to counsel for USA, Ian Freeman only. **Any individual given access to the list shall not disclose the information contained therein, to anyone other than the attorneys, their agents, or the parties involved in trial. Violation of this rule may be treated as contempt of court.**(ko) (Entered: 11/30/2022) |
| 11/30/2022 | 241 | FINAL WITNESS LIST by USA as to Ian Freeman.(MacDonald, Georgiana) (Entered: 11/30/2022) |
| 12/01/2022 | 242 | Amended MOTION for Testimonial Immunity for Renee Spinella *Replaces doc. no. 236 by USA as to Ian Freeman.Follow up on Objection on 12/15/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).* (Attachments: # 1 Exhibit A – Immunity Letter) (Aframe, Seth) *Modified on 12/6/2022 to add replaces text: (jb).* (Entered: 12/01/2022) |
| 12/01/2022 | 243 | Proposed Jury Instructions by USA as to Ian Freeman.(MacDonald, Georgiana) (Entered: 12/01/2022) |

| 12/01/2022 | 244 | FINAL WITNESS LIST by Ian Freeman.(Sisti, Mark) (Entered: 12/01/2022) |
| 12/01/2022 | 245 | OBJECTION by Ian Freeman re 242 Amended MOTION for Testimonial Immunity for Renee Spinella , 236 MOTION . (Sisti, Mark) (Entered: 12/01/2022) |
| 12/01/2022 | | **ENDORSED ORDER as to Ian Freeman re 243 Proposed Jury Instructions. *Text of Order: Reviewed.* So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 12/02/2022) |
| 12/06/2022 | | **ENDORSED ORDER granting in part and denying in part 231 MOTION Proposed Voir Dire Questions as to Ian Freeman (1). *Text of Order: Granted in part, denied in part as reflected in the general voir dire* So Ordered by Judge Joseph N. Laplante. (jb)** (Entered: 12/06/2022) |
| 12/06/2022 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: JURY SELECTION/TRIAL – Day 1 as to Ian Freeman held on 12/6/2022. Jury sworn. Exhibits read into the record. Opening statements. (Court Reporter: Susan Bateman AM, Liza Dubois PM) (Govt Atty: Georgiana MacDonald, John Kennedy, Seth Aframe) (Defts Atty: Mark Sisti)(Total Hearing Time: 5 hrs., 30 minutes) (ko) (Entered: 12/07/2022) |
| 12/06/2022 | | **ORAL ORDER granting 242 Amended MOTION for Testimonial Immunity for Renee Spinella as to Ian Freeman (1). *Text of Order: Granted.* So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 12/08/2022) |
| 12/07/2022 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: JURY TRIAL – Day 2 as to Ian Freeman held on 12/7/2022. Evidence introduced. Witnesses Appearing: Ali Comolli, Theodore Valahakis. (Court Reporter: Brenda Hancock AM, Susan Bateman PM) (Govt Atty: Georgiana MacDonald, John Kennedy, Seth Aframe) (Defts Atty: Mark Sisti)(Total Hearing Time: 5 hrs., 52 minutes) (ko) Modified on 9/12/2023 to modify date of day 2 (ko). (Entered: 12/08/2022) |
| 12/08/2022 | | Oral Motion to Appoint Counsel for Renee Spinella re Trial Witness Representation. (ko) (Entered: 12/08/2022) |
| 12/08/2022 | | **ORAL ORDER granting Oral Motion to Appoint Counsel for Renee Spinella re Trial Witness Representation. David Rothstein appointed. Assignment accepted on 12/8/2022. So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 12/08/2022) |
| 12/08/2022 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: JURY TRIAL – Day 3 as to Ian Freeman held on 12/8/2022. Evidence introduced. Witnesses Appearing: Theodore Valahakis, Katie Thibault, Kevin McCusker, Christopher Reitmann, Colleen Fordham. (Court Reporter: Liza Dubois AM, Brenda Hancock PM) (Govt Atty: Georgiana MacDonald, John Kennedy, Seth Aframe) (Defts Atty: Mark Sisti)(Total Hearing Time: 5 hrs., 40 minutes) (ko) (Entered: 12/08/2022) |
| 12/09/2022 | 246 | Proposed Jury Instructions by USA as to Ian Freeman.(Aframe, Seth) (Entered: 12/09/2022) |
| 12/09/2022 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: In Chambers Conference as to Ian Freeman held on 12/9/2022 (Govt Atty: Georgiana MacDonald, John Kennedy, Seth Aframe) (Defts Atty: Mark Sisti)(Total Hearing Time: 2 minutes) (jb) (Entered: 12/12/2022) |
| 12/09/2022 | | |

| | | |
|---|---|---|
| | | Minute Entry for proceedings held before Judge Joseph N. Laplante: JURY TRIAL – Day 4 as to Ian Freeman held on 12/9/2022. Evidence introduced. Witnesses Appearing: Hope Cherry, Bruce Sweet, Pavel Prilotsky, Renee Spinella. (Court Reporter: Susan Bateman AM; Liza Dubois PM) (Govt Atty: Georgiana MacDonald, John Kennedy, Seth Aframe) (Defts Atty: Mark Sisti)(Total Hearing Time: 5 hours, 48 minutes) (jb) (Entered: 12/12/2022) |
| 12/13/2022 | 248 | Proposed Jury Instructions by USA as to Ian Freeman.(Aframe, Seth) (Entered: 12/13/2022) |
| 12/13/2022 | 249 | AMENDED WITNESS LIST by USA as to Ian Freeman.(MacDonald, Georgiana) (Entered: 12/13/2022) |
| 12/13/2022 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: JURY TRIAL – Day 5 as to Ian Freeman held on 12/13/2022. Evidence introduced. Witnesses Appearing: Dustin Wong, Nick Nathan, James Rossell, Patrick Brown, Harold Jones, Melanie Neighbours, Karla Cino, Kendall McBrearty. (Court Reporter: Brenda Hancock AM, Susan Bateman PM) (Govt Atty: Seth Aframe, John Kennedy) (Defts Atty: Mark Sisti)(Total Hearing Time: 5 hrs., 33 minutes) (ko) (Entered: 12/13/2022) |
| 12/14/2022 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: JURY TRIAL – Day 6 as to Ian Freeman held on 12/14/2022. Evidence introduced. Witnesses Appearing: Kendall McBrearty, Danella Varel. (Court Reporter: Liza Dubois AM, Brenda Hancock PM) (Govt Atty: Georgiana MacDonald, John Kennedy, Seth Aframe) (Defts Atty: Mark Sisti)(Total Hearing Time: 3 hrs., 30 minutes) (ko) (Entered: 12/14/2022) |
| 12/14/2022 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: JURY TRIAL – Day 7 as to Ian Freeman held on 12/14/2022. Evidence introduced. Witnesses Appearing: Kendall McBrearty, Rebecca Ault, Kate Eyerman, Nancy Triestram, Darlene Cacace, Thomas Connolly, Colleen Rehahan. (Court Reporter: Susan Bateman AM, Liza Dubois PM) (Govt Atty: Georgiana MacDonald, John Kennedy, Seth Aframe) (Defts Atty: Mark Sisti)(Total Hearing Time: 5 hrs., 12 minutes) (ko) (Entered: 12/15/2022) |
| 12/15/2022 | 250 | OBJECTION by Ian Freeman re 246 Proposed Jury Instructions, 243 Proposed Jury Instructions, 248 Proposed Jury Instructions . (Sisti, Mark) (Entered: 12/15/2022) |
| 12/15/2022 | 251 | RESPONSE by USA as to Ian Freeman re 250 Objection (not to motion). (Kennedy, John) (Entered: 12/15/2022) |
| 12/16/2022 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: In Chambers Charging Conference via videoconference as to Ian Freeman held on 12/16/2022 (Govt Atty: Seth R. Aframe, Georgiana MacDonald, John J. Kennedy) (Defts Atty: Mark L. Sisti)(Total Hearing Time: 15 minutes) (jb) (Entered: 12/16/2022) |
| 12/16/2022 | | **ENDORSED ORDER as to Ian Freeman reviewing 250 Objection to 243 Proposed Jury Instructions, 246 Proposed Jury Instructions. 248 Proposed Jury Instructions, and 251 Response to 250 Objection. *Text of Order: Reviewed, first charge conference held 12/16/2022.* So Ordered by Judge Joseph N. Laplante. (jb)** (Entered: 12/16/2022) |
| 12/19/2022 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: JURY TRIAL – Day 8 as to Ian Freeman held on 12/19/2022. Evidence introduced. Witnesses Appearing: Renee Spinella. Government rests. Defendant's Oral Rule 29 motion taken |

| | | |
|---|---|---|
| | | under advisement. (Court Reporter: Liza Dubois) (Govt Atty: Georgiana MacDonald, John Kennedy, Seth Aframe) (Defts Atty: Mark Sisti)(Total Hearing Time: 1 hrs., 53 minutes) (ko) (Entered: 12/19/2022) |
| 12/19/2022 | | Oral Rule 29 Motion by Ian Freeman. (ko) (Entered: 12/19/2022) |
| 12/19/2022 | | **ORAL ORDER as to Ian Freeman re Oral Rule 29 Motion.** *Oral Motion Taken Under Advisement.* **So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 12/19/2022) |
| 12/19/2022 | 253 | FACTORS TO BE CONSIDERED WHEN CONSIDERING THE TAX EVASION CHARGES by Ian Freeman (Sisti, Mark) (Entered: 12/19/2022) |
| 12/19/2022 | 254 | RESPONSE by USA as to Ian Freeman re Order. *Supplemental Response Requested by Court Regarding Tax Issue* (Kennedy, John) (Entered: 12/19/2022) |
| 12/20/2022 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: JURY TRIAL – Day 9 as to Ian Freeman held on 12/20/2022. Evidence introduced. Witnesses Appearing: Keith Murphy, Max Santonastaso, Edward Forster, Adam Mosher, Dael Chapman, Carolynn Ubanski, Melinda Cambriar, Ian Freeman. (Court Reporter: Susan Bateman AM, Liza Dubois PM) (Govt Atty: Georgiana MacDonald, John Kennedy, Seth Aframe) (Defts Atty: Mark Sisti)(Total Hearing Time: 4 hrs., 51 minutes) (ko) Modified on 12/27/2022 to modify date filed (ko). (Entered: 12/27/2022) |
| 12/20/2022 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: In Chambers Conference as to Ian Freeman held on 12/20/2022. (Govt Atty: Georgiana MacDonald, John Kennedy, Seth Aframe) (Defts Atty: Mark Sisti)(Total Hearing Time: 54 minutes) (ko) (Entered: 12/27/2022) |
| 12/21/2022 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: JURY TRIAL – Day 10 as to Ian Freeman held on 12/21/2022. Evidence introduced. Witnesses Appearing: Mohammad Ali, Paul Niwa. Closing arguments. Court charges jury. Jury retires to deliberate. Jury deliberations. Oral Rule 29 Motion Renewed by defendant. Oral Order: Motion taken under advisement. (Court Reporter: Brenda Hancock AM, Liza Dubois PM) (Govt Atty: Georgiana MacDonald, John Kennedy, Seth Aframe) (Defts Atty: Mark Sisti)(Total Hearing Time: 4 hrs., 27 minutes) (ko) Modified on 12/27/2022 to modify date filed (ko). (Entered: 12/27/2022) |
| 12/21/2022 | 256 | Court Jury Instructions as to Ian Freeman.(ko) (Entered: 12/27/2022) |
| 12/21/2022 | 257 | TRIAL EXHIBIT LIST by USA as to Ian Freeman.(ko) (Entered: 12/27/2022) |
| 12/21/2022 | 258 | TRIAL EXHIBIT LIST by Ian Freeman.(ko) (Entered: 12/27/2022) |
| 12/21/2022 | 259 | Attorney Certification of Electronic Exhibits Submitted for Presentation Using the Jury Evidence Recording System (JERS).(ko) (Entered: 12/27/2022) |
| 12/22/2022 | | **ENDORSED ORDER as to Ian Freeman reviewing 253 FACTORS TO BE CONSIDERED WHEN CONSIDERING THE TAX EVASION CHARGES; 254 RESPONSE by USA as to Ian Freeman re Order. Supplemental Response Requested by Court Regarding Tax Issue.** *Text of Order: Reviewed.* **So Ordered by Judge Joseph N. Laplante. (jb)** (Entered: 12/22/2022) |
| 12/22/2022 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: JURY TRIAL – Day 11 as to Ian Freeman held on 12/22/2022. Jury deliberations. Jury returns verdict. |

| | | Rule 29 motion still under advisement. Defendant remains released on bail conditions. (Court Reporter: Liza Dubois) (Govt Atty: Georgiana MacDonald, John Kennedy, Seth Aframe) (Defts Atty: Mark Sisti)(Total Hearing Time: 25 minutes) (ko) (Entered: 12/27/2022) |
|---|---|---|
| 12/22/2022 | 260 | JURY VERDICT as to Ian Freeman (1) Guilty on Counts 1s,2s,21s,28s,29s–32s. (Attachments: # 1 Unredacted Verdict Form) *Document available in clerk's office.*(ko) (Entered: 12/27/2022) |
| 12/22/2022 | 261 | **ORDER Setting Conditions of Release as to Ian Freeman. So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 12/27/2022) |
| 12/22/2022 | | NOTICE OF HEARING as to Ian Freeman. Sentencing set for 4/14/2023 at 10:00 AM before Judge Joseph N. Laplante. *The court has allotted 1 hour for the hearing. Please contact the court immediately if you anticipate the hearing will exceed the allotted time.* **Any motion seeking a departure or variance, as well as any sentencing memorandum, shall be filed 10 days prior to the sentencing date. Any response shall be filed 4 days prior to sentencing date. Defense counsel should advise the defendant that any monetary portion of the sentence will be payable only by cash, bank check, money order or debit or credit card via pay.gov (after obtaining a transaction ID from the probation officer.) No card payments can be made at the counter.(ko) (Entered: 12/27/2022)** |
| 01/19/2023 | 265 | MEMORANDUM *IN SUPPORT OF DEFENDANT'S ORAL MOTION FOR A JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29.* (Sisti, Mark) Modified on 1/19/2023 to link document to oral motion (ko). (Entered: 01/19/2023) |
| 01/31/2023 | 266 | OBJECTION by USA as to Ian Freeman re MOTION Rule 29 Motion . (Aframe, Seth) (Entered: 01/31/2023) |
| 03/01/2023 | 268 | TRANSCRIPT of Proceedings as to Ian Freeman, Aria DiMezzo for Motion Hearing held on September 1, 2022. Court Reporter: Susan M. Bateman, Telephone # 603 225–1453. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 3/22/2023. Redacted Transcript Follow Up 4/3/2023. Release of Transcript Restriction set for 5/30/2023. (jb) (Entered: 03/02/2023) |
| 03/01/2023 | 269 | TRANSCRIPT of Proceedings as to Ian Freeman for Jury Trial – Day Two – Afternoon Session held on December 7, 2022. Court Reporter: Susan M. Bateman, Telephone # 603 225–1453. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number. |

| | | |
|---|---|---|
| | | **NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 3/22/2023. Redacted Transcript Follow Up 4/3/2023. Release of Transcript Restriction set for 5/30/2023. (jb) Modified on 3/2/2023 to correct hearing date (jb). (Entered: 03/02/2023) |
| 03/01/2023 | <u>270</u> | TRANSCRIPT of Proceedings as to Ian Freeman for Jury Trial – Day Four – Morning Session held on December 9, 2022. Court Reporter: Susan M. Bateman, Telephone # 603 225–1453. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 3/22/2023. Redacted Transcript Follow Up 4/3/2023. Release of Transcript Restriction set for 5/30/2023. (jb) (Entered: 03/02/2023) |
| 03/01/2023 | <u>271</u> | TRANSCRIPT of Proceedings as to Ian Freeman for Jury Trial – Day Five – Afternoon Session held on December 12, 2022. Court Reporter: Susan M. Bateman, Telephone # 603 225–1453. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 3/22/2023. Redacted Transcript Follow Up 4/3/2023. Release of Transcript Restriction set for 5/30/2023. (jb) (Entered: 03/02/2023) |
| 03/01/2023 | <u>272</u> | TRANSCRIPT of Proceedings as to Ian Freeman for Jury Trial – Day Seven – Morning Session held on December 14, 2022. Court Reporter: Susan M. Bateman, Telephone # 603 225–1453. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.** |

| | | |
|---|---|---|
| | | Redaction Request Follow Up 3/22/2023. Redacted Transcript Follow Up 4/3/2023. Release of Transcript Restriction set for 5/30/2023. (jb) (Entered: 03/02/2023) |
| 03/01/2023 | 273 | TRANSCRIPT of Proceedings as to Ian Freeman for Jury Trial – Day Nine – Morning Session held on December 20, 2022. Court Reporter: Susan M. Bateman, Telephone # 603 225–1453. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 3/22/2023. Redacted Transcript Follow Up 4/3/2023. Release of Transcript Restriction set for 5/30/2023. Follow up on Defendant Brief on 3/31/2023. (jb) (Entered: 03/02/2023) |
| 03/10/2023 | 275 | Assented to MOTION to Extend Time to Object/Respond to 274 Presentence Investigation Report,,, to for 45 Days by Ian Freeman. (Sisti, Mark) (Entered: 03/10/2023) |
| 03/10/2023 | 276 | Assented to MOTION to Continue Sentencing Hearing *until June 2023* by Ian Freeman. (Sisti, Mark) (Entered: 03/10/2023) |
| 03/10/2023 | 277 | TRANSCRIPT of Proceedings as to Ian Freeman for Jury Trial Day 1 Afternoon Session held on 12/6/2022. Court Reporter: Liza Dubois, Telephone # 603–225–1442. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 3/31/2023. Redacted Transcript Follow Up 4/10/2023. Release of Transcript Restriction set for 6/8/2023. (ko) (Entered: 03/10/2023) |
| 03/10/2023 | 278 | TRANSCRIPT of Proceedings as to Ian Freeman for Jury Trial Day 3 Morning Session held on 12/8/2022. Court Reporter: Liza Dubois, Telephone # 603–225–1442. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from** |

| | | |
|---|---|---|
| | | **service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 3/31/2023. Redacted Transcript Follow Up 4/10/2023. Release of Transcript Restriction set for 6/8/2023. (ko) (Entered: 03/10/2023) |
| 03/10/2023 | 279 | TRANSCRIPT of Proceedings as to Ian Freeman for Jury Trial Day 4 Afternoon Session held on 12/9/2022. Court Reporter: Liza Dubois, Telephone # 603–225–1442. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 3/31/2023. Redacted Transcript Follow Up 4/10/2023. Release of Transcript Restriction set for 6/8/2023. (ko) (Entered: 03/10/2023) |
| 03/10/2023 | 280 | TRANSCRIPT of Proceedings as to Ian Freeman for Jury Trial Day 6 Morning Session held on 12/13/2022. Court Reporter: Liza Dubois, Telephone # 603–225–1442. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 3/31/2023. Redacted Transcript Follow Up 4/10/2023. Release of Transcript Restriction set for 6/8/2023. (ko) (Entered: 03/10/2023) |
| 03/10/2023 | 281 | TRANSCRIPT of Proceedings as to Ian Freeman for Jury Trial Day 7 Afternoon Session held on 12/14/2022. Court Reporter: Liza Dubois, Telephone # 603–225–1442. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 3/31/2023. Redacted Transcript Follow Up 4/10/2023. Release of Transcript Restriction set for 6/8/2023. (ko) (Entered: 03/10/2023) |

| | | |
|---|---|---|
| 03/10/2023 | 282 | TRANSCRIPT of Proceedings as to Ian Freeman for Jury Trial Day 8 Morning Session held on 12/19/2022. Court Reporter: Liza Dubois, Telephone # 603–225–1442. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number. <br><br> **NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.** <br><br> Redaction Request Follow Up 3/31/2023. Redacted Transcript Follow Up 4/10/2023. Release of Transcript Restriction set for 6/8/2023. (ko) (Entered: 03/10/2023) |
| 03/10/2023 | 333 | TRANSCRIPT of Proceedings as to Ian Freeman for Jury Trial Day 9 Afternoon Session held on 12/20/2022. Court Reporter: Liza Dubois, Telephone # 603–225–1442. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number. <br><br> **NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.** <br><br> Redaction Request Follow Up 3/31/2023. Redacted Transcript Follow Up 4/10/2023. Release of Transcript Restriction set for 6/8/2023. (ko) (ko). Modified on 8/23/2023 to add: document number (ko). (Entered: 03/10/2023) |
| 03/10/2023 | 283 | TRANSCRIPT of Proceedings as to Ian Freeman for Jury Trial Day 10 Afternoon Session held on 12/21/2022. Court Reporter: Liza Dubois, Telephone # 603–225–1442. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number. <br><br> **NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.** <br><br> Redaction Request Follow Up 3/31/2023. Redacted Transcript Follow Up 4/10/2023. Release of Transcript Restriction set for 6/8/2023. (ko) (Entered: 03/10/2023) |
| 03/10/2023 | 284 | TRANSCRIPT of Proceedings as to Ian Freeman for Jury Trial Day 11 Jurry Verdict held on 12/22/2022. Court Reporter: Liza Dubois, Telephone # 603–225–1442. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys |

| | | |
|---|---|---|
| | | of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 3/31/2023. Redacted Transcript Follow Up 4/10/2023. Release of Transcript Restriction set for 6/8/2023. (ko) (Entered: 03/10/2023) |
| 03/10/2023 | 285 | TRANSCRIPT of Proceedings as to Ian Freeman for Evidentiary Hearing held on 11/15/2022. Court Reporter: Liza Dubois, Telephone # 603–225–1442. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 3/31/2023. Redacted Transcript Follow Up 4/10/2023. Release of Transcript Restriction set for 6/8/2023. (ko) (Entered: 03/10/2023) |
| 03/10/2023 | | **ENDORSED ORDER granting 275 Assented to MOTION to Extend Time to Object/Respond to 274 Presentence Investigation Report to for 45 Days as to Ian Freeman (1); granting 276 Assented to MOTION to Continue Sentencing Hearing *until June 2023* as to Ian Freeman (1). *Text of Order: Granted.* So Ordered by Judge Joseph N. Laplante. (Sentencing reset for 6/29/2023 at 10:00 AM before Judge Joseph N. Laplante. *The court has allotted 3 hours for the hearing. Please contact the court immediately if you anticipate the hearing will exceed the allotted time.*). Any motion seeking a departure or variance, as well as any sentencing memorandum, shall be filed 10 days prior to the sentencing date. Any response shall be filed 4 days prior to sentencing date.**(ko) (Entered: 03/13/2023) |
| 03/13/2023 | 286 | TRANSCRIPT of Proceedings as to Ian Freeman for Jury Trial Day 2 Morning Session held on 12/7/2022. Court Reporter: Brenda K. Hancock, Telephone # 603–225–1454. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.** |

| | | |
|---|---|---|
| | | Redaction Request Follow Up 4/3/2023. Redacted Transcript Follow Up 4/13/2023. Release of Transcript Restriction set for 6/12/2023. (ko) (Entered: 03/13/2023) |
| 03/13/2023 | 287 | TRANSCRIPT of Proceedings as to Ian Freeman for Jury Trial Day 3 Afternoon Session held on 12/8/2022. Court Reporter: Brenda K. Hancock, Telephone # 603–225–1454. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 4/3/2023. Redacted Transcript Follow Up 4/13/2023. Release of Transcript Restriction set for 6/12/2023. (ko) (Entered: 03/13/2023) |
| 03/13/2023 | 288 | TRANSCRIPT of Proceedings as to Ian Freeman for Jury Trial Day 5 Morning Session held on 12/12/2022. Court Reporter: Brenda K. Hancock, Telephone # 603–225–1454. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 4/3/2023. Redacted Transcript Follow Up 4/13/2023. Release of Transcript Restriction set for 6/12/2023. (ko) (Entered: 03/13/2023) |
| 03/13/2023 | 289 | TRANSCRIPT of Proceedings as to Ian Freeman for Jury Trial Day 6 Afternoon Session held on 12/13/2022. Court Reporter: Brenda K. Hancock, Telephone # 603–225–1454. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 4/3/2023. Redacted Transcript Follow Up 4/13/2023. Release of Transcript Restriction set for 6/12/2023. (ko) (Entered: 03/13/2023) |
| 03/13/2023 | 290 | TRANSCRIPT of Proceedings as to Ian Freeman for Jury Trial Day 10 Morning Session held on 12/21/2022. Court Reporter: Brenda K. Hancock, Telephone # |

| | | |
|---|---|---|
| | | 603–225–1454. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 4/3/2023. Redacted Transcript Follow Up 4/13/2023. Release of Transcript Restriction set for 6/12/2023. (ko) (Entered: 03/13/2023) |
| 04/20/2023 | | RESCHEDULING NOTICE OF HEARING as to Ian Freeman. Sentencing reset for 7/17/2023 at 10:00 AM (from 6/29/2023) before Judge Joseph N. Laplante. *The court has allotted 4 hours for the hearing. Please contact the court immediately if you anticipate the hearing will exceed the allotted time.* **Any motion seeking a departure or variance, as well as any sentencing memorandum, shall be filed 10 days prior to the sentencing date. Any response shall be filed 4 days prior to sentencing date.(ko) (Entered: 04/20/2023)** |
| 05/02/2023 | 307 | MOTION to Modify Conditions of Release by Ian Freeman. **HEARING REQUESTED.**Follow up on Objection on 5/16/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Sisti, Mark) (Entered: 05/02/2023) |
| 05/11/2023 | 308 | OBJECTION by USA as to Ian Freeman re 307 MOTION to Modify Conditions of Release . (Kennedy, John) (Entered: 05/11/2023) |
| 05/23/2023 | | **ENDORSED ORDER re 307 Motion to Modify Conditions of Release as to Ian Freeman (1). *Text of Order: Given the course of post–trial and pre–sentence supervision thus far, with which the court is satisfied in all respects, the court is inclined to replace the home confinement condition with a curfew under parameters to be suggested by the supervising Probation Officer. The court is not inclined to permit any out–of–district travel. On or before May 26, counsel shall confer with each other and with the supervising Probation Officer, and shall formulate and submit a proposed revised OSCOR – replacing the home confinement provision with a curfew for adoption by the court. Should the parties fail to agree to proposed terms, the court will issue a revised OSCOR immediately after the Memorial Day holiday weekend. So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 05/23/2023) |
| 05/25/2023 | 311 | Replaced by doc. no. 313 – **ORDER Setting Conditions of Release as to Ian Freeman. So Ordered by Judge Joseph N. Laplante. (ko)** Modified on 5/31/2023 to add replaced text (jb). (Entered: 05/30/2023) |
| 05/30/2023 | 312 | MOTION Expedited Request for Leave to Attend/Broadcast from Porcfest/Forkfest 6/15/23 – 6/25/23 by Ian Freeman.Follow up on Objection on 6/13/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Sisti, Mark) (Entered: 05/30/2023) |
| 05/30/2023 | | **ENDORSED ORDER as to Ian Freeman re 312 MOTION Expedited Request for Leave to Attend/Broadcast from Porcfest/Forkfest 6/15/23 – 6/25/23. *Text of** |

| | | |
|---|---|---|
| | | *Order: Government's response shall be filed by 5/31/2023.* **So Ordered by Judge Joseph N. Laplante. (jb)** (Entered: 05/30/2023) |
| 05/31/2023 | [313](#) | **ORDER (Corrected) Setting Conditions of Release** *Replaces doc. no.* **[311](#) as to Ian Freeman. So Ordered by Judge Joseph N. Laplante. (jb)** (Entered: 05/31/2023) |
| 05/31/2023 | [314](#) | OBJECTION by USA as to Ian Freeman re [312](#) MOTION Expedited Request for Leave to Attend/Broadcast from Porcfest/Forkfest 6/15/23 – 6/25/23 . (Kennedy, John) (Entered: 05/31/2023) |
| 06/01/2023 | | **ENDORSED ORDER denying re [312](#) MOTION Expedited Request for Leave to Attend/Broadcast from Porcfest/Forkfest 6/15/23 – 6/25/23 as to Ian Freeman (1).** *Text of Order: Denied.* **So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 06/01/2023) |
| 06/14/2023 | | NOTICE OF VIDEO CONFERENCE as to Ian Freeman. In Chambers Conference set for 6/16/2023 at 09:00 AM before Judge Joseph N. Laplante. (ko) (Entered: 06/14/2023) |
| 06/16/2023 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: In Chambers Video–Conference as to Ian Freeman held on 6/16/2023. Government's supplemental briefing due 6/23/2023. Defendant's response due by 6/30/2023. Sentencing to be rescheduled to 8/17/2023 at 10:00 a.m. (Govt Atty: Georgiana MacDonald, Seth R. Aframe, John J. Kennedy) (Defts Atty: Mark L. Sisti)(Total Hearing Time: 15 minutes) (jb) (Entered: 06/16/2023) |
| 06/16/2023 | | **RESCHEDULING NOTICE OF HEARING** (date change) as to Ian Freeman. Sentencing reset for 8/17/2023 at 10:00 AM (from 7/17/2023) before Judge Joseph N. Laplante.*The court has allotted 1 hour for the hearing. Please contact the court immediately if you anticipate the hearing will exceed the allotted time.* **Any motion seeking a departure or variance, as well as any sentencing memorandum, shall be filed 10 days prior to the sentencing date. Any response shall be filed 4 days prior to sentencing date. Defense counsel should advise the defendant that any monetary portion of the sentence will be payable only by cash, bank check, money order or debit or credit card via pay.gov (after obtaining a transaction ID from the probation officer.) No card payments can be made at the counter.(jb) (Entered: 06/16/2023)** |
| 06/23/2023 | [315](#) | REFILED SEE DOC. NO. [316](#) OBJECTION by USA as to Ian Freeman re MOTION Rule 29 Motion *(Supplemental).* **Certain exhibit(s) maintained conventionally in Clerks Office.** (Attachments: # [1](#) Exhibit Notice of Conventional FIling)(Aframe, Seth) Modified on 6/26/2023 to add: refiled docket text(ko). (Entered: 06/23/2023) |
| 06/23/2023 | [316](#) | OBJECTION by USA as to Ian Freeman re MOTION Rule 29 Motion *Supplemental (Replaces Doc. # 315).* **Certain exhibit(s) maintained conventionally in Clerks Office.** (Attachments: # [1](#) Exhibit 1: Trial Ex. 601 – LocalBitcoins Message, # [2](#) Exhibit 2: Trial Ex. 602 – Bank Receipt, # [3](#) Exhibit 3: Trial Ex. 603 – Trading Message, # [4](#) Exhibit 4: Trial Ex. 604 – Bank Receipt, # [5](#) Exhibit 5: Trial Ex. 609B – UC Transcript, # [6](#) Exhibit 6: Trial Ex. 862 – Telegram Chat, # [7](#) Exhibit 7: Trial Ex. 863 – Telegram Chat, # [8](#) Exhibit 8: Trial Ex. 605 – Notice of Conventional Filing, # [9](#) Exhibit 9: Trial Ex. 606 – Notice of Conventional Filing, # [10](#) Exhibit 10: Trial Ex. 610A – Notice of Conventional Filing, # [11](#) Exhibit 11: Trial Transcript Day 4 (Excerpt))(Aframe, Seth) (Entered: 06/23/2023) |

| 07/03/2023 | 318 | Assented to MOTION to Extend Time to Object/Respond to 316 Objection to Motion,,, to July 7, 2023 by Ian Freeman. (Sisti, Mark) (Entered: 07/03/2023) |
|---|---|---|
| 07/05/2023 | | **ENDORSED ORDER granting 318 Assented to MOTION to Extend Time to Object/Respond to 316 Objection to Motion to July 7, 2023 as to Ian Freeman (1).** *Text of Order: Granted.* **So Ordered by Judge Joseph N. Laplante.Follow up on Objection on 7/7/2023. (jb)** (Entered: 07/05/2023) |
| 07/06/2023 | 319 | REPLY TO OBJECTION to Motion by Ian Freeman re MOTION Rule 29 Motion . (Sisti, Mark) (Entered: 07/06/2023) |
| 07/17/2023 | 321 | MOTION for Forfeiture of Money Judgment by USA as to Ian Freeman. **HEARING REQUESTED.**Follow up on Objection on 7/31/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit 1 – First Tech 8014, # 2 Exhibit 2 – First Tech 7012, # 3 Exhibit 3 – Radius 0642, # 4 Exhibit 4 – SCU xx62, # 5 Exhibit 5 – BOA 8465, # 6 Exhibit 6 – Santander 9819, # 7 Exhibit 7 – Triangle 7610–2, # 8 Exhibit 8 – AgFed 9908, # 9 Exhibit 9 – WF 7792, # 10 Exhibit 10 – SCU 6792, # 11 Exhibit 11 – DFCU 5127, # 12 Exhibit 12 – Santander 2523, # 13 Exhibit 13 – CIT 4049, # 14 Exhibit 14 – DFCU 4760, # 15 Exhibit 15 – GFA 7902, # 16 Exhibit 16 – SCU 0019, # 17 Exhibit 17 – TD Bank 2980, # 18 Exhibit 18 – TD Bank 1932, # 19 Exhibit 19 – TD Bank 8273, # 20 Exhibit 20 – TD Bank 4372, # 21 Exhibit 21 – TD Bank 4848, # 22 Exhibit 22 – BOA 8122, # 23 Exhibit 23 – JPMC 9038, # 24 Exhibit 24 – BOA 9633, # 25 Exhibit 25 – WF 8055, # 26 Exhibit 26 – WF 3193, # 27 Exhibit 27 – SCU 9598, # 28 Exhibit 28 – DCFU 0897, # 29 Exhibit 29 – Citizens 4521, # 30 Exhibit 30 – WF 5556) (Kennedy, John) (Entered: 07/17/2023) |
| 07/28/2023 | | **ENDORSED ORDER as to Ian Freeman re 265 MEMORANDUM IN SUPPORT OF DEFENDANT'S ORAL MOTION FOR A JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29.** *Text of Order: Counsel are notified that the court intends to grant the defendant's motion for judgment of acquittal under Rule 29 (doc. no. 265 ) with respect to Count 3 of the indictment alleging Money Laundering. This notice is issued to enable the Probation Officer to account for this expected ruling (which will be included in the court's order on the motion to dismiss, doc. no. 176 ) in the Presentence Report while maintaining the currently scheduled sentencing date. So Ordered by Judge Joseph N. Laplante. (jb)* (Entered: 07/28/2023) |
| 07/31/2023 | | NOTICE OF VIDEO CONFERENCE as to Ian Freeman. In Chambers Conference set for 8/2/2023 at 08:30 AM before Judge Joseph N. Laplante. (ko) (Entered: 07/31/2023) |
| 08/02/2023 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: In Chambers Conference as to Ian Freeman held on 8/2/2023. (Govt Atty: Georgiana MacDonald, John Kennedy) (Defts Atty: Mark L. Sisti) (USP: Sean Buckley)(Total Hearing Time: 20 minutes) (ko) (Entered: 08/02/2023) |
| 08/02/2023 | 326 | Assented to MOTION to Continue Sentencing Hearing and Sentencing Memo/Variance Motion Deadline by Ian Freeman. (Sisti, Mark) (Entered: 08/02/2023) |
| 08/03/2023 | 329 | OBJECTION by Ian Freeman re 321 MOTION for Forfeiture of Money Judgment *(A Memo may follow)*. (Sisti, Mark) (Entered: 08/03/2023) |
| 08/07/2023 | | |

| | | |
|---|---|---|
| | | **ENDORSED ORDER granting re 326 Assented to MOTION to Continue Sentencing Hearing and Sentencing Memo/Variance Motion Deadline as to Ian Freeman (1).** *Text of Order: Granted.* **So Ordered by Judge Joseph N. Laplante. Sentencing reset for 9/11/2023 at 10:00 AM (from 8/17/2023) before Judge Joseph N. Laplante.** *The court has allotted 1 hour for the hearing. Please contact the court immediately if you anticipate the hearing will exceed the allotted time. Any motion seeking a departure or variance, as well as any sentencing memorandum, shall be filed 10 days prior to the sentencing date. Any response shall be filed 4 days prior to sentencing date.*(ko) (Entered: 08/07/2023) |
| 08/07/2023 | 330 | NOTICE OF ATTORNEY APPEARANCE: Richard Guerriero appearing for Ian Freeman . (Attachments: # 1 Exhibit Guerriero Letter Accompanying Appearance) Attorney Richard Guerriero added to party Ian Freeman(pty:dft).(Guerriero, Richard) (Entered: 08/07/2023) |
| 08/08/2023 | | **ENDORSED ORDER as to Ian Freeman re 330 Notice of Attorney Appearance – Defendant.** *Text of Order: The court requests a conference regarding this proposed representation. Counsel shall confer on their mutual availability and jointly arrange a video or in–person conference, as soon as practicable, based on their preference and convenience.* **So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 08/08/2023) |
| 08/09/2023 | | NOTICE OF VIDEO CONFERENCE as to Ian Freeman In Chambers Conference set for 8/11/2023 at 03:30 PM before Judge Joseph N. Laplante. (ko) (Entered: 08/09/2023) |
| 08/11/2023 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: In Chambers Conference as to Ian Freeman held on 8/11/2023. Counsel to file waiver. (Govt Atty: Seth Aframe, Georgiana MacDonald, John J Kennedy) (Defts Atty: Mark Sisti, Richard Guerriero)(Total Hearing Time: 50 minutes) (ko) (Entered: 08/11/2023) |
| 08/22/2023 | 332 | **MEMORANDUM ORDER granting in part and denying in part Oral MOTION Rule 29 Motion, 265 MEMORANDUM IN SUPPORT OF DEFENDANT'S ORAL MOTION FOR A JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29 and 176 Motion to Dismiss Counts One and Three as to Ian Freeman (1). Oral and written motions for judgment of acquittal are GRANTED–IN–PART as to Count 3 and DENIED–IN–PART as to the remaining counts. Freeman's motion to dismiss is DENIED. So Ordered by Judge Joseph N. Laplante. (jb)** (Entered: 08/22/2023) |
| 08/25/2023 | 334 | Waiver by Aria DiMezzo re Any Possible Conflict of Interest by Ian Freeman (Guerriero, Richard) (Entered: 08/25/2023) |
| 08/28/2023 | 335 | OBJECTION by Ian Freeman re 321 MOTION for Forfeiture of Money Judgment *(Supplement to Objection).* (Guerriero, Richard) (Entered: 08/28/2023) |
| 08/28/2023 | | **ENDORSED ORDER as to Ian Freeman re 334 Waiver by Aria DiMezzo re Any Possible Conflict of Interest.** *Text of Order: Reviewed. The court's concerns are not eliminated, despite its appreciation for Atty. Guerriero's responsive efforts here. Nonetheless, the court will not prohibit or otherwise conduct further inquiry into the representation out of respect for counsel involved, and in deference to the defendant's right to secure counsel of his choice.* **So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 08/28/2023) |
| 08/30/2023 | | |

| | | |
|---|---|---|
| | | NOTICE OF CONFERENCE as to Ian Freeman In Chambers Conference set for 8/31/2023 at 11:00 AM before Judge Joseph N. Laplante. (ko) (Entered: 08/30/2023) |
| 08/31/2023 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: In Chambers Conference as to Ian Freeman held on 8/31/2023. (Govt Atty: Georgiana MacDonald, John Kennedy, Seth Aframe) (Defts Atty: Mark Sisti, Richard Guerriero)(Total Hearing Time: 8 minutes) (ko) (Entered: 08/31/2023) |
| 09/01/2023 | 336 | SENTENCING MEMORANDUM by USA as to Ian Freeman. (Attachments: # 1 Exhibit Exhibit List in Support of Restitution, # 2 Notice ECF Notice of Conventional Filing – Restitution Exhibits)(MacDonald, Georgiana) (Entered: 09/01/2023) |
| 09/01/2023 | 337 | SENTENCING MEMORANDUM *Defendant's Memo in Support of a Booker Variance* by Ian Freeman. (Attachments: # 1 Appendix Appendix A – Letters in Support)(Sisti, Mark) (Entered: 09/01/2023) |
| 09/05/2023 | 338 | MOTION for Reconsideration re 332 Order on Motion for Miscellaneous Relief,, *Reconsideration of Denial of Motion to Dismiss* by Ian Freeman.Follow up on Objection on 9/19/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Guerriero, Richard) (Entered: 09/05/2023) |
| 09/05/2023 | 339 | MOTION for New Trial by Ian Freeman.Follow up on Objection on 9/19/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Guerriero, Richard) (Entered: 09/05/2023) |
| 09/06/2023 | | **ENDORSED ORDER as to Ian Freeman re 338 MOTION for Reconsideration 332 Order Denying Motion to Dismiss, 339 MOTION for New Trial. *Text of Order: If the prosecution wishes to maintain the current sentencing date, it should make responsive filings to the motions on or before 4pm on September 7. The court may consider the matter of sentencing (whether or not a delay is requested) after reviewing the responsive filings.* So Ordered by Judge Joseph N. Laplante. (Follow up on Objection on 9/7/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).)** (ko) (Entered: 09/06/2023) |
| 09/06/2023 | 340 | OBJECTION by USA as to Ian Freeman re 339 MOTION for New Trial . (Aframe, Seth) (Entered: 09/06/2023) |
| 09/06/2023 | 341 | Memo – The Court Should Release Ian Freeman Pending Appeal to the 1st Circuit by Ian Freeman (Sisti, Mark) (Entered: 09/06/2023) |
| 09/07/2023 | 343 | OBJECTION by USA as to Ian Freeman re 338 MOTION for Reconsideration re 332 Order on Motion for Miscellaneous Relief,, *Reconsideration of Denial of Motion to Dismiss* . (Aframe, Seth) (Entered: 09/07/2023) |
| 09/07/2023 | 344 | REPLY TO OBJECTION to Motion by USA as to Ian Freeman re 321 MOTION for Forfeiture of Money Judgment . (Kennedy, John) (Entered: 09/07/2023) |
| 09/08/2023 | 345 | RESPONSE by Ian Freeman re 336 Sentencing Memorandum. (Sisti, Mark) (Entered: 09/08/2023) |
| 09/11/2023 | | Minute Entry for proceedings held before Judge Joseph N. Laplante: In Chambers Conference as to Ian Freeman held on 9/11/2023. (Govt Atty: Georgiana MacDonald, John Kennedy, Seth Aframe) (Defts Atty: Mark Sisti, Richard Guerriero) (USP: Sean Buckley)(Total Hearing Time: 40 minutes) (ko) (Entered: 09/11/2023) |

| 09/11/2023 | | Minute Entry for proceedings held before Judge Joseph N. Laplante re SENTENCING. Motion for Reconsideration (doc. no. 338 ) and Motion for New Trial (doc. ono. 339 ) argued. Order to issue. Defendant shall file brief by 9/25/2023. (Court Reporter: Liza Dubois) (Govt Atty: Georgiana MacDonald, John Kennedy, Seth Aframe) (Defts Atty: Mark Sisti, Richard Guerriero) (USP: Sean Buckley)(Total Hearing Time: 1 hr., 5 minutes) (ko) (Entered: 09/11/2023) |
|---|---|---|
| 09/11/2023 | | NOTICE OF HEARING as to Ian Freeman. Sentencing set for 10/2/2023 at 10:00 AM before Judge Joseph N. Laplante. *The court has allotted 1 hour for the hearing. Please contact the court immediately if you anticipate the hearing will exceed the allotted time.* **Any motion seeking a departure or variance, as well as any sentencing memorandum, shall be filed 10 days prior to the sentencing date. Any response shall be filed 4 days prior to sentencing date. Defense counsel should advise the defendant that any monetary portion of the sentence will be payable only by cash, bank check, money order or debit or credit card via pay.gov (after obtaining a transaction ID from the probation officer.) No card payments can be made at the counter.(ko) (Entered: 09/11/2023)** |
| 09/11/2023 | | **ENDORSED ORDER re 338 Motion for Reconsideration re 332 Order on Motion for Miscellaneous Relief, Reconsideration of Denial of Motion to Dismiss, 339 Motion for New Trial as to Ian Freeman (1).** *Text of Order: Motion denied for the reasons stated on the record.* **So Ordered by Judge Joseph N. Laplante.** (ko) (Entered: 09/11/2023) |
| 09/12/2023 | 346 | NOTICE OF APPEAL (Interlocutory) by USA as to Ian Freeman re 332 Order on Motion for Miscellaneous Relief,,. (No fee paid, USA or IFP) [NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the Forms & Notices section of the First Circuit website at www.ca1.uscourts.gov, MUST be completed and submitted to the U.S. Court of Appeals for the First Circuit.] (Aframe, Seth) (Entered: 09/12/2023) |
| 09/15/2023 | 347 | Appeal Cover Sheet as to Ian Freeman re 346 Notice of Appeal – Interlocutory. (Attachments: # 1 Transcript Report Form)(ko) (Entered: 09/15/2023) |
| 09/15/2023 | 348 | Clerk's Certificate transmitting Record on Interlocutory Appeal to US Court of Appeals, documents numbered 265, 266, Endorsed Order dated 7/28/23, 332, 346, and 347 as to Ian Freeman to USCA re 346 Notice of Appeal – Interlocutory. (ko) (Entered: 09/15/2023) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

APPEAL COVER SHEET

1.   USDC/NH Case No. 21-cr-41-01-JL

2.   TITLE OF CASE:   **USA v. Ian Freeman**

3.   TYPE OF CASE: Criminal

4.   NAME OF APPELLANT(S) & COUNSEL FOR APPELLANT(S):
     See certified copy of docket (ECF registered users not provided with a copy of docket)

5.   NAME OF APPELLEE(S) & COUNSEL FOR APPELLEE(S):
     See certified copy of docket (ECF registered users not provided with a copy of docket)

6.   NAME OF JUDGE: Joseph N. Laplante

7.   DATE OF JUDGMENT OR ORDER ON APPEAL: **August 22, 2023**

8.   DATE OF NOTICE OF APPEAL: **September 12, 2023**

9.   FEE PAID or IFP: Not Applicable

10.   COURT APPOINTED COUNSEL: NO

11.   COURT REPORTERS: and DATES: **Susan Bateman:** 6/28/22 Motion Hearing, 7/15/22 Status Conference, 9/1/22 Motion Hearing, 12/6/22 Jury Selection/Trial Day 1 AM, 12/7/22 Trial Day 2, 12/9/22 Trial Day 4, 12/13/22 Trial Day 5, 12/14/22 Trial Day 7, 12/20/22 Trial Day 9.

**Brenda Hancock:** 3/16/21 Initial Appearance/Arraignment, 3/19/21 Detention Hearing, 12/7/22 Trial Day 2, 12/8/22 Trial Day 3, 12/13/22 Trial Day 5, 12/14/22 Trial Day 6, 12/21/22 Trial Day 10/Oral Rule 29 Motion Renewed.

**Liza Dubois:**   5/10/21 Motion Hearing, 5/20/21 Motion Hearing, 12/6/22 Trial Day 1 PM, 12/7/22 Trial Day 2, 12/8/22 Trial Day 3, Trial Day 4, 12/14/23 Trial Day 6, 12/14/22 Trial Day 7, 12/19/22 Trial Day 8/Oral Rule 29 Motion, 12/20/22 Trial Day 9, 12/21/22 Trial Day 10, 12/22/22 Trial Day 11.

12.   TRANSCRIPTS ORDERED/ON FILE: YES

13.   HEARING/TRIAL EXHIBITS: YES

14.   MOTIONS PENDING: YES

15.   GUIDELINES CASE:   N/A

16.   RELATED CASES or CROSS APPEAL: NO

17.   SPECIAL COMMENTS:   Sentencing hearing is scheduled for 10/2/2023.

# UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

Case name _____

District Court Case No. _____  District of PLEASE SELECT

Date Notice of Appeal filed _____  Court of Appeals Case No. _____

Form filed on behalf of _____

## TRANSCRIPT REPORT

Transcript Not Necessary for this Appeal _____

Transcript Already Filed in District Court.  List each transcript by docket entry number and date and type of proceeding (attach separate page if necessary) _____

## TRANSCRIPT ORDER

Name of Court Reporter_____

Phone Number of Reporter_____

A. _____  **This constitutes an order of the transcript of the following proceedings [check appropriate box(es) and indicate dates of hearing(s)]:**

PROCEEDING(S)                                                  HEARING DATE(S)

☐  Jury Voir Dire                                             _____
☐  Opening Statement (plaintiff)                              _____
☐  Opening Statement (defendant)                             _____
☐  Trial                                                     _____
☐  Closing Argument (plaintiff)                              _____
☐  Closing Argument (defendant)                              _____
☐  Findings of Fact/Conclusions of Law                       _____
☐  Jury Instructions                                         _____
☐  Change of Plea                                            _____
☐  Sentencing                                                _____
☐  Bail hearing                                              _____
☐  Pretrial proceedings (specify) _____                 _____
☐  Testimony (specify ) _____                     _____
☐  Other (specify) _____                       _____

NOTE: Any form that fails to specify in adequate detail those proceedings to be transcribed will be considered deficient.

B. _____  **I certify that I have contacted the court reporter and the following financial arrangements for payment of the transcript have been made:**

☐  Private funds.
☐  Government expense (civil case).  IFP status has been granted and a motion for transcript at government expense has been allowed.  (Attach a copy of the order to each copy of this order form.)
☐  Criminal Justice Act.  A CJA Form 24  has been approved by the <u>district court</u> judge.
☐  Criminal Justice Act.  A CJA Form 24 is attached for authorization by the court of appeals.
☐  Federal Public Defender/Government Counsel - no CJA Form 24 necessary.

Filer's name _____  Filer's Signature _____

Firm/Address _____  Filer's Email address _____

Telephone number _____  Date mailed to court reporter _____

(Court Reporter Use ONLY) Date received _____

Form CA1-10 (6/09/09)                                        **SEE INSTRUCTIONS ON REVERSE**

# UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

## TRANSCRIPT REPORT/ORDER FORM

This form must be completed by any party that files a notice of appeal to the First Circuit and by any party that wishes to order a transcript for an appeal. **A Transcript Report/Order Form that fails to comply with these instructions will be deemed non-compliant. In addition, the appeal will be subject to dismissal pursuant to <u>1st Cir. R. 3.0(b)</u> and 10.0(a) if appellant fails to timely file a Transcript Report/Order Form.**

### TRANSCRIPT REPORT INSTRUCTIONS

If a transcript is not necessary for the appeal, or the transcript is already completed and filed with the district court, only the Transcript Report section needs to be completed. Appellant must file the completed Transcript Report Form with the Court of Appeals Clerk's Office, accompanied by proof of service on opposing parties, within 14 days after the case is docketed in the Court of Appeals.

### TRANSCRIPT ORDER INSTRUCTIONS

If a transcript is being ordered, the Transcript Order section of the form must be completed. The completed Transcript Order Form must be filed with the court reporter in the district court within 14 days after filing the notice of appeal. <u>Fed. R. App. P. 10(b)</u>. <u>Do not submit this form until financial arrangements have been made with the court reporter</u>. Appellant must file the completed Transcript Order Form with the Court of Appeals Clerk's Office and one copy with the district court clerk's office, accompanied by proof of service on opposing parties, within 14 days after the case is docketed in the Court of Appeals.

### CRIMINAL JUSTICE ACT INSTRUCTIONS

Any party ordering transcripts at government expense under the Criminal Justice Act must also complete a CJA Form 24, Authorization and Voucher for Payment of Transcripts. The voucher must be authorized by either the district court judge or the circuit court judge prior to the order being placed with the court reporter. Both the Transcript Order Form and CJA Form 24 must indicate with specificity those proceedings to be transcribed. The transcript order will be considered timely for purposes of <u>Fed. R. App. P. 10(b)</u> and <u>1st Cir. R. 3.0(b)</u> and 10.0(a) if a completed Transcript Order Form and a CJA Form 24 in need of authorization are received by the Court of Appeals Clerk's Office within 14 days of the docketing of the appeal. The Clerk's Office will forward the Transcript Order Form and authorized CJA Form 24 to the court reporter.

**NOTE**: A separate Transcript Order Form (and if necessary, a CJA Form 24) must be completed for each court reporter from whom a transcript is requested.

### COURT REPORTER'S DUTIES

The court reporter should indicate on the Transcript Order Form the date of receipt of the form. Once the Transcript Order Form is filed in the Court of Appeals, the Clerk's Office will send a Transcript Order Acknowledgment to the court reporter noting the deadline for production of the transcript. If the court reporter *promptly* returns the Acknowledgment indicating that the transcript order is incomplete for any reason, the deadline may be suspended until the party ordering the transcript cures the deficiency. If the court reporter cannot complete the transcript by the deadline, he or she must file a motion for extension in the Court of Appeals. <u>Fed. R. App. P. 11(b)</u>. An extension of time does not waive the mandatory fee reductions, which shall take effect after 60 days if the transcript order is not completed and a waiver has not been granted. Once the transcript is complete, the court reporter must file a copy with the district court and provide the ordering party with a copy.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States of America

     v.                                          No. 21-cr-41-01-JL

Ian Freeman


CLERK'S CERTIFICATE TO
CIRCUIT COURT OF APPEALS

    I, Kellie Otis, Deputy Clerk of the United States District Court
for the District of New Hampshire, do hereby certify that the
following documents constitute the record on appeal to the First
Circuit Court of Appeals:

    DOCUMENTS NUMBERED: 265, 266, Endorsed Order dated 7/28/23, 332,
346, and 347.

    The Clerk's Office hereby certifies the record and docket sheet
available through ECF to be the certified record and the certified
copy of the docket entries.

    Hearing and/or trial exhibits will be mailed to the First Circuit
Clerk's Office upon request from the Circuit.


IN TESTIMONY WHEREOF, I hereunto
set my hand and affix the seal
of said Court, at Concord, in
said District, on this day,
September 15, 2023


FCPKGN'LØN[ PEJ , Clerk

By: /s/ Kellie Otis, Deputy Clerk

Sep 15, 2023

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )    Docket no. 1:21-cr-00041-JL |
| | ) |
| IAN FREEMAN | ) |
| | ) |

UNITED STATES' NOTICE OF APPEAL

Pursuant to 18 U.S.C. § 3731, the United States hereby provides notice to appeal the

district court's August 22, 2023 order granting the defendant's post-verdict motion for judgment

of acquittal under Fed. R. Crim. P. 29 on count 3 charging money laundering.

Respectfully submitted,


JANE E. YOUNG
United States Attorney

Dated: September 12, 2023                    /s/ Seth R. Aframe
                                             Seth R Aframe
                                             Mass. Bar 643288
                                             Assistant United States Attorney
                                             53 Pleasant Street
                                             Concord, New Hampshire 03301
                                             603-225-1552

# *United States District Court*

## DISTRICT OF NEW HAMPSHIRE

## United States of America

### v.

### Ian Freeman

### CASE NUMBER: 1:21-cr-000041

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29.**

The Defendant requests that this honorable court dismiss all counts set forth in the above-titled matter pursuant to Rule 29 of the Federal Rules of procedure.

During the trial, the Defendant made timely motions to dismiss all matters once after the submission of the Government's case and then after all evidence has been submitted. The basis for the requests was focused on the insufficiency of evidence adduced at the trial on all counts.

## <u>COUNT 1</u>

With regard to Count 1, the Defendant contends that the United States' Government has failed to prove that the <u>Defendant</u> knowingly controlled, conducted, managed, supervised, directed or owned a business. Mr. Freeman denies any "business" aspect with regard to the operation of any "vending machine". Said machines were church-related and would fall outside of the scope of the controlling statute. The same can be said for the online-sales aspect of the church's activity. All of Mr. Freeman's offers online as presented at trial stated clearly that these were church donations. All buyers agreed to these terms when opening trades.

Additionally, the Church was not engaged in "money transmitting". The transactions involved church-owned Bitcoin. The Defendant incorporates all arguments and the pretrial <u>Motion To Dismiss</u> with regard to this aspect of our current Rule 29 motion.

The Defendant maintains that no license is required for the transactions complained of in this court as he and the church fall outside of the statute in effect at the time of the transactions. Additionally, no competent evidence regarding the conveyance of the bitcoin to another location or person was placed into evidence. No blockchain testimony was introduced. The only evidence before the jury regarding the dynamics of the transaction came from Mr. Freeman. The simple explanation being that no movement of the "Bitcoin" ever takes place.

Mr. Freeman's state of mind/intent was that he engaged in "church" activity actively, not "business" activity. Because of that state of mind, he could not "knowingly" be engaged in a "money transmitting business". That state of mind was supported by information known to him at the time. (An opinion letter by his lawyer and testimony from a banking official).

## <u>COUNT 2</u>

The Defendant incorporates all arguments made at trial and all arguments set forth in this <u>Memorandum</u> referring to Count 1.

Additionally, Mr. Freeman contends that he never "willfully joined the conspiracy". His involvement was not to act voluntarily and intelligently and with specific intent that the underlying crime be committed". His intent was to engage in lawful bitcoin vending machine activity. This activity was operated openly and

notoriously in venues open to the public and in plain view of law enforcement and regulatory agencies.  There was <u>no</u> bad purpose connected with these machines and no complaints from the owners of the business where the machines were located nor anyone utilizing the machines came to light during the trial.

In regard to the online-sales aspect, Mr. Freeman was a top-seller on localbitcoins.com, a site open and readily accessible. What little negative feedback Mr. Freeman received on localbitcoins.com could not even bring his positive rating down to less than 100%.

### COUNT 3: MONEY LAUNDERING

The Defendant incorporates all arguments of relevance made in this Memorandum regarding Counts 1 and 2 along with all arguments that the government failed to adduce sufficient evidence to support a conviction on Count 3.

Count 3 is the so-called undercover purchase of Bitcoin at a Keene-area Bitcoin vending machine. First and foremost, Freeman by all accounts did not conduct nor attempt to conduct a financial transaction. The evidence is that Freeman specifically told the I.R.S. agent that he could not do business with him, as he (the agent) had informed Mr. Freeman of the illegal nature of his (drug dealing). Approximately a month later the agent in a 5-7 second exchange at a location 30 miles away from Keene, NH inquired as to whether he could use the Bitcoin vending machine in Keene. Mr. Freeman's immediate response was that no, he could not say he could do that.  That is the essence of the exchange. Additionally, prior to this interaction and prior to Freeman being informed of the drug dealing nature of the agent, Freeman had lowered his fee from 14% to 10% on

the Bitcoin purchase. Evidence was adduced at the trial that Freeman could monitor the machines remotely to allow for such a reduction.

The agent apparently purchased approximately $20,000.00 in bitcoin. No evidence was introduced that at all indicated that Freeman was at the scene of the purchase. No evidence was introduced that Freeman remotely monitored the purchase. No evidence was introduced that Freeman reduced his fee for said purchase. No evidence was introduced that Freeman was subsequently informed of the purchase being made by the agent and no evidence was introduced that Freeman lowered his fee because of said purchase.

There was evidence that Mr. Freeman was in contact with the agent in some way regarding a New Year's Eve party. No communication referred to a $20,000.00 purchase. The Federal Government failed on every element of Count 3.


## **COUNT 4**

The Defendant incorporates all arguments made so far in this memorandum and all arguments and citations set forth in the Pre-trial <u>Motion To Dismiss</u>. Mr. Freeman denies any knowing and willful intent to agree with any individual to enter into an agreement to launder money. He denies any intent to do any unlawful act.

The Trial began with no allegation that Mr. Freeman was a scammer. In fact, evidence was introduced to indicate that on occasion he aided law enforcement with investigating and aided or attempted to aid people that were victimized to get their money back.

No individual was called to testify that they agreed with Mr. Freeman to commit any unlawful act. No individual testified that Mr. Freeman requested them to engage in any unlawful activity.

Count 4 fails because of insufficient evidence introduced at trial and evidence adduced that was contrary to the specific knowledge requirement of this offense. The proprietor of the Country Store and Renee Spinella both clearly testified that they did not agree to do anything illegal with Ian Freeman and specifically neither testified that they agreed to launder money.

## COUNTS 5-8 TAX EVASION

All four (4) tax evasion counts fail as the federal government introduced insufficient evidence to support the elements of the offense.

First and foremost, the government failed to prove that Freeman "owed substantially more federal income tax for the years in question than he paid or was assessed". The Internal Revenue Service never "assessed" the tax allegedly owed by Mr. Freeman. No _actual_ tax deficiency has ever been calculated by any government agency with any degree of accuracy. No audit of Ian Freeman was ever done and any tax liability attributed to Mr. Freeman is set forth through speculation and absence of documentation.

The facts introduced by the representative from the I.R.S. in essence were that the I.R.S. never requested that Mr. Freeman appear for an interview or audit; that such letters routinely are sent out to individuals regarding questionable income tax deficiencies and that to this day no request for documents of Mr. Freeman's or any specific explanation of his tax status has been made.

The I.R.S. representative merely utilized "standard deductions" after looking at sparse data to conclude there was a deficiency. No inquiry as to whether the "income" was that of a church was made.

At the conclusion of her testimony, the I.R.S. accountant agreed that Mr. Freeman may not owe taxes.

Ian Freeman did not evade, nor did he defeat the assessment or payment of tax. It is agreed that he did not file. The mere fact of his lack of filing is not evasion. His lack of filing is not avoiding payment. Especially when to this date we do not know what his tax liability would be. In other words, the bill hasn't been presented to him.

## **CONCLUSION**

For the reasons contained in this Memorandum and for any other reason set forth during the pre-trial motion to dismiss as well as the Rule 29 Motions at trial the court should rule that the government failed to introduce sufficient evidence to support convictions on all counts.

Therefore, a judgement of acquittal should be declared.

**January 19, 2023**
_____               /s/ Mark L Sisti_____
*Date*                                                          *Signature*

                                                              Mark L.Sisti_____
                                                              *Print Name*

                                                       _____387 Dover Road_____
                                                              *Address*

                                                       _____Chichester, NH    03258_____
*City*                                                *State*                          *Zip Code*

_____(603) 224-4220_____
**Phone Number**

## CERTIFICATION

I hereby certify that a copy of this filing was forwarded to Seth Aframe, Esq. and Georgiana MacDonald, Esq of the U.S. District Attorney's Office, electronically through EFC on January 19, 2023.

**January 19, 2023**

_____     _/s/ Mark L Sisti_____
**Date**                                 **Signature**

                                         Mark L. Sisti_____
                                         **Print Name**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Docket no. 1:21-cr-41-JL |
| | ) | |
| IAN FREEMAN | ) | |
| | ) | |

UNITED STATES' OBJECTION TO
DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

I.    INTRODUCTION.

A jury convicted Ian Freeman of several counts related to his operation of a business that

traded bitcoin for fiat currency, namely (1) unlawful operation of an unlicensed money

transmitting business; (2) conspiracy to operate an unlicensed money transmitting business; (3)

money laundering; (4) conspiracy to launder money; and (5) tax evasion.  The defendant

preserved motions for judgment of acquittal under Fed. R. Crim. P. 29.  This Court took the

defendant's motion under advisement to permit the parties the opportunity to brief the issues

raised.

For the reasons described below, there was sufficient evidence to support the jury's guilty

verdict on each count.  Therefore, the Court should deny the motion for acquittal.

II.    STANDARD OF REVIEW.

In evaluating a Rule 29 motion, the Court's task is to decide whether, "after assaying all

the evidence in the light most amiable to the government, and taking all reasonable inferences in

its favor, a rational factfinder could find, beyond a reasonable doubt, that the prosecution

successfully proved the essential elements of the crime." United States v. Hatch, 434 F.3d 1, 4

(1st Cir. 2006).  In making this judgment, all credibility disputes are to be resolved in the

verdict's favor.  Id.  Moreover, is not necessary that a guilty verdict be the only verdict that could

sensibly be reached; it is enough that the guilty verdict finds support in a plausible rendition of

the record.  Id. The First Circuit Court of Appeals has described these standards as "daunting

hurdles" for defendants who seek a reversal of a jury's verdict.  Id.

III.    THERE WAS SUFFICIENT EVIDENCE THAT THE
        DEFENDANT OPERATED AN UNLICENSED
        MONEY TRANSMITTING  BUSINESS.

Freeman argues that the conviction for operating an unlicensed money transmitting

business was infirm because he, in fact, was not running a business.  He says that, because he

was operating the bitcoin trading business under the auspices of his church, that meant that he

was not required to register as a money transmitting business under 18 U.S.C. § 1960.  That

contention is flawed in multiple respects.

First, the jury instructions provide that a business under 18 U.S.C. § 1960, is an enterprise

that is regularly carried on for financial gain and engages in money transmission more often than

a single, isolated act. Docket Number 256. There is nothing in the instruction that excludes non-

profits or religious organizations from the business definition.  The only questions are whether

the bitcoin trading was for financial gain and did the enterprise conduct more than isolated

money transmission.  The evidence presented at trial proved beyond a reasonable doubt that

Freeman was operating a business as defined in the jury instruction.  See United States v. Oliver,

19 F.4th 512, 517 (1st Cir. 2021) (unobjected to jury instructions become law of case for

purposes of resolving Rule 29 motion).  Even assuming that Freeman was operating legitimately

as a church, the entity he operated and controlled was making financial gain.  Freeman was

charging his customers a fee far above what he paid to purchase the bitcoin from cryptocurrency

exchanges or on localbitcoins.com.  Thus, "the church" was making financial gain by selling

bitcoin at a higher price than it was buying it.  Moreover, Freeman conducted thousands of

transactions as part of his bitcoin trading enterprise as demonstrated by the LocalBitcoins records and the Telegram folder on Freeman's computer. Thus, Freeman's bitcoin operation engaged in more than isolated transactions and did so for financial gain.  It was therefore a business as defined.

Freeman's argument seems to rest on the idea that a church does not make a profit because the money earned is put back into the church's mission.  But the jury instruction does not talk about the status of the organization as a church or non-profit; it merely says that the money transmitting activity is done for financial gain.  Here, the evidence was overwhelming that Freeman gained money through the bitcoin business.  What he did with those gains after they were realized is beside the point for purposes of the § 1960 charge.

Second, even assuming incorrectly that a bona fide church engaged in money transmitting would not have to register under § 1960, there was plenty of evidence before the jury to conclude that Freeman was not operating a bona fide church.  Chris Reitman, Colleen Fordham, and Melanie Neighbors, people close to Freeman, testified that they were not aware of any church services, activities, or the like.  Neighbors testified that Freeman typically would invoke the church when he was seeking some sort of advantage from the government often related to avoiding taxes.

Moreover, Freeman operated multiple churches.  There was no reason for Freeman to be opening the New Hampshire Peace Church other than to have another name in which he could open bank accounts. This certainly suggested that the church was merely a cover for obtaining bank accounts in which to operate the money transmitting business.  This conclusion was reenforced by the way in which Freeman acted toward the other "churches."  For example, Freeman told Renee Spinella at one point that they needed to get her "another church" and went

back and forth about her needing to get letterhead that looked different than his church.  He also pretended to be Nobody when calling to discuss a banking matter with Bank of America involving the Church of the Invisible Hand, which was supposedly Nobody's church even though many documents relating to it were on Freeman's laptop.  These shenanigans about the churches, plus the testimony about the Shire Free Church's lack of activity or membership, was sufficient for the jury to conclude that Freeman's "church" was nothing more than a front to conceal from banks Freeman's money transmitting business.

Third, there was evidence from which the jury could conclude that Freeman personally profited from the bitcoin exchange business. There were bank records introduced from the Colleen Fordham account used by Freeman for bitcoin trading showing hundreds of thousands of dollars in checks going to Freeman personally. In addition, there were multiple accounts that Freeman opened in his own name to operate the bitcoin trading operation.  Thus, the jury reasonably could have concluded that the bitcoin trading operation was not actually being operated by the Shire Free Church but rather was Freeman's personal business.

The defendant's second argument was that there was no money transmitting because all the "transactions involved church-owned bitcoin."  Money transmitting means transferring funds by any and all means to another person or location, and bitcoin is a type of funds. Docket Number 256 at 25. There were numerous examples presented where people sent Freeman fiat currency and Freeman sent bitcoin to a third party.  In these situations, Freeman transferred bitcoin from his reserves to another person in exchange for dollars or went out and bought more bitcoin from an exchange to cover the transaction.  It does not matter that Freeman may have had a store of bitcoin in hand when he accepted the fiat currency. He transferred that bitcoin to another person. That's money transmission.

Freeman has invented the idea that a money transmitter must be a pass through, i.e., Freeman would only be a transmitter if he was a go-between for the buyer and a cryptocurrency exchange. That contention has no basis in the jury instructions and Freeman has not cited a single case supporting that peculiar idea.

The defendant next argues that there was no transmission of funds because no blockchain evidence was introduced showing bitcoin being transmitted. According to Freeman, he was the only one who explained the dynamics of a bitcoin transaction and testified that there was no transmission. That is false. Ali Commoli, the government's first witness and former cryptocurrency analyst for the FBI, testified about the dynamics of a bitcoin transaction. She explained that bitcoin moves through the blockchain such that, after a transaction, the receiving wallet has a larger share of bitcoin and the sending wallet has a diminished quantity. Moreover, in numerous of Freeman's own LocalBitcoins chats he said that he had "sent" bitcoin. Sending and transmitting are synonyms. Thus, by Freeman's own description, he was transmitting bitcoin.

If Freeman's argument was correct, money transmitting could only exist when people pass physical currency. But, of course, that isn't how most modern financial transactions occur. As Commoli explained, in a pure fiat currency transaction performed through the banking system, the receiving account has more dollars and the sending account has fewer dollars. But no physical dollars actually change hands in that transaction; the banks adjust the electronic ledgers of the involved accounts to reflect the transaction. Thus, if the defendant's argument was correct, it would make § 1960 ineffectual in almost all cases for most money transmitting businesses operating through the normal financial system. That can't be right.

Finally, Freeman argues that, based on his lawyer's letter, he did not have the state of mind to knowingly operate a money transmitting business because he thought he was not operating as a business as defined in § 1960, since he believed he was operating as a church. That argument fails factually because, as already described, there was plenty of evidence for the jury to conclude that the defendant knew he was not operating his bitcoin enterprise under the auspices of a bona fide church. There was also evidence that the defendant knew his lawyer's letter, which focused only on one aspect of the defendant's business, was wrong. After receiving the lawyer letter, the defendant received the letter from FinCEN, telling him his business was required to register. He was told by a friend that the friend's lawyer determined that he had to register with FinCEN. He was also told the same thing by numerous financial institutions. Even if the lawyer letter were a defense, there was substantial evidence in the record that the defendant knew the letter was wrong.

This argument also fails because it misconceives knowingly when used in a criminal statute: "The knowledge requisite to a knowing violation of a statute is factual knowledge as distinguished from knowledge of the law." Bryan v. United States, 524 U.S. 184, 192 (1998). Thus, all the government must show is that the defendant had knowledge of the facts that constitute the offense. Id. Here, there is no dispute that the defendant understood what he was doing, i.e. trading bitcoin for dollars. The numerous LocalBitcoins chats introduced at trial make that abundantly clear. The defendant says only that he did not know that this conduct constituted a business. But, whether the conduct constitutes a business is a legal determination about the meaning of "business" as used in § 1960. And because § 1960 is a general intent crime, United States v. Talbnejad, 460 F.3d 563, 572 (4th Cir. 2006), the defendant's misunderstanding of the

law on what constitutes a business (even if it results from bad legal advice) is not defense, <u>United States v. Smith</u>, <u>7 F. Appx. 772</u> (9th Cir. 2001).

For the reasons stated, the defendant's motion for judgment of acquittal on the § 1960 count should be denied.

IV.    THERE WAS SUFFICIENT EVIDENCE THAT THE
        DEFENDANT ENGAGED IN A CONSPIRACY TO
        <u>OPERATE AN UNLICENSEND MONEY TRANSMITTING SCHEME</u>.

The defendant contends that the government's proof on the conspiracy to operate an unlicensed money transmitting business was lacking because the defendant operated his business on an open and readily accessible site, localbitcoins.com, and the kiosks were open to the public. The defendant contends that this shows he did not join an agreement with a criminal intent.

This argument fails. In 2018, the defendant received a letter from FinCEN telling him that he was running a money transmitting business based on his kiosks and that he should respond with his position if he disagreed with FinCEN's view. Freeman's response to that letter was to, in his own words, "ignore" it. Freeman also said to banks that there was no fundamental difference between his kiosk business and his online business. Thus, the jury could conclude, based on Freeman's failure to respond to FinCEN's letter, that Freeman was going to keep operating his money transmitting business, even though he was on notice that doing so without a license was illegal. There was substantial evidence in the record about steps Freeman took to lie to banks about the nature of his business (calling bitcoin sales purchases of rare coins, virtual goods, and church donations, for example), all of which could support a finding of criminal intent. Freeman apparently hoped that he would not get caught operating his unlicensed business because obviously the government's resources to prosecute are finite. That hope, of course, did

not materialize into reality. But a defendant's hope that law enforcement will not act is certainly

not a defense to a crime when law enforcement does act.

V.    <u>THERE WAS SUFFICIENT EVIDENCE OF MONEY LAUNDERING</u>.

Freeman argues that the jury erroneously convicted him of money laundering based on

the IRS undercover agent placing $20,000 into the defendant's kiosk at the Thirsty Owl after the

undercover had told the defendant he was a drug dealer.  Freeman contends that the jury's

verdict was unsupported by the evidence because he was not involved in a financial transaction

with the undercover when the undercover placed money in the Thirsty Owl kiosk.  In this regard,

the defendant says that he did not give the undercover permission to use the Thirsty Owl kiosk

and therefore had no part in the undercover making the deposit.

The issue here is whether a reasonable jury could conclude that Freeman had given the

undercover wink-and-nod permission to use the kiosk based on the totality of the circumstances.

On the day of the transaction, when the undercover asked Freeman for permission to use the

kiosk, Freeman responded, "I can't tell you, you can use it."  That was hardly a definitive, "no."

Previously, Freeman had told the undercover that the kiosks have no monitoring capability

because Freeman had "disabled them" or turned them off.  Thus, based on Freeman's earlier

statements, the undercover and Freeman knew that, regardless of Freeman's comment that day,

there would be no record of the undercover using the kiosk. The jury could reasonably conclude

that by telling the undercover about the lack of identification procedures and recordkeeping on

the machines, Freeman was inviting him to use it for criminal purposes. Freeman's comment

about ways to send cash by mail to avoid search warrants also indicated that Freeman was aware

of the defendant's unlawful business and still invited him to use the machines. The jury also

heard evidence that Freeman controlled all aspects of his bitcoin business, including monitoring

cash going into the machines, ensuring that the machines had a store of bitcoin to sell, and collecting the profits from the sales.

Moreover, the defendant's comments to the undercover earlier in their relationship were telling.  After the undercover told the defendant that he was a drug dealer, Freeman declined to do a bitcoin exchange through Telegram.  In the text conversation about the proposed Telegram transaction, Freeman wrote:

> You got a little too loose lipped, so while I am not
> opposed to the sale of drugs, I do need to be careful
> Sadly, that means I cannot KNOWINGLY sell bitcoin
> to you.

The defendant's statement shows that the undercover's mistake was not in wanting to trade drug proceeds for bitcoin but for being too explicit about it. The defendant's concern was that he not "KNOWINGLY" sell bitcoin to the undercover.  It was permissible for the jury to conclude that, while the defendant would not explicitly give the undercover permission to buy bitcoin from him after the undercover stated he was a drug dealer, Freeman was willing to do the transaction so long as he could claim later that he did not do so "KNOWINGLY."  Based on the evidence described, the jury was justified in concluding that Freeman had given the wink and nod to the defendant to use his kiosk for a money-laundering transaction.

## VI.    THERE WAS SUFFICIENT EVIDENCE OF MONEY LAUNDERING CONSPIRACY.

Freeman barely makes an argument about the money laundering conspiracy count.  He says that there was no evidence that he entered into any agreement with an individual to launder money.

Freeman is wrong.  While there may have been no explicit agreement, no such agreement was required.  A money laundering conspiracy may be based on a willful blindness theory and

Freeman has offered no objection to the Court's giving of a willful blindness instruction.  United States v. Adorno-Molina, 774 F.3d 116, 122-125 (1st Cir. 2014); United States v. Bivins, 104 F. Appx. 892, 897 (4th Cir. 2004); United States v. Wertz-Ruiz, 228 F.3d 250 (3d Cir. 2000).  The government presented evidence that Freeman invited scammers to use his money transmitting business by promising that he would not ask any questions about why they wanted bitcoin.  The government also introduced statements in which Freeman made clear that he understood that romance scam victims were using his service.  The government introduced evidence of the astronomical fees Freeman charged compared to the fees charged by legitimate exchanges that complied with the Bank Secrecy Act. The fact that Freeman himself purchased his bitcoin through these exchanges at low fees is evidence of his understanding that his customers were scammers willing to pay his high fees in exchange for anonymity. And finally, the government introduced numerous examples of red flags that Freeman ignored, including the large cash transactions, the incongruity between the language used in the localbitcoin.com chats and the identity of the purported buyer, the willingness to do third-party trades with no verification, the demographic of his customer base, and the frequency and high-dollar value of many of the transactions.  This evidence, taken as a whole, was sufficient to prove that, under a willful blindness theory, Freeman was in an agreement to launder the proceeds obtained by individuals who were engaging in wire fraud.

There was also evidence that Freeman and Aria DiMezzo were engaged in a conspiracy to launder money.  The evidence showed that DiMezzo understood the willful blindness approach to Freeman's business; that she and Freeman shared numerous high-dollar value elderly customers; she communicated frequently about the transactions with Freeman; and she engaged in suspicious third-party trades with no verification (e.g.  Miller/Harold Jones).  This

evidence was sufficient for the jury to conclude that Freeman and DiMezzo were in business together to launder money.  The jury's determination that Freeman was in a conspiracy to launder money was firmly supported in the evidence.

VI.    <u>THERE WAS SUFFICIENT EVIDENCE OF TAX EVASION</u>.

Pertaining to the tax evasion counts, the instructions state that tax evasion is, inter alia, an attempt to evade the assessment of taxes when there is a substantial tax due and owing.  Despite this instruction, Freeman contends that the government's case was insufficient because the Internal Revenue Service never assessed the tax allegedly owed by Freeman.  But the crime that Freeman committed was, in part, his conduct to conceal income under the guise of the churches so that the Internal Revenue Service would be unable to assess a tax.  The tax evasion statute makes it a crime to evade the assessment of taxes.  <u>United States v. McGill</u>, <u>964 F.2d 222, 230</u> (3d Cir. 1992).  As long as tax is due and owing, no formal assessment is necessary.  <u>United States v. Stierhoff</u>, <u>500 F. Supp. 2d 55, 61</u> (D.R.I. 2007).  The tax due and owing was calculated by the revenue agent based on record evidence of Freeman's bitcoin sales.  That was the appropriate way for the government to proceed. <u>Id.</u> at 67.

Freeman says that the government's case was deficient because there was no proof that the government ever asked him to appear for an interview or an audit.  But, of course, there is no element to a tax evasion charge that requires the government to make such a showing.  Freeman used the fact that there was no audit or interview to argue that his failure to pay tax was not willful.  That was fair argument but there was plenty of evidence on other side including Freeman's own statements that he did not believe in paying taxes.  The jury did not accept Freeman's argument, and there was ample evidence for them to do so.  A defendant cannot

demonstrate a failure of proof merely by showing that the jury did not accept the defendant's

construction of the evidence when the government presents a plausible, alternative conclusion.

     Freeman also says that the revenue agent could not prove a tax deficiency because she

relied on the standard deduction to determine the tax due and owing.  There is nothing wrong

with that.  The tax code provides that an itemized deduction is not allowed unless elected by the

taxpayer on his return.  26 U.S.C. §§ 3 & 63(e)(2).  Thus, a taxpayer is not entitled to itemize

unless he files a return. Jahn v. IRS, 431 F. Appx. 210 (3d Cir. 2011); Maxwell v. United States,

80 F. Supp. 2d 1352, 1354 (N.D. Ga. 1999).   Because Freeman never filed a return, it was

proper for the revenue agent to figure the tax due based on the standard deduction.

VII.   CONCLUSION.

     For the reasons stated here and during oral argument at trial, the Court should deny

Freeman's Rule 29 motion.

                       Respectfully submitted,

                       JANE E. YOUNG
                       United States Attorney

Dated: January 31, 2023        By: /s/ Seth R. Aframe
                       Seth R. Aframe
                       Assistant United States Attorney
                       53 Pleasant Street, 4th Floor
                       Concord, NH 03301
                       Seth.aframe@usdoj.gov

```
MIME-Version:1.0
From:ecf_bounce@nhd.uscourts.gov
To:nef@nhd.uscourts.gov
Bcc:
--Case Participants: Richard Guerriero (kristen@nhdefender.com, richard@nhdefender.com),
Rene Suarez (rene@bsrlegal.com), Anessa Allen Santos (anessa@intellilaw.io), Seth R.
Aframe (caseview.ecf@usdoj.gov, donna.fonseca2@usdoj.gov, kristina.mcnamara@usdoj.gov,
seth.aframe@usdoj.gov, usanh.ecfcivil@usdoj.gov, usanh.ecfcriminal@usdoj.gov,
usanh.ecfdocket@usdoj.gov), John P. Newman (john@newmanlawnh.com), John J Kennedy
(brooke.palmer@usdoj.gov, caseview.ecf@usdoj.gov, francine.conrad@usdoj.gov,
john.kennedy2@usdoj.gov, kristina.mcnamara@usdoj.gov, usanh.ecfcriminal@usdoj.gov,
usanh.ecfdocket@usdoj.gov), Patrick J. Richard (attyrichard@hotmail.com), David M.
Rothstein (rothsteindm@outlook.com), Georgiana MacDonald (caseview.ecf@usdoj.gov,
georgiana.macdonald@usdoj.gov, jennifer.hunt2@usdoj.gov, kristina.mcnamara@usdoj.gov,
usanh.ecfcriminal@usdoj.gov, usanh.ecfdocket@usdoj.gov), Peter D. Anderson
(docket@mclane.com, kim.canney@mclane.com, melanie.scargill@mclane.com,
peter.anderson@mclane.com), Mark L. Sisti (info@sistilawoffices.com)
--Non Case Participants: Nayha Arora (nayha_arora@nhd.uscourts.gov), Nicholas Francis
Casolaro (nicholas_casolaro@nhd.uscourts.gov), US Marshal (adele.duchesneau@usdoj.gov,
gregory.murano@usdoj.gov, kathleen.renaud@usdoj.gov, kimberly.dow@usdoj.gov,
melissa.heiss@usdoj.gov, nh.courts@usdoj.gov), US Probation (nhpdb_cmecf@nhp.uscourts.gov)
--No Notice Sent:

Message-Id:2679827@nhd.uscourts.gov
Subject:Activity in Case 1:21-cr-00041-JL USA v. Freeman et al Order
Content-Type: text/html
```

## U.S. District Court

### District of New Hampshire

**Notice of Electronic Filing**

The following transaction was entered on 7/28/2023 at 1:22 PM EDT and filed on 7/28/2023

| | |
|---|---|
| **Case Name:** | USA v. Freeman et al |
| **Case Number:** | 1:21–cr–00041–JL |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 ENDORSED ORDER as to Ian Freeman re [265] MEMORANDUM IN SUPPORT OF DEFENDANT'S ORAL MOTION FOR A JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29. Text of Order: Counsel are notified that the court intends to grant the defendant's motion for judgment of acquittal under Rule 29 (doc. no. [265]) with respect to Count 3 of the indictment alleging Money Laundering. This notice is issued to enable the Probation Officer to account for this expected ruling (which will be included in the court's order on the motion to dismiss, doc. no. [176]) in the Presentence Report while maintaining the currently scheduled sentencing date. So Ordered by Judge Joseph N. Laplante. (jb)

**1:21–cr–00041–JL–1 Notice has been electronically mailed to:**

Anessa Allen Santos     anessa@intellilaw.io

David M. Rothstein     rothsteindm@outlook.com

Georgiana MacDonald &nbsp &nbsp georgiana.macdonald@usdoj.gov, CaseView.ECF@usdoj.gov, jennifer.hunt2@usdoj.gov, kristina.mcnamara@usdoj.gov, USANH.ECFCriminal@usdoj.gov, USANH.ECFDocket@usdoj.gov

John J Kennedy &nbsp &nbsp john.kennedy2@usdoj.gov, brooke.palmer@usdoj.gov, CaseView.ECF@usdoj.gov, francine.conrad@usdoj.gov, kristina.mcnamara@usdoj.gov, USANH.ECFCriminal@usdoj.gov, USANH.ECFDocket@usdoj.gov

John P. Newman &nbsp &nbsp john@newmanlawnh.com

Mark L. Sisti &nbsp &nbsp info@sistilawoffices.com

Patrick J. Richard &nbsp &nbsp attyrichard@hotmail.com

Peter D. Anderson &nbsp &nbsp peter.anderson@mclane.com, docket@mclane.com, kim.canney@mclane.com, melanie.scargill@mclane.com

Rene Suarez &nbsp &nbsp Rene@bsrlegal.com

Richard Guerriero &nbsp &nbsp richard@nhdefender.com, kristen@nhdefender.com

Seth R. Aframe &nbsp &nbsp seth.aframe@usdoj.gov, CaseView.ECF@usdoj.gov, donna.fonseca2@usdoj.gov, kristina.mcnamara@usdoj.gov, USANH.ECFCivil@usdoj.gov, USANH.ECFCriminal@usdoj.gov, USANH.ECFDocket@usdoj.gov

**1:21–cr–00041–JL–1 Notice, to the extent appropriate, must be delivered conventionally to:**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States of America

      v.                                   Criminal No. 21-cr-41-JL
                                         Opinion No. 2023 DNH 106P

Ian Freeman

**<u>MEMORANDUM ORDER</u>**

The defendant in this case, Ian Freeman, was tried on charges of operating an unlicensed money transmitting business (Count 1), conspiracy to operate an unlicensed money transmitting business (Count 2), money laundering (Count 3), conspiracy to commit money laundering (Count 4), and four counts of attempt to evade or defeat taxes for each year from 2016 to 2019 (Count 5-8).  Prior to trial, Freeman joined co-defendant Aria DiMezzo's[1] motion to dismiss Counts 1 and 2.  After argument, the court denied the motion by oral order.[2]  Following the court's ruling, DiMezzo plead guilty, and Freeman went to trial.  After a 10-day trial, the jury returned guilty verdicts on all eight counts. Freeman orally moved under Rule 29 for judgment of acquittal as to each count at the end of the prosecution's case-in-chief, and he renewed the motion at the end of the defense case.  The court took the oral motion under advisement and allowed Freeman's written motion after trial.

---

[1] <u>See</u> Freeman Motion for Joinder (doc. no. 177); DiMezzo Motion to Dismiss (doc. no. 176).

[2] <u>See</u> Transcript of Motion Hearing (doc. no. 268).

In his motion for acquittal, Freeman incorporates the arguments for dismissal of Counts 1 and 2, which were first raised in DiMezzo's motion to dismiss.[3]  Freeman also argues that the trial evidence was insufficient to show that he knowingly engaged in the business of money transmitting, willfully joined a conspiracy to do so, or that any money "transmission" actually occurred.  As for Counts 3 and 4, Freeman contends that the evidence was insufficient to support the conclusion that he knowingly conducted a money laundering transaction or willfully joined a conspiracy to do so.  And finally, Freeman argues that the prosecution failed to prove beyond a reasonable doubt that he owed and evaded federal income tax, as alleged in Counts 5-8.

The court grants Freeman's motion for judgment of acquittal as to the money laundering count, upon finding that the evidence adduced at trial was insufficient to prove that Freeman knew that the prohibited transaction alleged in the indictment occurred.  For the reasons articulated in its oral order on the motion to dismiss, and those further explained below, the court denies Freeman's motion for acquittal as to the remaining counts.  This order also memorializes the court's oral order denying the motion to dismiss.  See, e.g., United States v. Joubert, 980 F. Supp. 2d 53, 55 n.1 (D.N.H. 2014), aff'd, 778 F.3d 247 (1st Cir. 2015) (noting a district court's authority to later reduce its

---

[3] See Freeman Rule 29 Motion (doc. no. 265) at 2.

prior oral findings and rulings to writing (citing In re Mosley, 494 F.3d 1320, 1328 (11th Cir. 2007))).[4]

I.  **Applicable legal standards**

*Motion to dismiss*.  A criminal defendant may move to dismiss an indictment on the ground that it fails to state an offense based on a pure legal issue.  See Fed. R. Crim. P. 12(b)(3)(B)(v).  A motion to dismiss an indictment, however, is not a way to test the sufficiency of the evidence behind an indictment's allegations.  United States v. Guerrier, 669 F.3d 1, 4 (1st Cir. 2011).

*Motion for judgment of acquittal*.  "No person shall . . . be deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  The Fifth Amendment's due process clause "prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 309 (1979).  Accordingly, "[a]fter the prosecution closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  Fed. R. Crim. P. 29(a).  The court assesses "whether 'a rational factfinder could find, beyond a reasonable doubt, that the prosecution successfully proved the essential elements of the crime.'"  United States v. Ortiz, 447 F.3d 28, 32 (1st Cir. 2006) (quoting United States v. Moran, 312 F.3d 480, 487 (1st Cir. 2002)).  If the "verdict 'finds support in a plausible

_____

[4] To the extent there is any inconsistency between the factual and legal findings in the court's oral orders and its written order, this order controls.

rendition of the record,'" the conviction must stand.  United States v. Oliver, 19 F.4th 512, 516 (1st Cir. 2021) (quoting United States v. Echeverri, 982 F.2d 675, 677 (1st Cir. 1993)).

When reviewing the evidence, the court "take[s] all inferences in the light most favorable to the verdict . . . give[s] equal weight to both direct and circumstantial evidence, and . . . neither weigh[s] witness credibility nor require[s] the prosecution to 'eliminat[e] every possible theory consistent with the defendant's innocence[.]'" Id. (quoting United States v. Rivera-Ruiz, 244 F.3d 263, 266 (1st Cir. 2001)).  It "evaluate[s] the sum of all the evidence and inferences drawn therefrom, and determine[s] whether that sum is enough for any reasonable jury to find all the elements of the crime proven beyond a reasonable doubt, even if the individual pieces of evidence are not enough when viewed in isolation." United States v. Santos-Soto, 799 F.3d 49, 57 (1st Cir. 2015).  In conducting a sufficiency review, however, "some degree of intellectual rigor is required" and the court must "reject those evidentiary interpretations and illations that are unreasonable, insupportable, or overly speculative." United States v. Rodríguez-Martinez, 778 F.3d 367, 371 (1st Cir. 2015) (quoting United States v. Spinney, 65 F.3d 231, 234 (1st Cir. 1995)).

## II.  **Background**

Consistent with the Rule 29 standard, the court draws on the evidence that the prosecution presented at trial when reciting the facts.  This case concerns a business that

Freeman and his colleagues[5] operated, in which they charged their customers a fee for

exchanging fiat currency for virtual currency—specifically, bitcoin.

Freeman conducted the business, in part, on a website, localbitcoins.com.

Freeman also interacted with customers on Telegram, an application that allowed for

encrypted communications.  He gave similar instructions to each of his customers as to

the method for conducting a transaction, and directed them to wire fiat currency to

particular bank accounts, some of which were held by his colleagues and others by

entities such as a "church" that he founded.  Freeman then calculated the equivalent value

of bitcoin, less the transaction fee, and transferred that bitcoin to a "digital wallet."  A

digital wallet is a program or device that stores virtual currency.  Recipients of bitcoin

enjoy a level of anonymity, since the owner of a digital wallet is harder to identify than

---

[5] The court provisionally admitted certain out-of-court, co-conspirator statements at trial under
Fed. R. Evid. 801(d)(2)(E), against the defendant's objection.  See Trial Tr. Day 5 Afternoon
(doc. no. 271) at 57:9-19 (orally finding the objected-to co-conspirator statements "admissible
subject to review on request by the defendant at the end of evidence if necessary . . . .").  The
First Circuit Court of Appeals has held that the court must make certain findings regarding the
admissibility of such evidence.  See, e.g., United States v. Diaz, 670 F.3d 332, 348 (1st Cir.
2012) ("A district court faced with a challenge to the admission of a co-conspirator's statement
must provisionally admit the statement and then wait until the end of the trial to consider
whether, in light of all the evidence, the following four conditions are satisfied by a
preponderance of the evidence: (1) a conspiracy existed; (2) the defendant was a member of the
conspiracy; (3) the declarant was also a member of the conspiracy; and (4) the declarant's
statement was made in furtherance of the conspiracy." (internal citations omitted)); United States
v. Merritt, 945 F.3d 578, 586 (1st Cir. 2019) ("To admit evidence of out-of-court statements
made by a defendant's co-conspirator, 'the district court must determine by a preponderance of
the evidence that the declarant and the defendant were members of the same conspiracy and that
the statement was made in furtherance of the conspiracy.'" (quoting United States v. Paz-
Alvarez, 799 F.3d 12, 29 (1st Cir. 2015))).  Freeman did not renew his objection or request
findings supporting the admission of the co-conspirator statements at the close of evidence.
Nevertheless, the court finds that the requisite findings are fully supported by the evidence
presented at trial, and the statements were properly admitted.

the owner of a bank account, for instance.  Over the course of the trial, several of

Freeman's customers testified that they were the victims of romance (or other online)

scams, and they purchased bitcoin from Freeman as part of those scams.  Specifically,

under the scammer's instruction, the victim deposited fiat currency into one of Freeman's

accounts in order to purchase bitcoin that ultimately entered a digital wallet associated

with the scammer.

     The money laundering charge centers on a bitcoin purchase completed by an

undercover agent at one of Freeman's bitcoin exchange machines located in New

Hampshire on August 25, 2020.  The agent—Special Agent Pavel Prilotsky with the

Internal Revenue Service Criminal Investigation Unit—initiated contact with Freeman on

localbitcoins.com in or around September 2019.  The agent asked to purchase bitcoin

from Freeman, and Freeman provided him with instructions on the information he

required and the account to which the agent should wire money for his purchase.  They

continued to interact and complete transactions on the website for a few months.  The

agent later asked if he could purchase bitcoin from Freeman through other means than

localbitcoins.com.  Freeman instructed the agent to contact him directly on Telegram.[6]

The agent communicated with Freeman several times on Telegram to complete additional

bitcoin purchases through bank wire transfers.  At one point, Freeman left a voice

message for the agent on Telegram, explaining that, if the agent sought to mail money, he

---

[6] Id.

should use the United States Postal Service, since a warrant is "supposedly" required to open packages sent through the U.S. mail.[7]

After some time passed, Freeman told the agent about his bitcoin exchange machines in New Hampshire, where customers could complete bitcoin purchases in person. The agent asked whether the machines utilized facial recognition technology, and Freeman assured him that the machines' identifying capabilities had been turned off. The agent continued to communicate with Freeman while completing an $11,000 transaction at a machine located at Thirsty Owl, an establishment in Keene, New Hampshire. Freeman discounted his standard 14% transaction fee to 10% for this purchase.[8]

The agent eventually told Freeman that the money he was exchanging for bitcoin was the product of drug sales. In a subsequent Telegram conversation on July 30, 2020, Freeman wrote, "unfortunately I can't sell you bitcoin because you told me too much about what you do."[9] The agent expressed disappointment, writing, "can't even use your ATM [bitcoin exchange machines]? I told a few of my buddies. They all got excited. Now don't even know what to respond to them."[10] Freeman replied, "[m]y answer to the

---

[7] Prosecution Trial Ex. 606 (audio).

[8] See Trial Tr. Day 4 Morning (doc. no. 270) at 116:11-16, 117:18-20.

[9] Id. at 128:4-5.

[10] See id. at 128:9-15.

question is, I can't KNOWINGLY assist you with financial matters."[11]  The word

"knowingly" appeared in all capital letters.

> The agent inquired further into Freeman's position, and Freeman explained:
> You told me you sell drugs.  Therefore, to assist you with buying bitcoin would be
> considered money laundering.  Money laundering requires knowledge of the
> illegal activity.  I don't think you are an undercover agent, but you got a little too
> loose lipped.  So while I am not opposed to the sale of drugs, I do need to be
> careful.  Sadly that means I cannot KNOWINGLY sell bitcoin to you.[12]

Again, the word "knowingly" appeared in all capital letters in the message.

On August 25, 2020, the agent halted Freeman outdoors as he was walking and

asked him if there was still a bitcoin exchange machine located at Thirsty Owl.[13]

Freeman recognized the agent, as they had met in person before.  Freeman confirmed that

the machine was still there.  The agent then asked whether he could use it, and Freeman

replied, "I can't tell you that you can use that."[14]  The agent responded, "okay, thanks."[15]

Later that day, the agent purchased about $20,000 in bitcoin from the Thirsty Owl

machine.  Freeman's standard 14% transaction fee, and not a discounted fee, applied to

this purchase.[16]

---

[11] Id. at 128:16-17.

[12]  Id. at 129:17-23.

[13] The agent and Freeman were approximately 30 miles from Keene and Thirsty Owl during this
conversation.

[14] Prosecution Trial Ex. 610A (video).

[15] Id.

[16] See Trial Tr. Day 4 Afternoon (doc. no. 279) at 19:10-17.

Freeman and the agent did not discuss the purchase after this point, and Freeman did not make an admission or otherwise indicate that he knew that the transaction took place. Law enforcement agents seized records from Freeman's home and home office, but the prosecution did not introduce any such records that memorialized or referred to the August 25 purchase. Further, while the prosecution presented evidence reflecting that Freeman monitored at least some of his bitcoin exchange machines at times, it did not elicit or introduce evidence that the August 25 transaction was specifically monitored, or that Freeman had actual contemporaneous or subsequent knowledge of the transaction.

## III.   Analysis

As noted above, Freeman first joined DiMezzo's motion to dismiss the unlicensed money transmitting business counts (Counts 1 and 2) and later incorporated the arguments from the motion to dismiss into his motion for acquittal on those counts.[17] The court first addresses Freeman's arguments for dismissal or acquittal as to Counts 1 and 2, and then turns to the remaining arguments in his motion for acquittal.

### A.   Operation of and conspiracy to operate an unlicensed money transmitting business (Counts 1 and 2)

Freeman premises his motion to dismiss on the assumption that the United States Attorney, in deciding to charge Freeman with operating and conspiring to operate an unlicensed money transmitting business, relied on (or needed to rely on) official guidance from FinCEN applying the Bank Secrecy Act's implementing regulations to persons

---

[17] See doc. no. 265 at 2 ("Additionally, the Church was not engaged in 'money transmitting'. The transactions involved church-owned Bitcoin. The Defendant incorporates all arguments and the pretrial Motion to Dismiss with regard to this aspect of our current Rule 29 motion.").

exchanging virtual currencies.  Specifically, in 2013, FinCEN issued guidance opining that an "exchanger" of virtual currency (as defined in FinCEN's regulations) that "(1) accepts and transmits a convertible virtual currency or (2) buys or sells convertible virtual currency for any reason is a money transmitter under FinCEN's regulations," and must register under 31 U.S.C. § 5330.  Under this guidance, an "exchanger is a person engaged as a business in the exchange of virtual currency for real currency, funds, or other virtual currency."[18]

Freeman argues that FinCEN acted without authority from Congress in issuing this guidance and taking the position that the money transmitting business registration requirements apply to individuals or entities that exchange virtual currencies, like bitcoin. Absent such Congressional authority, Freeman avers, the agency guidance and regulatory interpretation are invalid under the major questions doctrine,[19] and Freeman's prosecution for operating an unlicensed money transmitting business cannot stand.

The prosecution responds that its charging decision (and ultimately, its proof at trial) depends on the statute itself, not the implementing regulations or FinCEN's associated interpretive guidance.  Under the plain meaning of the statute, Freeman knowingly conducted, controlled, managed, supervised, directed, or owned "all or part of an unlicensed money transmitting business," 18 U.S.C. § 1960(a), because that business involved the transfer of "funds" and "fail[ed]" to comply with the money transmitting

---

[18] 2013 FinCEN Guidance, FIN-2013-G0012013, at 2.

[19] W. Virginia v. Env't Prot. Agency, 142 S. Ct. 2587, 2610 (2022) ("Under our precedents, this is a major questions case.").

business registration requirements under section 5330 of title 31, United States Code, or

regulations prescribed under such section."  § 1960(b)(1)(B) & (b)(2) (emphasis added).

The prosecution further argues that even if its proof depended on FinCEN's interpretation

of the regulations, and that interpretation constituted a "major question," FinCEN's

actions would not exceed the authority given to it by Congress.  For the reasons detailed

below, the court agrees with the prosecution on all points.

### 1.    Statutory interpretation

The court begins by determining whether the plain and ordinary meaning of

"funds" as used in 18 U.S.C. § 1960 includes bitcoin – the virtual currency at issue here.

See Babb v. Wilkie, 140 S. Ct. 1168, 1177 (2020) (noting that where the court determines

the plain meaning of a statute based on its unambiguous words, the "judicial inquiry is

complete") (quoting Desert Palace, Inc. v. Costa, 539 U.S. 90, 98 (2003)).  Courts have

near unanimously found that bitcoin may constitute "funds" under § 1960 and the money

laundering statute, 18 U.S.C. § 1956.  See, e.g., United States v. Iossifov, 45 F.4th 899,

913 (6th Cir. 2022), cert. denied, No. 22-6343, 2023 WL 2123960 (U.S. Feb. 21, 2023);

United States v. Harmon, 474 F. Supp. 3d 76, 80, 90 (D.D.C. 2020); United States v.

Ologeanu, No. 5:18-CR-81-REW-MAS, 2020 WL 1676802, at *11 (E.D. Ky. Apr. 4,

2020); United States v. Stetkiw, No. 18-20579, 2019 WL 417404, at *2 (E.D. Mich. Feb.

1, 2019); United States v. Mansy, 2:15-CR-198-GZS, 2017 WL 9672554, at *1 (D. Me.

May 11, 2017) (Signal, J.); United States v. Murgio, 209 F. Supp. 3d 698, 707 (S.D.N.Y.

2016); United States v. Budovsky, No. 13CR368 DLC, 2015 WL 5602853, at *14

(S.D.N.Y. Sept. 23, 2015); United States v. Faiella, 39 F. Supp. 3d 544, 545 (S.D.N.Y. 2014).[20]

Freeman agrees and concedes that if the court interprets the statute consistent with these cases, his motion fails.[21]  He instead asks the court to forego statutory interpretation entirely and raises an apparently novel challenge to FinCEN's actions under the major questions doctrine.  The court addresses and rejects that argument below, see infra. § III, A, 2.  But first, it construes the operative statute.

Under 18 U.S.C. § 1960, a person commits an offense when he "knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business."  In relevant part, the statute defines the term "unlicensed money transmitting business" as "a money transmitting business which affects interstate or foreign commerce in any manner or degree" and "fails to comply with the money transmitting business registration requirements under [31 U.S.C. § 5330] or regulations prescribed under such section."  18 U.S.C. § 1960(b)(1)(B).  The version of 31 U.S.C. § 5330(d) in effect at the time of the offense conduct also defined "money transmitting

---

[20] The only contrary authority, United States v. Petix, is a report and recommendation from a Magistrate Judge in the Western District of New York that was not adopted by the district court. See 15-CR-227A, 2016 WL 7017919, at *5 (W.D.N.Y. Dec. 1, 2016).  No other court, including other judges within the Western District of New York, has adopted the Petix court's reasoning, as "[v]irtually every federal court to consider this issue has determined that the ordinary meaning of 'funds' in the federal money laundering statutes encompasses Bitcoin."  United States v. Phillips, No. 22-CR-6058CJS, 2022 WL 16990050, at *3 (W.D.N.Y. Nov. 17, 2022), report and recommendation adopted, No. 22-CR-6058, 2023 WL 2775610 (W.D.N.Y. Apr. 4, 2023).

[21] See doc. no. 176 at 19.  At oral argument, DiMezzo's counsel (who prepared and filed the motion that Freeman later joined) admitted that "if the normal rules of statutory interpretation apply, we lose . . . I grant that."  Doc. no. 268 at 9:22-23.

business" as "any other person who engages as a business in the transmission of funds,

including any person who engages as a business in an informal money transfer system[.]"

Pub. L. No. 107-56, 115 Stat. 272, 328 (2001).  In 2021, Congress amended § 5330(d) to

include in the definition of money transmitting business "any other person who engages

as a business in the transmission of currency, funds, or value that substitutes for currency,

including any person who engages as a business in an informal money transfer system[.]"

31 U.S.C. § 5330(d)(1)(A) (emphasis added).  This amended version of § 5330(d) does

not apply to Freeman's conduct.

In the Superseding Indictment, the Grand Jury charged Freeman with operating,

and conspiring to operate, "an unlicensed money transmitting business, in violation of

Title 18, United States Code, Section 1960."[22]  Specifically, the indictment charged

Freeman and others with operating a business that "failed to comply with the money

transmitting business registration requirements set forth in Title 31, United States Code,

Section 5330, and the regulations prescribed thereunder."[23]

While the indictment referenced purported unspecified violations of the

"regulations," the prosecution clarified at oral argument that it could prove its case by

showing that Freeman violated either the statute or the regulations.  See United States v.

Bader, 698 F.2d 553, 555 (1st Cir. 1983) ("The complaint does not use the statute's

---

[22] Superseding Indictment (doc. no. 139) at ¶ 12.

[23] Id. at ¶ 13; see also id. at ¶ 3 (alleging that defendants knowingly operated a business that
failed to "meet registration and reporting requirements set forth in Title 18, United States Code,
Section 1960, and in regulations promulgated by the United States Department of the Treasury"),
¶ 17, ¶ 20.

disjunctive 'or,' for the simple reason that, when a statute is phrased in the disjunctive, it is well-established that a criminal complaint based on that statute must be phrased in the conjunctive. . . .  It is equally well-established that the government need prove only one of the conjunctively connected offenses to warrant conviction.").[24]  It further represented that it planned to present evidence demonstrating violations of the statute, without reference to the regulations or FinCEN's guidance about the regulations.[25]  The prosecution also proposed jury instructions on the unlicensed money transmitting business counts that referenced only the statute and case law applying the statute, rather than the regulations.[26]  The court adopted a slightly modified version of these instructions – without referencing the regulations – and instructed the jury accordingly.  The court thus focuses on the statute.

---

[24] The prosecution is correct that a person may violate § 1960 by failing to comply with the registration requirements of 31 U.S.C. § 5330, but not necessarily the regulations prescribed thereunder.  For example, § 5330(a)(1) provides that "[a]ny person who owns or controls a money transmitting business shall register the business (whether or not the business is licensed as a money transmitting business in any State) with the Secretary of the Treasury" within 180 days from the "date on which the business is established." (emphasis added).  The statute alone requires registration, regardless of what the regulations say.  The statute also details the required contents of the registration, see § 5330(b), and "[s]ubject to [those] requirements," provides that the Secretary of the Treasury "shall prescribe, by regulation, the form and manner for registering a money transmitting business."  § 5330(a)(2).  Freeman was not charged with failing to follow the required "form and manner" of registration under the regulations; rather, he was charged with failing to register all together.  The regulations – and FinCEN's interpretation of them – therefore have no bearing on whether he violated § 1960.

[25] In its oral order, the court clarified that it was not ruling that "removing the reg[ulations] from the criminal trial" was "legally necessary."  Doc. no. 268 at 56:3-6.  The parties were free to inject the regulations into the trial as they wished.

[26] See Freeman Proposed Jury Instructions (doc. no. 243); Prosecution Proposed Jury Instructions (doc. no. 250).  Freeman did not object to the fact that the prosecution's proposed jury instructions on the money transmitting claim did not reference the regulations.

Freeman argues in his Rule 29 motion for acquittal that the trial evidence was insufficient to prove that he was engaged in "money transmitting" under § 1960 because the transactions involved bitcoin.[27]  Under § 1960, however, "the term 'money transmitting' includes transferring <u>funds</u> on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier."  18 U.S.C. § 1960(b)(2) (emphasis added).  The statute does not define "funds," but "[w]hen a term goes undefined in a statute," courts determine "its ordinary meaning."  Taniguchi v. Kan Pac. Saipan, Ltd., 566 U.S. 560, 566 (2012).  As several courts have recognized, the "ordinary meaning of 'funds[ ]' . . . is 'available pecuniary resources,' which essentially means, 'something generally accepted as a medium of exchange, a measure of value, or a means of payment.'"  Iossifov, 45 F.4th at 913 (quoting Stetkiw, 2019 WL 417404, at *2); <u>see also</u> Murgio, 209 F. Supp. 3d at 707 (adopting identical ordinary meaning of "funds," but adding that "[p]ecuniary is defined as taking the form of or consisting of money" (quoting Webster's Third New International Dictionary 921 (2002))).

"[I]t is clear that bitcoins are funds within the plain meaning of that term."  Murgio, 209 F. Supp. 3d at 707.  "Bitcoins can be accepted 'as a payment for goods and services' or bought 'directly from an exchange with [a] bank account.'"  Id. (quoting <u>Getting started with Bitcoin</u>, bitcoin, https://bitcoin.org/en/getting-started (last visited

---

[27] <u>See</u> doc. no. 265 at 2.

Sept. 16, 2016)).  Indeed, as the trial evidence here showed,[28] "[i]n today's society,

Bitcoin is often used [to] pay for things, and it may sometimes be used as a medium of

exchange that is subsequently converted to currency to pay for things."  Iossifov, 45 F.4th

at 914; see also Faiella, 39 F. Supp. 3d at 545 (finding that bitcoins "clearly qualif[y] as

'money' or 'funds'" under § 1960 because they "can be easily purchased in exchange for

ordinary currency, act[ ] as a denominator of value, and [are] used to conduct financial

transactions").[29]

　　　　Moreover, while the plain and ordinary meaning of the statutory text

unambiguously includes bitcoin, and thus, the court is not inclined to look to the history

and purpose of § 1960, courts have held that that history and purpose nevertheless

"support[ ] the conclusion that bitcoins fall within the statute's purview."  Murgio, 209 F.

Supp. 3d at 708.  Congress enacted § 1960 to "address the fact that 'money launderers

---

[28] For example, Freeman presented testimony from business owners who accept bitcoin as
payment for goods or services, such as pizza.  See Trial Tr. Day 9 Morning (doc. no. 273) at 25-
26.

[29] The key term "funds" appears in multiple statutes that work together to form the basis of
Freeman's unlicensed money transmitting business charges.  For example, § 1960 defines
"money transmitting" as "transferring funds on behalf of the public by any and all means . . . ."
Section 5330 similarly defines a "money transmitting business" as a business that "engages in
the transmission of funds" and is required to file reports under 31 U.S.C. § 5313.  And the §
5313 reporting requirement applies to "financial institutions," which include businesses that
"engage[ ] in the transmission of funds."  31 U.S.C. § 5312(a)(2)(R); see also Harmon, 474 F.
Supp. 3d at 101 ("[C]ourts have held that 'there is virtually no substantive difference, nor did
Congress intend there to be a substantive difference, between the terms 'money transmitting' in
Section 1960 and 'money transmitting business' in Section 5330.'" (quoting United States v. E-
Gold, Ltd., 550 F. Supp. 2d 82, 92 n. 10 (D.D.C. 2008)).  This "record of statutory usage
demonstrates convincingly" that the plain and ordinary meaning of "funds" includes bitcoin.  W.
Virginia Univ. Hosps., Inc. v. Casey, 499 U.S. 83, 88 (1991).

with illicit profits ha[d] found new avenues of entry into the financial system.'" Id. (quoting S. Rep. No. 101-460 (1990)). Thus, "[f]rom its inception," the statute "sought to prevent innovative ways of transmitting money illicitly," and interpreting "funds" to include bitcoin aligns with that purpose. Id.; see also Faiella, 39 F. Supp. 3d at 546 (observing that "Congress designed the statute to keep pace with such evolving threats, which is precisely why it drafted the statute to [broadly] apply to any business involved in transferring 'funds . . . by any and all means'") (quoting 18 U.S.C. § 1960(b)(2)).

Freeman contends that because bitcoin and other virtual currency did not exist in 2001, Congress could not have anticipated the word "funds" applying to such new financial instruments. While Freeman is correct that bitcoin did not exist when Congress amended the statute in 2001, this does not change the result. "[T]he fact that a statute can be applied in situations not expressly anticipated by Congress does not demonstrate ambiguity[;] it demonstrates breadth." Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 212 (1998); see also Barr v. United States, 324 U.S. 83, 90 (1945) ("[I]f Congress has made a choice of language that fairly brings a given situation within a statute, it is unimportant that the particular application may not have been contemplated by the legislators."); Budovsky, 2015 WL 5602853, at *14 (finding that Congress may "address a general problem with many variations" through broadly worded statutes like § 1960 and § 5330). It is also well-settled that a "statute can be unambiguous without addressing every interpretive theory offered by a party. It need only be 'plain to anyone reading the Act'

17

that the statute encompasses the conduct at issue." Salinas v. United States, 522 U.S. 52, 60 (1997) (quoting Gregory v. Ashcroft, 501 U.S. 452, 467 (1991)).[30]

In sum, the statute's plain language and structure unambiguously include bitcoin. And, to the extent that legislative intent and statutory purpose are legitimate and permissible interpretive tools, they point to the same conclusion. See Mansy, 2017 WL 9672554, at *2. For these reasons, the Superseding Indictment does not fail to state a criminal offense against Freeman for operating an unlicensed money transmitting business, or conspiring to operate such a business, and the motion to dismiss is denied. Freeman's Rule 29 argument that the trial evidence was insufficient to support the jury's conclusion that he was engaged in "money transmitting" because the transactions involved bitcoin is unavailing for the same reasons.

### 2.    Major questions doctrine

Contending that the straightforward statutory interpretation principles outlined above "miss the point," Freeman asserts that the Supreme Court's recent decision in West Virginia v. EPA changed the legal landscape in such a way that FinCEN's 2013 interpretive guidance of its regulations must be invalidated. 142 S. Ct. 2587 (2022). Consequently, says Freeman, the indictment fails to state a criminal offense for violating § 1960. Freeman's argument overlooks the fact that the indictment neither depends on

---

[30] The allegedly unintended or "undesirable policy consequences" of following the statute's plain and ordinary meaning likewise do not control the interpretative analysis. Bostock v. Clayton Cnty., Georgia, 140 S. Ct. 1731, 1753 (2020) ("The place to make new legislation, or address unwanted consequences of old legislation, lies in Congress.").

nor references the FinCEN guidance, and the only agency arguably "interpreting" § 1960 for purposes of this prosecution is the Department of Justice, not FinCEN.  Indeed, the FinCEN guidance itself clarifies that it "explains only how FinCEN characterizes certain activities involving virtual currencies under the Bank Secrecy Act [31 U.S.C. § 5330] and FinCEN regulations" and "should not be interpreted as a statement by FinCEN about the extent to which those activities comport with other federal or state statutes, rules, regulations, or orders."[31]  Importantly, "the FinCEN Guidance does not even mention § 1960, much less purport to interpret the statute's use of the word 'funds.'"  Murgio, 209 F. Supp. 3d at 709.

Even if the FinCEN guidance mattered to this prosecution, however, the court is not persuaded by Freeman's arguments for at least three reasons.  First, FinCEN's regulatory interpretation is not a "major question."  Second, even if this were an extraordinary case of "deep economic and political significance," where, as here, the statutory language at issue is unambiguous, the court simply enforces the statute according to its terms and does not need to look to, let alone defer to, the agency's interpretation.  King v. Burwell, 576 U.S. 473, 486 (2015).  And third, FinCEN's interpretation is consistent with the clear statement of regulatory authority Congress granted it and thus does not run afoul of the major questions doctrine, to the extent that the doctrine applies.

---

[31] 2013 FinCEN Guidance at n.1.

### a)    Applicability

The major questions doctrine operates as something of an exception to Chevron deference.  "Deference under Chevron to an agency's construction of a statute that it administers is premised on the theory that a statute's ambiguity constitutes an implicit delegation from Congress to the agency to fill in the statutory gaps."  Brown & Williamson, 529 U.S. at 159 (citing Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 844 (1984)).  "In extraordinary cases, however, there may be reason to hesitate before concluding that Congress has intended such an implicit delegation."  Id.  Those extraordinary cases – "in which the history and the breadth of the authority that [the agency] has asserted, and the economic and political significance of that assertion" – call for a "different approach."  West Virginia, 142 S. Ct. at 2608.  "[S]omething more than a merely plausible textual basis for the agency action is necessary.  The agency instead must point to 'clear congressional authorization' for the power it claims."  Id. at 2609 (quoting Utility Air Regulatory Group v. EPA, 573 U.S. 302, 324 (2014)); but see Yeskey, 524 U.S. at 212 (noting that "in the context of an unambiguous statutory text," arguments concerning whether Congress has made its intention clear are "irrelevant").

The West Virginia majority simply concluded that it was "a major questions case" under "[its] precedents."  Id. at 2610.  In a concurrence joined by Justice Alito and relied on by Freeman,[32] however, Justice Gorsuch summarized, based on existing case law,

---

[32] See doc. no. 176 at 15.

certain factors for courts to consider when determining whether a case implicates a "major question." Id. at 2620 (Gorsuch, J., concurring) ("[O]ur cases supply a good deal of guidance about when an agency action involves a major question for which clear congressional authority is required."). These factors counsel against applying the doctrine here.

First, "the doctrine applies when an agency claims the power to resolve a matter of great 'political significance' or end an 'earnest and profound debate across the country.'" Id. (quoting Gonzalez v. Oregon, 546 U.S. 243, 267-268 (2006)). Whether one sub-agency out of thousands within the executive branch believes that businesses which transmit bitcoin for fiat currency must register with FinCEN can hardly be described as a matter of "great political significance."[33] Nor does it purport to end an earnest and profound national debate about regulating virtual currencies. That debate is just as vibrant now as it was prior to FinCEN issuing its guidance in 2013. Importantly, Congress has not "considered and rejected bills authorizing something akin to the agency's proposed course of action," which is often a "sign than an agency is attempting to work [a]round the legislative process to resolve for itself a question of great political significance." Id. at 2621 (cleaned up).

Second, major questions arise when an agency "seeks to regulate a significant portion of the American economy or require billions of dollars in spending by private

---

[33] Nor is this court in the best position to decide what constitutes a matter of great political significance.

persons or entities." Id. (cleaned up).  Freeman contends that FinCEN seeks to regulate a

significant portion of the economy through its interpretive guidance because as of

November 2021, non-state-issued digital assets had a combined market capitalization of

$3 trillion.  See doc. no. 176, at 10.  While undoubtedly a large figure, the argument

misses the mark.  FinCEN's exercise of regulatory authority does not target the entire $3

trillion virtual currency market.  Rather, it is directed at a fraction of market participants

who are in the business of transmitting virtual currencies and not already registered with

FinCEN.  Freeman does not attempt to quantify the portion of the virtual currency market

that FinCEN's interpretative guidance would actually affect.

Moreover, Freeman has presented no evidence that FinCEN's guidance would

require billions of dollars in spending by private persons or entities.  By contrast, in West

Virginia, EPA's exercise of authority would "force [dozens of] coal and gas-fired power

plants to cease [operating] altogether," "eliminate thousands of jobs by 2025," and "cause

consumers' electricity costs to rise by over $200 billion." Id. at 2621-22.  Freeman has

offered no evidence of similar downstream consequences here.

Third and finally, the "major questions doctrine may apply when an agency seeks

to intrud[e] into an area that is the particular domain of state law." Id. at 2621 (cleaned

up).  Freeman does not meaningfully argue, or present evidence, that regulation of

financial services entities and money transmitting businesses is an "area[ ] traditionally

regulated by the States." Id. (quoting Gregory, 501 U.S. at 459-460).  While Freeman is

correct that New Hampshire has chosen not to require similar businesses to register with

the State, that alone does not indicate that FinCEN is stepping into a particular domain of

state law.  The Federal Government and the States often regulate similar industries,

entities, or people, but sometimes regulate them differently.  Thus, unlike EPA's actions

in West Virginia, FinCEN's interpretive guidance does not create federalism concerns.

Id. at 2622 (finding that the "CPP unquestionably has an impact on federalism, as 'the

regulation of utilities is one of the most important of the functions traditionally associated

with the police power of the States.'") (quoting Arkansas Elec. Cooperative Corp. v.

Arkansas Pub. Serv. Comm'n, 461 U.S. 375, 377 (1983)).  For all of these reasons, the

major questions doctrine does not apply to FinCEN's interpretive guidance.

### b)   Unambiguous statutory language, not agency guidance, controls

The Supreme Court has recognized that even in "extraordinary cases" involving

questions of "deep economic and political significance," it is the court's "task to

determine the correct reading" of the statute at issue.  King, 576 U.S. at 486 (quoting

FDA v. Brown & Williamson Tobacco Corp., 529 U.S. 120, 159 (2000)).  "If the

statutory language is plain, [the court] must enforce it according to its terms."  Id.

(emphasis added); see also Biden v. Nebraska, 143 S. Ct. 2355, 2376 (2023) (Barrett, J.,

concurring) ("In this case, the Court applies the ordinary tools of statutory interpretation

to conclude that the HEROES Act does not authorize the Secretary's plan.  The major

questions doctrine reinforces that conclusion but is not necessary to it.") (emphasis

added).

Therefore, even assuming, without deciding, that this is such an extraordinary

case, as discussed above, see supra, § III, A, 1, the language of § 1960 and § 5330 is plain

and unambiguous, and the court enforces those statutes according to their terms.  The

statutes cover Freeman's conduct, and the prosecution could meet its burden of proving a violation of § 1960 by relying on the statutes alone. There is accordingly no need to look to, or rely upon, FinCEN's interpretive guidance on the related regulations. See Massachusetts v. E.P.A., 549 U.S. 497, 528-29 (2007) (rejecting EPA's reading of a statute based entirely on the unambiguous statutory text).

### c) FinCEN acted within its clear Congressional delegation of authority

Freeman contends that Congress did not provide a clear statement to the Treasury Department authorizing FinCEN's purportedly new regulatory authority until it amended § 5330(d) in 2021. But assuming, without deciding, that FinCEN's interpretive guidance[34] is a question of major economic and political significance, the agency had "clear congressional authorization" to regulate in such a manner prior to 2021. West Virginia, 142 S. Ct. at 2609 (quoting Utility Air, 573 U.S. at 324).

"Extraordinary grants of regulatory authority are rarely accomplished through 'modest words,' 'vague terms,' [ ] subtle device[s]," or "ambiguous statutory text." West Virginia, 142 S. Ct. at 2609 (quoting Whitman v. American Trucking Association, 531 U.S. 457, 468 (2001)). No such modesty, subtlety, or ambiguity exists here. "Section

---

[34] It is not clear that the major questions doctrine applies to an agency's interpretative guidance on a regulation (as opposed to its construction of a statute or creation of a new regulation), which do not have the force of law. See Perez v. Mortgage Bankers Ass'n, 135 S. Ct. 1199, 1204 (2015). Interpretive guidance does not "create new law, right[s] or duties," but "merely clarif[ies] an existing statute or regulation." United States v. Lott, 750 F.3d 214, 217 (2d Cir. 2014) (citation omitted). Because the 2013 FinCEN guidance is arguably an act of regulatory authority, however, the court assumes, without deciding, that it could be subject to challenge under the major questions doctrine.

5330 governs the registration of money transmitting businesses with [FinCEN], E-Gold, 550 F. Supp. 2d at 96, and expressly does so by authorizing the Secretary of the Treasury to "prescribe, by regulation, the form and manner for registering a money transmitting business." 31 U.S.C. § 5330(a)(2). As discussed above, the statute in effect at the time of Freeman's conduct broadly defined "money transmitting businesses" as "any other person who engages as a business in the transmission of funds, including any person who engages as a business in an informal money transfer system or any network of people who engage as a business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system." 31 U.S.C § 5330(d), Pub. L. No. 107-56, 115 Stat. 272, 328 (2001). Therefore, the "regulations clarify the scope of Section 5330," which by its plain text covers a broad swath of activities, persons, and entities. E-Gold, 550 F. Supp. 2d at 96.

Freeman does not argue that this statutory language is vague or ambiguous, nor does he develop his argument beyond simply concluding that the language is "cryptic." Indeed, he does not offer an alternative construction, and even if he had, "genuine ambiguity requires more than a possible alternative construction." United States v. Jimenez, 507 F.3d 13, 21 (1st Cir. 2001). He instead contends that because bitcoin did not exist in 2001, Congress could not have intended to confer on FinCEN the authority to regulate money transmitting businesses that use virtual currency. See doc. no. 176, at 19-21. But the court has already rejected that argument. See supra, § III, A, 1 (quoting Yeskey, 524 U.S. at 212); see also Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 499 (1985) ("[T]he fact that RICO has been applied in situations not expressly anticipated by

Congress does not demonstrate ambiguity.  It demonstrates breadth.”); United States v. Southwestern Cable Co., 392 U.S. 157, 172 (1968) (noting that while Congress could not have foreseen the development of new communications technologies when it passed the Communications Act in 1934, it gave the FCC broad authority to regulate such a “new and dynamic” field through the administrative process).  There is thus more than a “colorable textual basis” in § 5330 authorizing FinCEN to issue the interpretive guidance challenged here.  West Virginia, 142 S. Ct. at 2609.

With clear authorization from Congress to regulate (and require registration of) money transmitting businesses, FinCEN acted well within its long-established regulatory authority by issuing the 2013 Guidance.  That stands in stark contrast to EPA’s actions in West Virginia, other recent major questions cases, and the purpose of the doctrine altogether.

The major questions doctrine purports to address a “particular and recurring problem:  agencies asserting highly consequential power beyond what Congress could reasonably be understood to have granted.”  West Virginia, 142 S. Ct. at 2609.  For example, in West Virginia, the majority found that EPA was attempting to “discover in a long-extant statute an unheralded power” to “restructure the American energy market,” which was a “transformative expansion of [its] regulatory authority.”  Id. at 2610 (quoting Utility Air, 573 U.S. at 324).  EPA, through its rule, was effectively mandating energy generation by natural gas, wind, solar, or other non-coal-fired sources.  In that way, the EPA was not simply regulating pollutants or pollution emissions.  It was getting into the business of making policy judgments as to the makeup of the country’s energy

production industry and effectively ordering the eventual shuttering of a major segment of the nation's existing power generation sources.  EPA sought this "newfound power" in an ancillary provision of the Clean Air Act that "had rarely been used in the preceding decades."  Id.  And the agency's exercise of authority "allowed it to adopt a regulatory program that Congress had conspicuously and repeatedly declined to enact itself."  Id.

None of these factors is present here.  FinCEN's guidance does not represent an expansion of regulatory authority into some unforeseen area of the economy or an area beyond the agency's normal expertise and subject matter.  By regulating money transmitting businesses that use bitcoin, FinCEN is simply applying its existing regulatory authority to a different type of funds.  Regulating money transmitting businesses that exchange bitcoin for fiat currency therefore fits squarely within FinCEN's "congressionally assigned mission and expertise."  West Virginia, 142 S. Ct. at 2623 (Gorsuch, J., concurring).

Nor is FinCEN "attempt[ing] to deploy an old statute focused on one problem to solve a new and different problem," which "may be a warning sign that it is acting without clear congressional authority."  Id.  The "problem" here is neither new nor different and the statute has been used to solve these exact problems since its inception. The same could not be said in other recent major questions cases.  For example, the CDC (a public health agency) did not have statutory authority to regulate the housing market through an eviction moratorium.  See Alabama Ass'n of Realtors v. Dep't of Health & Hum. Servs., 141 S. Ct. 2485, 2488-89 (2021).  And OSHA (an agency charged with regulating workplace safety) did not have the authority to set the "broad public health

measure" of a COVID vaccine mandate.  See Nat'l Fed'n of Indep. Bus. v. Dep't of Lab., Occupational Safety & Health Admin., 142 S. Ct. 661, 665 (2022).

Moreover, while Congress recently amended § 5330(d) to explicitly encompass businesses that transmit virtual currencies, it has not "considered and rejected" such bills in the past.  If it had, that would suggest that FinCEN was attempting a regulatory work around these prior legislative failures.  Congress instead amended the statute in 2021 to allow FinCEN "to continue" its regulatory objectives of "safeguard[ing] the financial system from illicit activity, counter[ing] money laundering and the financing of terrorism, and promot[ing] national security" and address the fact that criminals are "increasingly rely[ing] on [virtual currencies] . . . to move illicit funds."  Pub. L. No. 116-283, 134 Stat. 3388, 4552 (2021) (emphasis added).  The amendment therefore reinforced and clarified FinCEN's existing regulatory authority; it did not create new, previously unrecognized authority.  As a result, to the extent the major questions doctrine applies to FinCEN's actions, the agency did not violate the doctrine's core principles.  Freeman's motion to dismiss and Rule 29 motion for judgment of acquittal on the unlicensed money transmitting business counts are therefore denied for these additional reasons.

## B.    Remainder of Freeman's motion for judgment of acquittal

Freeman also moves for judgment of acquittal as to the remaining counts in the Superseding Indictment (Counts 3-8).  The court grants the motion with respect to the

money laundering count (Count 3) as detailed below, and otherwise denies the motion for

the reasons stated on the record and in the prosecution's briefs and oral argument.[35]

The money laundering charge is brought under 18 U.S.C. § 1956(a)(3)(B), which

makes it a federal crime for an individual:

> with the intent . . . to conceal or disguise the nature, location, source, ownership,
> or control of property believed to be the proceeds of specified unlawful
> activity . . .  [,] [to] conduct[ ] or attempt[ ] to conduct a financial transaction
> involving property represented to be the proceeds of specified unlawful activity, or
> property used to conduct or facilitate specified unlawful activity . . . .

As previously discussed, the prosecution charges Freeman with money laundering based

on an undercover agent's August 25, 2020 transaction at one of Freeman's bitcoin

exchange machines, located at Thirsty Owl in Keene, New Hampshire.  Freeman argues

that the money laundering conviction cannot stand, as the prosecution did not provide

sufficient evidence that Freeman knew that the August 25 transaction took place.

This argument hinges on the mens rea requirement that attaches to the criminal

actus reus of "conduct[ing] a financial transaction."  On its face, the statute is silent as to

whether conviction requires that the defendant have knowledge that a money laundering

transaction occurred.  In construing criminal statutes, however, courts do not treat such

silence as dispositive, given the "longstanding presumption, traceable to the common

law, that Congress intends to require a defendant to possess a culpable mental state

regarding 'each of the statutory elements that criminalize otherwise innocent conduct.'"

---

[35] See Prosecution Objection to the Rule 29 Motion (doc. no. 266); Prosecution Response to the
Rule 29 Motion (doc. no. 254); Trial Tr. Day 8 Morning (doc. no. 282) at 48:1-81:9 (oral
argument on the Rule 29 motion).

Rehaif v. United States, 139 S. Ct. 2191, 2195 (2019) (quoting United States v. X-Citement Video, Inc., 513 U.S. 64, 72 (1994)).  Accordingly, where criminal statutes are "silent on the required mental state[,]" courts "read into [the] criminal statute[ ] . . . that mens rea which is necessary to separate wrongful conduct from otherwise innocent conduct."  Ruan v. United States, 142 S. Ct. 2370, 2377 (2022) (quoting Elonis v. United States, 575 U.S. 723, 736 (2015)).  Specifically, "the mens rea [courts] have read into such statutes is often that of knowledge or intent."  Id. (citing cases).  Applying this principle here, Freeman cannot be convicted of money laundering unless he knowingly conducted a prohibited financial transaction, which includes possessing knowledge that the August 25 transaction occurred.  Significantly, the prosecution agrees with this reading of the statute.  Indeed, the Superseding Indictment alleged that Freeman "knowingly conducted"[36] the August 25 transaction, and the jury instructions repeated the same language without objection from the prosecution.[37]

Having established the culpable mental state required under the statute, the court turns to the evidence and the parties' arguments regarding its sufficiency.  The parties submitted briefs on the Rule 29 motion for acquittal following Freeman's conviction.  With respect to the money laundering count, the prosecution essentially argued that

---

[36] Doc. no. 139 at ¶ 31 (emphasis added).

[37] See Final Jury Instructions (doc. no. 256) at 31 ("Count 3 of the Indictment charges Mr. Freeman with the crime of money laundering.  The Indictment charges that, on or about August 25, 2020, . . . the defendant knowingly conducted a financial transaction involving property represented by an authorized agent of the United States government to be proceeds of unlawful activity . . . .").

Freeman participated in the August 25 transaction by giving the undercover agent permission to use the Thirsty Owl machine, with knowledge that the agent's purpose in purchasing bitcoin was to hide the source of illegal funds.[38]  The prosecution's initial briefing did not focus, however, on whether Freeman knew that the August 25 transaction <u>actually took place</u>, as opposed to whether it was intended to conceal or disguise.  Given that this is a close call, the court permitted the parties to submit supplemental briefing on this specific issue.

In its supplemental brief, the prosecution recognized that it must prove that Freeman "knowingly participated in a financial transaction" under the statute.[39]  Tellingly, in reciting supporting evidence adduced at trial, the prosecution continued to focus on Freeman's grant of permission to the agent to use the machine and the intent to conceal illegal funds—not on Freeman's knowledge that the transaction in fact occurred.

For example, the prosecution pointed out, and the evidence shows, that Freeman told the agent about his bitcoin exchange machines and assured him that he could purchase large values of bitcoin through the machines anonymously.  Freeman also expressed that he had "general knowledge that his machines were used to launder funds and facilitate frauds."[40]  Further, after learning of the illegal source of the agent's funds,

---

[38] This "intent . . . to conceal or disguise the nature, location, source, ownership, or control of" the subject funds involves a second, specific mens rea under the money laundering statute.  18 U.S.C. § 1956(a)(3)(B).  Freeman does not argue that the evidence was insufficient to prove that element, and it is thus not the subject of this motion.

[39] Prosecution Supp. Br. (doc. no. 316) at 1.

[40] Id. at 5.

Freeman spoke cryptically about continuing to sell bitcoin to the agent.  Freeman asserted that he could not knowingly permit further transactions, and he placed emphasis on the word "knowingly," but he did not clearly and directly refuse to sell to the agent.  Viewing "the communications in their entirety," the prosecution argued that "it was a rational construction of the evidence for the jury to conclude that the defendant provided the officer with a wink-and-nod to use the machine when he said, 'I can't tell you that you can use [that].'"[41]

True enough.  But noticeably absent in the evidence presented at trial and highlighted by the prosecution is proof that Freeman knew that the August 25 transaction occurred.  Indeed, Freeman did not witness the August 25 transaction personally, as he was some miles away from where it took place.  Nor is there evidence showing, or creating the inference that, someone else (including the undercover agent himself) witnessed the transaction and informed Freeman of it.  Further, at trial, the prosecution presented financial records and documents seized from Freeman's home and home office.  If these records were in Freeman's possession and confirmed that the August 25 transaction occurred, the jury arguably could have inferred that Freeman possessed the requisite knowledge regarding the transaction.  But none of the records or documents confirmed this key fact, a required element of proof.

Further, the prosecution has not argued, and it would be a mistake to argue, that the evidence going to Freeman's knowledge of the concealment of the source of the

---

[41] Id.

subject funds implicitly proves knowledge of the transaction's occurrence.  Indeed, a person can have full knowledge of an individual's intent to conceal aspects of an upcoming transaction without ever knowing that the transaction took place.

In analyzing this deficiency in the evidence, the court bears in mind that the prosecution brought this charge based on an undercover operation.  In this context, the prosecution and the agent had ample opportunity to avoid this gap in their evidence by having the agent communicate with Freeman after the transaction took place, to confirm its occurrence.  By all accounts, such a conversation did not occur.  If it did occur, the prosecution presented no evidence of it.

In the face of this failure of proof, the prosecution attempts to salvage the money laundering charge through evidence of two occasions in January and February 2021, in which Freeman alerted his "confederates" over Telegram that large transactions were completed at bitcoin machines that were not the Thirsty Owl machine.[42]  The prosecution argues that "[t]he jury could infer [from these communications] that the defendant monitored the transactions into his machines and knew that a large transaction occurred on August 25, 2020."[43]  This evidence is not sufficient to support the conviction, and instead arguably cuts against the prosecution's position.  The absence of comparable evidence of Freeman's communications regarding the sizable August 25 transaction

---

[42] Doc. no. 316 at 6 n.2 (citing Trial Exs. 862, 863).

[43] Id.

weighs against the inference that he was either: (1) monitoring the machine that day, or (2) uncovered evidence that the transaction occurred.

As a final note, the court's analysis and conclusion are not disturbed or affected by the language in 18 U.S.C. § 1956(a)(3)(B) that makes it a crime to "attempt[ ] to conduct" a money laundering transaction. The prosecution confirmed at trial that it did not charge Freeman with an attempted money laundering offense.[44] And the Superseding Indictment did not track the statutory language by alleging that Freeman attempted to conduct a transaction under the statute. Instead, it alleged that he knowingly conducted such a transaction. Consistent with this, the prosecution does not argue that the evidence is sufficient to convict Freeman of an attempted offense, which would have required proof of Freeman's "intent to commit the substantive offense[,]" along with a "substantial step towards its commission." United States v. Turner, 501 F.3d 59, 68 (1st Cir. 2007) (internal quotation omitted).

In sum, based on the above construction of the subject statute, with which the prosecution agrees, the money laundering count required proof beyond a reasonable doubt that Freeman had knowledge that the August 25 transaction took place. The jury was ultimately left without sufficient evidence of Freeman's mental state on this matter. The court accordingly grants the motion for judgment of acquittal as to Count 3.

---

[44] Doc. no. 282 at 53:8-12.

## IV.    <u>Conclusion</u>

For the reasons stated above, Freeman's oral and written[45] motions for judgment

of acquittal are GRANTED-IN-PART as to Count 3 and DENIED-IN-PART as to the

remaining counts.  Freeman's motion to dismiss[46] is DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  August 22, 2023

cc:    Georgiana MacDonald, AUSA
       Seth R. Aframe, AUSA
       John J. Kennedy, AUSA
       Michael T. McCormack, AUSA
       Mark L. Sisti, Esq.
       Richard Guerriero, Esq.

---

[45] Doc. no. 265.

[46] Doc. no. 176.